Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorney for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | **COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** |

1.   This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff seeks the expedited processing and release of records that Plaintiff requested from Defendant Department of Justice and its components, Office of Legal Counsel, Office of Information Policy, and Federal Bureau of Investigation, concerning the agency's interpretation and use of Section 215 of the USA PATRIOT Act.  The requested records concern a matter about which there is an "urgency to inform the public about an actual or alleged [f]ederal [g]overnment activity," and the requests were "made by a person primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). Expedition is also warranted because the request involves a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R.

§ 16.5(d)(1)(iv). Therefore, Plaintiff is statutorily entitled to the expedited treatment it seeks.

## PARTIES

2. Plaintiff Electronic Frontier Foundation (EFF) is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3. Defendant Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Office of Legal Counsel (OLC), Office of Information Policy (OIP),[1] and Federal Bureau of Investigation (FBI) are components of Defendant DOJ.

## JURISDICTION

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Plaintiff is headquartered.

//

//

---

[1] The Office of Information Policy has primary responsibility for handling FOIA requests submitted to the Office of the Attorney General, Deputy Attorney General, and Associate Attorney General, as well as the Office of Legislative Affairs and the Office of Legal Policy. By letter dated June 29, 2011, Office of Legal Policy informed Plaintiff that it had no records responsive to Plaintiff's request. Thus, Plaintiff's complaint does not include the Office of Legal Policy.

# FACTUAL ALLEGATIONS

## Section 215 of the USA PATRIOT Act

7. Since its passage in 2001, the USA PATRIOT Act (the "Patriot Act"), Pub. L. No. 107-56, 115 Stat. 272 (codified in various sections), has engendered controversy. In particular, the government's use of one provision — Section 215 — has consistently sparked concern among elected officials, civil liberties advocates, and citizens.

8. Section 215 of the Patriot Act, which amended the Foreign Intelligence Surveillance Act ("FISA"), Pub. L. No. 95-511, 92 Stat. 1783 (codified in §§ 50 U.S.C. 1801 - 1885) provides the FBI with the power to obtain a court order for "any tangible thing" upon a showing that the requested items are "relevant to an authorized [counterintelligence or counterterrorism] investigation." 50 U.S.C. § 1861(a)(1), (b)(2)(A). Section 215 — along with Section 206 (the "roving wiretap" provision) of the Patriot Act and the "lone wolf" provision of the Intelligence Reform and Terrorism Prevention Act of 2004 — was initially schedule to sunset in 2005, but, after brief extensions, was subsequently reauthorized for four additional years.

9. In 2009, DOJ attorneys publicly disclosed that Section 215 orders were being used to support a "sensitive collection program." Statement of Todd Hinnen, Deputy Assistant Attorney General, House Judiciary Committee, "The USA PATRIOT Act," (September 22, 2009).[2] Shortly after this disclosure, elected officials briefed on the government's interpretation of Section 215 began to question the legitimacy of the government's use of its expanded Patriot Act powers. Senator Richard Durbin, a member of the Senate Judiciary Committee, stated that the government's use of "Section 215 is unfortunately cloaked in secrecy. Some day that cloak will be lifted, and future generations will ask whether our actions today meet the test of a democratic society: transparency, accountability, and fidelity to the rule of law and our Constitution." Remarks of Sen. Richard Durbin, Senate Judiciary Committee "Executive Business Meeting," (October 1, 2009).[3]

---

[2] *Available at* http://www.justice.gov/ola/testimony/111-1/2009-09-22-nsd-hinnen-patriot-act.pdf
[3] *Available at* http://judiciary.senate.gov/resources/webcasts/index.cfm?changedate=09-28-09&p=all (beginning at 68:00).

