TONY WEST
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0167
Facsimile: (202) 616-8470
Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELECTRONIC FRONTIER FOUNDATION, | ) | No. C 11-5221 SBA |
|---|---|---|
| Plaintiff, | ) ) ) ) | **ANSWER TO THE FIRST AMENDED COMPLAINT** |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) ) | |

    Defendant the United States Department of Justice ("DOJ"), by and through its undersigned counsel, answers plaintiff's First Amended Complaint upon information and belief as follows:

**FIRST DEFENSE**

    The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

    The information that defendant has withheld, or will withhold, in response to plaintiff's FOIA request is, or will be, properly withheld under exemptions to FOIA. See 5 U.S.C.

*Case No. C 11 5221 SBA*
*Answer to the First Amended Complaint*

§ 552(b).

**THIRD DEFENSE**

The complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operations of the defendant's automated systems. *See* 5 U.S.C. § 552(a)(3)(c).

**FOURTH DEFENSE**

Defendant has exercised due diligence in processing plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for the components of defendant to complete their processing of the FOIA request. *See* 5 U.S.C. § 552(a)(6)(c).

**FIFTH DEFENSE**

Using the same numbering system as the First Amended Complaint, defendant responds to the numbered paragraphs as follows:

1.  The allegations of paragraph 1 constitute plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a further response is required, defendant denies the allegations of paragraph 1, except admits that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, and avers that plaintiff seeks processing and release of records that plaintiff has requested from defendant and its components, the Office of Legal Counsel ("OLC"), Office of Information Policy ("OIP"), National Security Division ("NSD"), and Federal Bureau of Investigation ("FBI"), concerning Section 215 of the USA PATRIOT Act.

2.  Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 2.

3.  Admits the allegations contained in the body of paragraph 3 and in the first sentence of footnote 1. Denies the second sentence of footnote 1. By way of further answer, avers that by letter dated June 29, 2011, an OIP official informed plaintiff that in response to plaintiff's FOIA request a search was conducted in OLP and no responsive records were found. The third sentence of footnote one contains plaintiff's characterization of its complaint and this action, to which no response is required.

4. The allegations contained in paragraph 4 constitute plaintiff's conclusions of law regarding subject matter jurisdiction, to which no response is required.

5. The allegations contained in paragraph 5 constitute plaintiff's conclusions of law regarding venue, to which no response is required.

6. The allegations contained in paragraph 6 constitute plaintiff's conclusions of law regarding intradistrict assignment, to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 because plaintiff has not defined its intended meaning of "controversy" and "consistently sparked concern."

8. The allegations contained in paragraph 8 constitutes plaintiff's characterization of Sections 206 and 215 of the USA PATRIOT Act and a provision of the Intelligence Reform and Terrorism Prevention Act of 2004, to which defendant respectfully refers the Court for complete and accurate descriptions of their contents.

9. The allegations contained in the first sentence of paragraph 9 constitute plaintiff's characterization of the Congressional testimony of then-Deputy Assistant Attorney General Todd Hinnen, to which defendant respectfully refers the Court for a complete and accurate description of its contents. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 9 because plaintiff has not identified the "elected officials" to whom it refers. The balance of this paragraph constitutes plaintiff's characterization of alleged statements of Senator Durbin, and defendant respectfully refers the Court to relevant congressional records for a complete and accurate description of the contents of Senator Durbin's statements.

10. The allegations contained in the first sentence of paragraph 10 constitute plaintiff's characterization of alleged statements of then-Senator Feingold, and defendant respectfully refers the Court to relevant congressional records for a complete and accurate description of the contents of Senator Feingold's statements. Defendant avers that in 2009 Section 215 of the USA PATRIOT Act was reauthorized by law until 2011.

11. The allegations contained in paragraph 11 constitute plaintiff's characterization of

*Case No. C 11 5221 SBA*
*Answer to the First Amended Complaint*  3

alleged statements of Senators Wyden and Udall, and defendant respectfully refers the Court to relevant congressional records for a complete and accurate description of the Senators' statements, and to the cited article in *Wired* magazine for a complete and accurate description of its contents, except defendant lacks knowledge or information sufficient to confirm or deny that Congressional debate in May 2011 was "truncated" because plaintiff has not defined this term.

12. The allegations contained in paragraph 12 constitute plaintiff's characterization of a proposed amendment to legislation considered by Congress and of the vote on that legislation, and defendant respectfully refers the Court to relevant congressional records for a complete and accurate description of the proposed amendment.

