Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
Mark Rumold (SBN 279060)
*mark@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Case No. 4:11-cv-05221-YGR <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING PROCESSING OF FOIA REQUESTS** <br><br> The Honorable Yvonne Gonzalez Rogers <br> Oakland Courtroom |

Plaintiff Electronic Frontier Foundation and Defendant Department of Justice and its components Office of Information Policy, Office of Legal Counsel, National Security Division, and Federal Bureau of Investigation hereby stipulate to the following regarding Plaintiff's requests made pursuant to the Freedom of Information Act ("FOIA"), dated June 2, 2011 (the "FOIA Requests"), and the subject of the above-captioned action:

1. The processing and production of records responsive to Plaintiff's FOIA Requests will occur in three phases. On or before the date of completion for each phase, Defendant will process and produce records according to the schedule set forth below, or notify Plaintiff of the complete or partial withholding of responsive records, if any, pursuant to any applicable FOIA exemptions.

2. The first two stages concern only the following categories of documents:

   a. Legal opinions or memoranda concerning or interpreting Section 215 of the USA PATRIOT Act ("Section 215");

   b. Guidelines for government personnel regarding the use of Section 215;

   c. Reports provided to Congress by the Federal Bureau of Investigation or Department of Justice concerning or memorializing the Executive Branch's interpretation or use of Section 215.

   d. Reports, opinions, or memoranda of the Foreign Intelligence Surveillance Court ("FISC") concerning or interpreting Section 215; and

   e. Legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215.

3. On or before March 15, 2012, Defendant will process and produce to Plaintiff those responsive records listed in Paragraph 2 and created from March 9, 2006 to the date Defendant began its search for responsive records.

4. On or before May 15, 2012, Defendant will endeavor to process and produce to Plaintiff those responsive records listed in Paragraph 2 and created from January 1, 2004 to March 8, 2006.

5. On or before July 1, 2012, Defendant will endeavor to process and produce to Plaintiff the following categories of records:

    a. All email responsive to Plaintiff's FOIA Requests

    b. All copies of invoices, receipts, bills, or any other similar document sent to the Department of Justice or any of its components by any business or organization in order to be reimbursed for the cost of compliance with a Section 215 order from January 1, 2004 to June 2, 2011

6. The following categories of documents are excluded from the FOIA Requests:

    a. Drafts of documents listed in Paragraph 2 for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full;

    b. Emails concerning the drafts of documents described in Paragraph 6(a) for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full;

    c. Records that are purely logistical, such as emails between officials attempting to schedule a meeting.

7. For email responsive to Plaintiff's FOIA Requests, only one version of every responsive email need be processed and released or withheld in full pursuant to a valid FOIA exemption.

8. Acquisition applications and supporting documentation submitted to the Foreign Intelligence Surveillance Court are excluded from the FOIA Request.

9. With respect to the Office of Legal Counsel ("OLC"), OLC need only process and release, or withhold pursuant to a valid FOIA exemption, OLC legal opinions and memoranda concerning or interpreting Section 215.

10. Within 21 days of the completion of the productions and/or notifications set forth in Paragraphs 1 – 5, above, the parties will meet and confer regarding the documents withheld in whole or in part by Defendant, and Plaintiff will notify Defendant whether it wishes to object to

any of the withholdings. In the event Plaintiff objects, the parties will discuss a scheduling order for whether, how, or when Defendant will provide an index or other description of partially or completely withheld documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

11. Within 30 days of the completion of productions and/or notifications set forth in Paragraphs 1 – 5, above, the parties will submit a joint statement to the Court describing the status of the case.

12. Defendant enters into this stipulation based on the information available to it at this time. In the event unforeseen circumstances arise, such as an unexpectedly high volume of responsive material or problems processing Plaintiff's FOIA Requests, Defendant reserves the right to seek an extension of time after meeting and conferring with Plaintiff through counsel.

DATED: February 10, 2012                Respectfully submitted,

                                        By   /s/ Mark Rumold
                                        _____

                                        Mark Rumold
                                        Jennifer Lynch
                                        ELECTRONIC FRONTIER FOUNDATION
                                        454 Shotwell Street
                                        San Francisco, CA  94110


                                        Attorneys for Plaintiff
                                        ELECTRONIC FRONTIER FOUNDATION

DATED: February 10, 2012
                                        TONY WEST
                                        Assistant Attorney General
                                        MELINDA HAAG
                                        United States Attorney

                                By:        /s/ Steven Y. Bressler (by permission)
                                        STEVEN Y. BRESSLER
                                        Senior Counsel
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        P.O. Box 883
                                        Washington, D.C. 20044
                                        Telephone: (202) 305-0167
                                        Facsimile: (202) 616-8470
                                        Steven.Bressler@usdoj.gov

                                        Attorneys for Defendant
                                        U.S. DEPARTMENT OF JUSTICE

**GENERAL ORDER NO. 45(X) CERTIFICATION**

I attest that I have obtained the concurrence of Steven Y. Bressler, counsel for Defendant, in the filing of this document.

/s/ Mark Rumold
MARK RUMOLD

*   *   *   *   *

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2012, I caused a copy of the foregoing to be served on counsel for Defendant via the Court's ECF system.

/s/ Mark Rumold
MARK RUMOLD

*   *   *   *   *

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated:  February 16, 2012

Hon. Yvonne Gonzalez Rogers
United States District Judge