Mark Rumold (SBN 279060)
mark@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

Attorney for Plaintiff
Electronic Frontier Foundation

STUART F. DELERY
Acting Assistant Attorney General
MELINDA L. HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER, D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-0167
Facsimile:  (202) 616-8470
Email: Steven.Bressler@usdoj.gov

Attorneys for Defendant
United States Department of Justice

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. CV 11-5221 YGR |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| DEPARTMENT OF JUSTICE, | Judge:  Hon. Yvonne Gonzalez Rogers |
| Defendant. | Date:   August 20, 2012 |
| | Time:   2:00 p.m. |
| | Place:  Ronald V. Dellums Federal Bldg. |

Plaintiff Electronic Frontier Foundation ("EFF") and Defendant United States Department of Justice ("DOJ") respectfully submit the following joint case management statement.

**1.     Jurisdiction and Related Issues**

The parties stipulate and agree that (1) venue is properly laid in this District under 5 U.S.C. § 552(a)(4)(B); and (2) that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. No issues exist regarding personal jurisdiction. Defendant has been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

**2.     Facts**

Plaintiff seeks processing and release of records that plaintiff has requested under the Freedom of Information Act ("FOIA") from defendant and its components, the Office of Legal Counsel ("OLC"), Office of Information Privacy ("OIP"), National Security Division ("NSD"), and Federal Bureau of Investigation ("FBI") concerning Section 215 of the USA PATRIOT Act.

Pursuant to a stipulated request by the parties and endorsed by the Court (Docket Entry Nos. 22, 26), defendant completed processing plaintiff's FOIA request, as narrowed by the stipulation, on July 2, 2012. The parties have been working in good faith in an attempt to resolve some of the issues in this action, narrow those issues that remain, and agree on a schedule for dispositive motions briefing. In particular, the parties are discussing ways to significantly narrow the range of documents in dispute. On or before August 15, 2012, the parties anticipate jointly requesting, by stipulation, that the Court enter an Order setting forth deadlines for dispositive motions by the parties.

**3.     Legal Issues**

While the parties continue discussions concerning the precise scope of the litigation going forward, the parties anticipate that the remaining legal issues will be whether defendant has properly withheld records in whole or part under 5 U.S.C. § 552 and whether defendant's component FBI improperly denied plaintiff a fee waiver.

**4.     Motions**

There are no prior or pending motions. The parties anticipate that this case is likely to be disposed of on dispositive motions. The parties submit, however, that scheduling any such motion is premature at this time. The parties are currently working in good faith to resolve some of the claims and issues in this action.

**5.    Amendment of Pleadings**

No party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.    Evidence Preservation**

Defendant is taking all reasonable steps to preserve documents responsive to EFF's FOIA request.

**7.    Disclosures**

The parties agree and stipulate under Federal Rule of Civil Procedure 26(a)(1)(B) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange.

**8.    Discovery**

To date, no discovery has been taken by any party. The parties do not anticipate proposing any limitations or modifications of the discovery rules.  Defendant contends that discovery is generally not appropriate in FOIA actions.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery").

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its FOIA request and consistent with the parties' stipulation. EFF seeks a public interest fee waiver associated with the FBI's processing and release of responsive records. EFF also seeks reasonable attorney's fees incurred in this litigation. Defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

**12.    Settlement and ADR**

The parties believe that the prospect of complete settlement is low at this time.  The parties have conferred about ADR processes in conformance with ADR Local Rule 3-5.  The parties

believe that this case is not well suited to ADR resolution, and therefore filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2), and participated in an ADR telephone conference. The parties do intend, however, to continue to meet and confer in an attempt to narrow the issues in dispute before presenting any such issues to the Court.

**13.   Consent to Magistrate for All Purposes**

The parties have not agreed to consent to assignment of this case to a magistrate judge for all purposes.

**14.   Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

The parties have not agreed to narrow the legal issues remaining in this case at this time. No party requests bifurcation of any issues, claims, or defenses. As noted above, the parties anticipate that they will continue to meet and confer in an attempt to narrow the issues in dispute before bringing any such dispute before the Court.

**16.   Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   Scheduling**

The parties propose that on or before August 15, 2012, they submit a stipulated request to set a dispositive motions briefing schedule. Because the parties believe that they will agree on such a schedule, and that this case will be resolved by dispositive motions, and also because counsel for defendant has a scheduling conflict with the August 20, 2012 Initial Case Management Conference currently set in this case, the parties have requested, by stipulation (Docket Entry No. 28), that the Court postpone the Initial Case Management Conference until after the completion of dispositive motions briefing or, in the alternative, until a date on or after September 17, 2012.

**18.   Trial**

The parties anticipate that this entire case will be resolved by the Court on dispositive

motions, and do not anticipate that this case will be decided by a jury.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Defendant has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement. Due to an oversight, Plaintiff has not yet filed its Certificate of Interested Entities or Persons. Plaintiff intends to immediately file the Certificate with the Court. Nevertheless, plaintiff has no disclosure to make pursuant to subparagraph (b)(1) of Local Rule 3-16 and states that no such interest is known other than that of the named parties to the action.

**20.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

None.

DATED: August 6, 2012                                         Respectfully submitted,

*/s/ Mark Rumold*                                               STUART F. DELERY
ELECTRONIC FRONTIER FOUNDATION    Acting Assistant Attorney General
Mark Rumold
Jennifer Lynch, Esq.                                            ELIZABETH J. SHAPIRO
454 Shotwell Street                                             Deputy Branch Director
San Francisco, CA  94110
Telephone:  (415) 436-9333                              */s/ Steven Y. Bressler*
Facsimile:  (415) 436-9993                              STEVEN Y. BRESSLER
E-mail: mark@eff.org                                      Senior Counsel
                                                                        United Stated Department of Justice
Attorneys for Plaintiff                                       Civil Division, Federal Programs Branch
                                                                        P.O. Box 883
                                                                        Washington, D.C.  20044
                                                                        Telephone: (202) 305-0167
                                                                        Facsimile: (202) 616-8470
                                                                        E-mail: Steven.Bressler@usdoj.gov

                                                                        Attorneys for Defendant

*     *     *     *     *

**CIVIL LOCAL RULE 5-1 CERTIFICATION**

I attest that I have obtained Steven Y. Bressler's concurrence in the filing of this document.

                                                                        */s/ Mark Rumold*
                                                                        Mark Rumold