

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Steven Y. Bressler  Tel:  (202) 305-0167
Senior Counsel  Fax:  (202) 616-8470
  Steven.Bressler@usdoj.gov

August 22, 2012

<u>*VIA ECF*</u>

The Honorable Yvonne Gonzalez Rogers
U.S. District Judge
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

      Re:    *Electronic Frontier Foundation v. United States Department of Justice*,
              <u>Case No. 11-cv-5221-YGR</u>

Dear Judge Gonzalez Rogers:

      Defendant the U.S. Department of Justice writes pursuant to Paragraph 9(a) of the Court's Standing Order for Civil Cases to request that the Court hold a pre-filing conference to discuss the government's contemplated Motion for Summary Judgment.

      The above-captioned civil action was brought by plaintiff the Electronic Frontier Foundation ("EFF") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking relief concerning plaintiff's FOIA requests to defendant and its components the Federal Bureau of Investigation ("FBI"), National Security Division ("NSD"), Office of Information Policy ("OIP"), and Office of Legal Counsel ("OLC").  On June 2, 2011, plaintiff submitted FOIA requests to defendant's components seeking certain information related to Section 215 of the USA PATRIOT ACT.[1]  In its Amended Complaint, plaintiff sought expedited processing of its FOIA requests and release of responsive documents.

      In a stipulated request endorsed by the Court (Docket Entry No. 22), the parties agreed to narrow the scope of plaintiff's FOIA request and on a schedule for defendant's processing and production of responsive, non-exempt documents.  On July 2, 2012, defendant completed processing plaintiff's FOIA request, as narrowed by the stipulation.  Since that time, counsel for the parties have worked (and continue to work) to narrow the issues that remain in dispute.  The parties have agreed, pending leave of Court, that summary judgment motions will deal with the

---

[1] Section 215 amended the Foreign Intelligence Surveillance Act ("FISA"), Pub. L. No. 95-511, 92 Stat. 1783 (codified in 50 U.S.C. §§ 1801-1885), to authorize the FBI to apply to the Foreign Intelligence Surveillance Court ("FISC") for an order permitting the FBI access to certain business records for foreign intelligence and international terrorism investigations.  50 U.S.C. § 1861(a)(1), (b)(2)(A).

following categories of documents created from January 1, 2004 to June 2, 2011 and containing significant legal analysis or interpretation of Section 215: (1) legal opinions or memoranda concerning or interpreting Section 215 of the USA Patriot Act; (2) guidelines for government personnel regarding the use of Section 215; (3) reports provided to Congress by the FBI or DOJ concerning or memorializing the Executive Branch's interpretation or use of Section 215; (4) rulings, opinions or memoranda of the FISC concerning or interpreting Section 215; and (5) legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215. The parties have agreed that the following types of documents are excluded from further litigation at this time: (1) email responsive to Plaintiff's FOIA requests or the above categories from the files of NSD; (2) records that are purely logistical; (3) applications and supporting documentation submitted to the FISC; (4) the operational files of the NSD Office of Intelligence and its predecessor, the Office of Intelligence Policy and Review; and (5) records that were previously processed by the FBI in response to FOIA request numbers 1017326 (by the Electronic Privacy Information Center in 2005) and 1138791 (by EFF in 2010). With respect to documents subject to the government's forthcoming summary judgment motion, the parties have agreed that the government will provide plaintiff by September 4, 2012, with a summary of those documents that have been withheld in full by NSD or withheld in any part by FBI, OIP, and OLC. To the extent possible consistent with maintenance of the claimed exemptions, the summary will provide descriptions of categories of withheld documents and the exemptions relied on for withholding each category. Plaintiff will examine the summary and notify defendant of any documents or categories of documents which plaintiff also will agree to exclude from further litigation.

The FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (internal quotation omitted). However, the public's interest in government information under FOIA is not absolute, and in the statute "Congress recognized . . . that public disclosure is not always in the public interest." *CIA v. Sims*, 471 U.S. 159, 166-167 (1985). FOIA's "basic purpose" reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 (1989) (quoting *Rose*, 425 U.S. at 360-361 (1976)) (other citation omitted). FOIA is designed to achieve a "workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." *Id.*, 493 U.S. at 152 (citation omitted). Toward that end, FOIA incorporates "nine exemptions which a government agency may invoke to protect certain documents from public disclosure." *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). Despite the "liberal congressional purpose" of FOIA, the Supreme Court has recognized that the statutory exemptions are intended to have "meaningful reach and application." *John Doe*, 493 U.S. at 152. "A district court only has *jurisdiction* to compel an agency to disclose *improperly withheld* agency records," *i.e.*, records that do "not fall within an exemption." *Minier*, 88 F.3d at 803 (emphasis in original). Thus, "[r]equiring an agency to disclose exempt information is not authorized by FOIA." *Id.* (quoting *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995)).

FOIA actions are generally resolved through summary judgment motions pursuant to Fed. R. Civ. P. 56. *See Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993). Under FOIA, courts conduct *de novo* review to determine whether the government properly withheld records under

any of FOIA's nine statutory exemptions. 5 U.S.C. § 552(a)(4)(B). The government bears the burden of justifying non-disclosure. *Minier*, 88 F.3d at 800. "The agency may meet its burden by submitting a detailed affidavit showing that the information 'logically falls within the claimed exemptions.'" *Id.* (quoting in part *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992)). The court must accord a presumption of good faith to agency declarations submitted in support of claimed exemptions. *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). And when considering FOIA exemptions related to national security, "the district court [is] required to accord 'substantial weight' to [the agency's] affidavits" as long as it is not "controverted by contrary evidence in the record or by evidence of [agency] bad faith." *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992) (internal quotation omitted).

In its contemplated motion, the government will argue that it is entitled to summary judgment because the withheld documents at issue are exempt from disclosure under FOIA. In particular, defendant anticipates that declarations by appropriate government officials will establish that many of the documents in question are classified national security information exempt from disclosure under FOIA Exemption 1, which protects records that are: "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy, and (B) are in fact properly classified pursuant to Executive Order." 5 U.S.C. § 552 (b)(1); *accord, e.g.*, *Weinberger v. Catholic Action of Hawaii*, 454 U.S. 139, 144 (1981). Defendant also anticipates that its declarations will establish that some of the documents in question are protected by FOIA Exemption 3, which applies to records that are "specifically exempted from disclosure" by other federal statutes "if that statute – establishes particular criteria for withholding the information or refers to the particular types of material to be withheld." 5 U.S.C. § 552(b)(3). Likewise, defendant anticipates that its declarations will establish that documents still sought by plaintiff are protected by FOIA Exemption 5, which applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 thus protects from disclosure records that would be privileged in civil litigation under doctrines such as the deliberative process privilege and the attorney-client privilege. *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 800 (1984); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 154 (1975); *see also Maricopa Audubon Society*, 108 F.3d 1082, 1092 (9th Cir. 1997). And defendant anticipates that its declarations will establish that documents still sought by plaintiff are protected by FOIA Exemption 7, which applies to a broad array of documents used for law enforcement purposes. 5 U.S.C. § 552(b)(7).

Accordingly, defendant requests a pre-filing conference. The parties respectfully requests the conference be held on September 19, 2012 if convenient for the Court. Undersigned counsel is also available on September 14 and 21, 2012.

Thank you for Your Honor's consideration of this letter request.

Respectfully submitted,

 /s/ Steven Y. Bressler
ELIZABETH J. SHAPIRO
STEVEN Y. BRESSLER