**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

Mark Rumold
*mark@eff.org*
Open Government Legal Fellow

August 24, 2012

**VIA ECF**

The Honorable Yvonne Gonzalez Rogers
United States District Judge
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

      RE:    *Electronic Frontier Foundation v. United States Department of Justice*,
                 Case No. 11-cv-5221 (YGR)

Dear Judge Gonzalez Rogers:

Pursuant to Paragraph 9(a) of the Court's Standing Order in Civil Cases, Plaintiff Electronic Frontier Foundation ("EFF") writes to request a pre-filing conference in the above-captioned matter. EFF intends to oppose Defendant's motion for summary judgment and to file a cross motion for partial summary judgment, and Plaintiff respectfully requests a pre-filing conference to discuss the parties' anticipated motions.

In June 2011, EFF submitted expedited Freedom of Information Act ("FOIA") requests to Defendant Department of Justice ("DOJ").[1] The requests sought information concerning the executive branch's interpretation and use of Section 215 of the USA PATRIOT Act.[2]

Criticism from members of Congress concerning the government's secretive use of the provision prompted EFF's FOIA requests. In 2009, DOJ officials confirmed that Section 215 was being used to support a "sensitive collection program."[3] And, since this disclosure, elected officials have openly condemned both the collection program supported by the provision,[4] as well as the executive branch for "secretly reinterpreting"

---

[1] Specifically, EFF submitted requests to DOJ components Federal Bureau of Investigation ("FBI"), National Security Division ("NSD"), Office of Information Policy ("OIP"), and Office of Legal Counsel ("OLC").

[2] Section 215 amended the "business records" provision of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1861, which authorizes the FBI to receive an order from the Foreign Intelligence Surveillance Court to obtain "any tangible thing" relevant to certain national security investigations. 50 U.S.C. § 1861(a)(1). The recipients of these orders are gagged from ever disclosing having received the order. 50 U.S.C. § 1861(d)(1). And, despite a provision permitting a recipient to challenge the legality of an order, 50 U.S.C. § 1861(f)(2)(A)(i), to date, no known challenges have occurred.

[3] Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," (Sept. 22, 2009), *available at* http://www.fas.org/irp/congress/2009_hr/patriot.html.

[4] Statement of Sen. Russ Feingold, Senate Judiciary Committee Hearing, "Reauthorizing the USA

the section in a way that would stun and anger the American public.[5] EFF's requests sought disclosure of records that, among other things, would shed light on Defendant's "secret interpretation" of Section 215.

EFF filed this action in October 2011 after Defendant failed to respond to Plaintiff's requests. Subsequently, and with this Court's endorsement, EFF agreed to narrow the scope of the requests and negotiated a schedule for the production of responsive records. Defendant completed production of some responsive records in July; however, Defendant continues to withhold an undisclosed quantity of records in their entirety.

Nevertheless, and as noted in Defendant's letter, EFF has again agreed to substantially narrow the types of records subject to the parties' anticipated cross motions.[6] Defendant has also agreed to provide EFF with descriptions of those records by September 4, 2012. With the Court's approval, the parties' cross motions will focus only on a narrow category of responsive records – records containing substantial legal analysis of Section 215.

In Plaintiff's cross motion, EFF will argue that Defendant's continued withholding of records containing the federal government's interpretation of Section 215 is unwarranted. FOIA safeguards the American public's right to know "what their Government is up to." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (citations omitted). The central purpose of the statute is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). "[D]isclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

FOIA requires disclosure of agency records when requested by the public unless the records fall within one of nine exemptions. *See* 5 U.S.C. § 552(b)(1) - (9). If requested information does not fit squarely into one of these enumerated categories, the law requires federal agencies to release the information. *NLRB,* 437 U.S. at 221. The exemptions "have been consistently given a narrow compass," and requested agency records that "do not fall within one of the exemptions are improperly withheld[.]" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989) (quotation marks omitted).

As Defendant noted, FOIA actions are generally resolved through summary judgment motions. The burden to justify the withholding of records "has been placed specifically

---

PATRIOT Act: Ensuring Liberty and Security," (Sept. 23, 2009), *available at* http://www.judiciary.senate.gov/hearings/testimony.cfm?id=e655f9e2809e5476862f735da1501403&wit_id =e655f9e2809e5476862f735da1501403-0-1.

[5] Statement of Sen. Ron Wyden, "On Patriot Act Reauthorization," (May 26, 2011), *available at* http://www.wyden.senate.gov/news/press-releases/in-speech-wyden-says-official-interpretations-of-patriot-act-must-be-made-public.

[6] Defendant's pre-filing conference letter described the particular categories of records that will be subject to the parties' anticipated cross motions.

by statute on the Government." *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973); 5 U.S.C. § 552(a)(4)(B). When claiming an exemption, the agency must provide a "relatively detailed justification for assertion of an exemption and must demonstrate to a reviewing court that records are clearly exempt." *Birch v. USPS*, 803 F.2d 1206, 1209 (D.C. Cir. 1986) (quotation marks omitted). The agency must also demonstrate compliance with FOIA's requirement to segregate and release non-exempt information contained within otherwise exempt records. 5 U.S.C. § 552(b). The "'segregability' requirement applies to all documents and all exemptions in the FOIA." *Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C. Cir. 1984). The district court reviews both exemption claims and compliance with FOIA's segregability requirement *de novo*. 5 U.S.C. § 552(a)(4)(B).

Defendant states that it will argue the records EFF requested are properly withheld under Exemptions 1, 3, 5, and 7 of FOIA. 5 U.S.C. § 552(b)(1), (3), (5), (7).[7] However, EFF will argue in its cross motion and opposition that Defendant cannot rely on these exemptions to justify withholding the executive branch's legal interpretation of Section 215. As numerous courts have noted, "secret law is an abomination." *See e.g.*, *Tax Analysts v. IRS*, 362 F. Supp. 1298, 1310 (D.D.C. 1973) (citation omitted). And, by refusing to disclose the authoritative interpretation of Section 215, Defendant perpetuates precisely the type of secret agency law against which FOIA was designed to guard and which courts have long disfavored. *See Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C. Cir. 1997). Thus, regardless of the exemption claimed to justify its withholding, the continued withholding of the responsive records in their entirety is legally unjustifiable.

For the foregoing reasons, EFF respectfully requests a pre-filing conference to further discuss the parties' anticipated motions. As defendant noted, the parties request the conference be held on September 19, 2012, if the Court's schedule can accommodate it. Plaintiff's counsel is also available on September 21, 2012 or another day that is convenient for the Court.

Thank you for Your Honor's consideration.

Respectfully submitted,

/s/ Mark Rumold
MARK RUMOLD

---

[7] Defendant also states it will rely on declarations to satisfy its burden. As a threshold matter, "the government may not rely upon conclusory and generalized allegations of exemptions" within its declarations. *Vaughn*, 484 F.2d at 826. Instead, the government must provide a thorough description of the "documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." *Lion Raisins v. Dep't. of Agric.*, 354 F.3d 1072, 1082 (9th Cir. 2004). Similarly, to demonstrate its compliance with FOIA's segregability requirement, Defendant must "describe what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document." *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).