10. Similarly, then-Senator Russ Feingold, a member of both the Senate Judiciary Committee and the Senate Select Committee on Intelligence, stated: there "is information about the use of Section 215 orders that I believe Congress and the American people deserve to know . . . before we decide whether and in what form to extend these authorities, Congress and the American people deserve to know at least basic information about how they have been used." Statement of Sen. Russ Feingold, Senate Judiciary Committee Hearing, "Reauthorizing the USA PATRIOT Act: Ensuring Liberty and Security," September 23, 2009.[4] Despite the Senators' admonitions, Section 215 was reauthorized until 2011.

11. In May 2011, during truncated debate on the reauthorization of the three expiring provisions, two Senators on the Senate Select Committee on Intelligence again voiced concerns about the government's use of 215 orders. In an interview, Senator Ron Wyden stated that he was "extremely interested in reforming [Section 215]" and that "the public has a right to public debate about" the government's interpretation and use of Section 215. Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, WIRED (May 27, 2011).[5] Then, in a speech on the Senate floor, Senator Wyden declared:

> I want to deliver a warning this afternoon: when the American people find out how their government has secretly interpreted the Patriot Act, they will be stunned and they will be angry. . . . The fact is that anyone can read the plain text of the Patriot Act, and yet many members of Congress have no idea how the law is being secretly interpreted by the executive branch[.]

Statement of Sen. Ron Wyden, On Patriot Act Reauthorization (May 26, 2011).[6] Senator Mark Udall echoed similar concerns about the scope of Section 215: "Congress is granting powers to the Executive Branch that lead to abuse, and frankly shield the Executive Branch from accountability . . . I cannot believe that we are once again being rushed into rubber-stamp policies that threaten the liberty of the American people." Statement of Sen. Mark Udall, On Patriot Act

---

[4] *Available at* http://judiciary.senate.gov/hearings/testimony.cfm?id=e655f9e2809e5476862f735da1501403&wit_id=e655f9e2809e5476862f735da1501403-0-1.
[5] *Available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.
[6] *Available at* http://wyden.senate.gov/newsroom/press/release/?id=34eddcdb-2541-42f5-8f1d-19234030d91e.

Reauthorization (May 26, 2011).[7]

12. Senators Wyden and Udall co-sponsored an amendment to the reauthorization of the Patriot Act. The amendment would have required government officials to "not secretly reinterpret public laws and statutes in a manner that is inconsistent with the public's understanding of these laws, and [to] not describe the execution of these laws in a way that misinforms or misleads the public." S.A. 339 to S. 1038, 112th Cong. § 3 (2011). The amendment would have also required the Attorney General to publish "the legal basis for the intelligence collection activities described in [a] February 2, 2011 report [from the Attorney General and Director of National Intelligence regarding intelligence collection authorities scheduled to expire under Section 224 of the Patriot Act]." *Id.* Again, over the objection of Senators briefed on the government's interpretation and use of Section 215, the three expiring provisions of the Patriot Act were extended until 2014.

13. On September 21, 2011, Senators Wyden and Udall sent a joint letter to Attorney General Eric Holder describing the DOJ's pattern of "misleading statements pertaining to the government's interpretation" of Section 215. Letter from Sens. Wyden and Udall to Attorney General Eric Holder (Sept. 21, 2011).[8] The Senators expressed particular concern with representations made by the DOJ analogizing the use of Section 215 to grand jury subpoenas, as well as with DOJ statements denying that Section 215 had not been subject to a secret legal interpretation by the DOJ. *Id.* The Senators closed by urging DOJ to "avoid a negative public reaction and erosion of confidence in US intelligence agencies" by "initiat[ing] an informed public debate about these authorities today." *Id.*

**Plaintiff's FOIA Requests and Requests for Expedited Processing**

14. In letters dated June 2, 2011 and sent by email to the OLC, OIP, and FBI, Plaintiff requested under the FOIA all agency records (including, but not limited to, electronic records) created from January 1, 2004 to the present discussing, concerning, or reflecting the DOJ or any of its component's interpretation or use of Section 215 orders, including:

---

[7] *Available at* http://markudall.senate.gov/?p=press_release&id=1090.
[8] *Available at* http://wyden.senate.gov/download/?id=a3670ed3-9f65-4740-b72e-061c7de83f75.