13. The allegations contained in paragraph 13 constitute plaintiff's characterization of a letter from Senators Wyden and Udall to the Attorney General, and defendant respectfully refers the Court to the letter for a complete and accurate description of its contents.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of its June 2, 2011 FOIA Request ("the FOIA request"), and defendant respectfully refers the Court to the FOIA Request for a complete and accurate description of its contents.

15. The allegations contained in paragraph 15 constitute plaintiff's characterization of the FOIA Request, and defendant respectfully refers the Court to the FOIA Request for a complete and accurate description of its contents.

16. The allegations contained in paragraph 16 constitute plaintiff's characterization of a letter from a DOJ OLC official dated June 15, 2011, and defendant respectfully refers the Court to the June 15, 2011 letter for a complete and accurate description of its contents.

17. The allegations contained in paragraph 17 constitute plaintiff's characterization of a letter from a DOJ OLC official dated June 15, 2011, and defendant respectfully refers the Court to the June 15, 2011 letter for a complete and accurate description of its contents.

18. Admits. By way of further answer, to the extent the allegations of paragraph 18 refer to defendant's response to plaintiff's FOIA request directed at OLC, defendant avers that in communication with OLC, plaintiff agreed to narrow the scope of its FOIA request to OLC to opinions and legal memoranda concerning Section 215 of the USA PATRIOT Act. Defendant

*Case No. C 11 5221 SBA*
*Answer to the First Amended Complaint*                                                                                                    4

further avers that, by letter dated November 16, 2011, OLC informed plaintiff that OLC had searched its files and found two documents responsive to plaintiff's FOIA request, as narrowed by plaintiff. OLC further informed plaintiff that both responsive documents were withheld in full pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and that both documents were protected by the attorney-client privilege and the deliberative process privilege.

19. The allegations contained in paragraph 19 constitute plaintiff's characterization of a letter from a DOJ OIP official dated June 13, 2011, and defendant respectfully refers the Court to the June 13, 2011 letter for a complete and accurate description of its contents.

20. The allegations contained in paragraph 20 constitute plaintiff's characterization of a letter from a DOJ OIP official dated June 13, 2011, and defendant respectfully refers the Court to the June 13, 2011 letter for a complete and accurate description of its contents.

21. The allegations contained in paragraph 21 constitute plaintiff's characterization of a letter from a DOJ OIP official dated June 29, 2011, and defendant respectfully refers the Court to the June 29, 2011 letter for a complete and accurate description of its contents.

22. Admits.

23. The allegations contained in paragraph 23 constitute plaintiff's characterization of a letter from a DOJ NSD official dated June 6, 2011, and defendant respectfully refers the Court to the June 6, 2011 letter for a complete and accurate description of its contents.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of a letter from a DOJ NSD official dated June 6, 2011, and defendant respectfully refers the Court to the June 6, 2011 letter for a complete and accurate description of its contents.

25. The allegations contained in paragraph 25 constitute plaintiff's characterization of a letter from a DOJ NSD official dated August 22, 2011, and defendant respectfully refers the Court to the August 22, 2011 letter for a complete and accurate description of its contents.

26. The allegations contained in paragraph 26 constitute plaintiff's characterization of plaintiff's letter dated October 3, 2011, and defendant respectfully refers the Court to the October 3, 2011 letter for a complete and accurate description of its contents.

27. The allegations contained in paragraph 27 constitute plaintiff's characterization of

1 a letter from a DOJ OIP official dated October 13, 2011, and defendant respectfully refers the
2 Court to the October 13, 2011 letter for a complete and accurate description of its contents.
3     28.    Admits.
4     29.    The allegations contained in paragraph 29 constitute plaintiff's characterization of
5 a letter from an FBI official dated June 22, 2011, and defendant respectfully refers the Court to
6 the June 22, 2011 letter for a complete and accurate statement of its contents.
7     30.    The allegations contained in paragraph 30 constitute plaintiff's characterization of
8 a letter from an FBI official dated July 6, 2011, and defendant respectfully refers the Court to the
9 July 6, 2011 letter for a complete and accurate statement of its contents.
10     31.    The allegations contained in paragraph 31 constitute plaintiff's characterization of
11 a letter from an FBI official dated July 6, 2011, and defendant respectfully refers the Court to the
12 July 6, 2011 letter for a complete and accurate statement of its contents.
13     32.    The allegations contained in paragraph 32 constitute plaintiff's characterization of
14 its letter dated August 30, 2011, and defendant respectfully refers the Court to the August 30,
15 2011 letter for a complete and accurate statement of its contents.
16     33.    The allegations contained in paragraph 33 constitute plaintiff's characterization of
17 a letter from a DOJ OIP official dated September 8, 2011, and defendant respectfully refers the
18 Court to the September 8, 2011 letter for a complete and accurate statement of its contents.
19     34.    The allegations contained in paragraph 34 constitute plaintiff's characterization of
20 a letter from a DOJ OIP official dated October 24, 2011, and defendant respectfully refers the
21 Court to the October 24, 2011 letter for a complete and accurate statement of its contents.
22     35.    Admits.
23     36.    Defendant denies the allegations of paragraph 36 except to admit that OIP and
24 FBI have not yet completed processing plaintiff's FOIA request and that OIP, FBI and OLC have
25 not released any responsive records to plaintiff to date. By way of further answer, defendant
26 avers that OLC has completed processing plaintiff's FOIA request, as narrowed by plaintiff, and
27 located two responsive records that are exempt from release under FOIA Exemption 5, 5 U.S.C.
28 § 552(b)(5).

*Case No. C 11 5221 SBA*
*Answer to the First Amended Complaint*     6

37. Defendant denies the allegations of paragraph 37 except to admit that NSD produced to plaintiff 14 pages of records that are responsive to the FOIA request and that were publicly available, to admit that NSD has withheld additional responsive records that are exempt from release under FOIA, 5 U.S.C. § 552(b)(1), and to admit that, to date, defendant has not responded to plaintiff's administrative appeal of NSD's response to the FOIA request.

38. The allegations of paragraph 38 constitute plaintiff's conclusions of law regarding administrative exhaustion, to which no response is required.

39. The allegations of paragraph 39 constitute plaintiff's conclusions of law to which no response is required. To the extent a further response is deemed necessary, denies.

40. Paragraph 40 "repeats and realleges" plaintiff's allegations of paragraphs 1-39. Defendant incorporates by reference its answers to the relevant paragraphs.

41. The allegations of paragraph 41 constitute plaintiff's conclusions of law to which no response is required. To the extent a further response is deemed necessary, denies.

42. The allegations of paragraph 42 constitute plaintiff's conclusions of law regarding administrative exhaustion, to which no response is required.

43. The allegations of paragraph 43 constitute plaintiff's conclusions of law to which no response is required. To the extent a further response is deemed necessary, denies.

44. Paragraph 44 "repeats and realleges" plaintiff's allegations of paragraphs 1-39. Defendant incorporates by reference its answers to the relevant paragraphs.

45. The allegations of paragraph 45 constitute plaintiff's conclusions of law to which no response is required. To the extent a further response is deemed necessary, denies.

46. The allegations of paragraph 46 constitute plaintiff's conclusions of law regarding administrative exhaustion, to which no response is required.

47. The allegations of paragraph 47 constitute plaintiff's conclusions of law to which no response is required. To the extent a further response is deemed necessary, denies.

48. Paragraph 48 "repeats and realleges" plaintiff's allegations of paragraphs 1-39. Defendant incorporates by reference its answers to the relevant paragraphs.

49. The allegations of paragraph 49 constitute plaintiff's conclusions of law to which

1 no response is required. To the extent a further response is deemed necessary, denies.

2     50. The allegations of paragraph 50 constitute plaintiff's conclusions of law regarding administrative exhaustion, to which no response is required.

4     51. The allegations of paragraph 51 constitute plaintiff's conclusions of law to which no response is required. To the extent a further response is deemed necessary, denies.

    The remainder of the Complaint consists of plaintiff's Prayer for Relief to which no response is required. To the extent a response is deemed necessary, denies and avers that plaintiff is not entitled to any relief.

    WHEREFORE, the Court should deny the Prayer for Relief, enter judgment dismissing plaintiff's First Amended Complaint and granting such further relief to defendant as this Court deems proper.

Dated: December 5, 2011                      Respectfully submitted,

TONY WEST
Assistant Attorney General

MELINDA HAAG
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

   /s/ Steven Y. Bressler
STEVEN Y. BRESSLER D.C. Bar #482492
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0167
Facsimile: (202) 616-8470
Steven.Bressler@usdoj.gov

*Counsel for the U.S. Department of Justice*