(1) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record describing the types of "tangible things" which the DOJ or any of its components has sought or has the authority to seek through Section 215 orders, whether "pure" or "combination" orders (i.e., a 215 order made in conjunction with a pen register/trap and trace order);

(2) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the use of Section 215 orders to further any "sensitive collection program," as referenced above;

(3) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record relating to the scope of the FBI's authority under Section 215 or the legal basis for "sensitive collection programs" supported by Section 215 orders, including any briefings provided to the Senate Select Committee on Intelligence or the Senate Judiciary Committee, including the February 2, 2011 report described above;

(4) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to modifications by the Foreign Intelligence Surveillance Court to applications for Section 215 orders submitted by the FBI;

(5) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the Foreign Intelligence Surveillance Court's refusal to grant any applications for Section 215 orders submitted by the FBI;

(6) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the FBI's withdrawal of any applications for Section 215 orders from the Foreign Intelligence Surveillance Court;

(7) All reports, memoranda, guidance, presentation, legal briefs, emails or any other record related to the number of U.S. persons identified as subjects in Section 215 orders and the number of non-U.S. persons identified as subjects in Section 215 orders;

(8) Copies of any invoices, receipts, bills, or any other similar document sent to the FBI by any business or organization in order to be reimbursed for the cost of compliance with a Section 215 order.

15. In its June 2 letters, Plaintiff also formally requested that the processing of these requests be expedited because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the requests were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I),

(v)(II); 28 C.F.R. § 16.5(d)(1)(ii). Plaintiff also requested expedited processing because the requests involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(d)(1)(iv).

16. On information and belief, OLC, OIP, and FBI received Plaintiff's request letters, described in paragraphs 14 & 15, on June 3, 2011.

17. By letter dated June 15, 2011, OLC acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing.

18. By letter dated June 13, 2011, OIP acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing.

19. By letter dated June 22, 2011, FBI acknowledged receipt of Plaintiff's FOIA request. By letter dated July 6, 2011, FBI granted Plaintiff's request for expedited processing. By letter dated July 6, 2011 and sent under separate cover, FBI denied Plaintiff's request for a public interest fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. §16.11(k)(1). By letter dated August 30, 2011 and sent via facsimile, Plaintiff appealed FBI's fee waiver denial.

20. Despite each component's grant of expedited processing, after nearly five months, none of the components has yet processed and released records responsive to EFF's FOIA request. Not only has Defendant failed to expedite the processing of Plaintiff's requests, it has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request

21. Plaintiff has exhausted the applicable administrative remedies with respect to all of its FOIA requests referenced herein.

22. Defendant has wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Failure to Expedite Processing**

23. Plaintiff repeats and realleges paragraphs 1-22.

24. Defendant has violated the FOIA by failing to expedite the processing of Plaintiff's FOIA requests.

25. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's failure to expedite the processing of Plaintiff's requests.

26. Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

27. Plaintiff repeats and realleges paragraphs 1-22.

28. Defendant has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

29. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

30. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**Violation of the Freedom of Information Act for Wrongful Denial of Plaintiff's Fee Waiver**

31. Plaintiff repeats and realleges paragraphs 1-22.

32. Defendant has wrongfully denied Plaintiff's request for a public interest fee waiver.

33. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's denial of Plaintiff's public interest fee waiver.

34. Plaintiff is entitled to a waiver of all fees associated with the processing and release of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. order Defendant and its components to process immediately the requested records in their entirety;

2. order Defendant and its components, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3. order Defendant and its components to waive all fees associated with the processing

and release of the requested records;

4. provide for expeditious proceedings in this action;

5. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

6. grant such other relief as the Court may deem just and proper.

DATED: October 26, 2011

Respectfully submitted,

By: _____
Jennifer Lynch, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION