

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Steven Y. Bressler
Senior Counsel

Tel:  (202) 305-0167
Fax:  (202) 616-8470
Steven.Bressler@usdoj.gov

November 15, 2012

***VIA ECF***

The Honorable Yvonne Gonzalez Rogers
U.S. District Judge
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

      Re:    *Electronic Frontier Foundation v. United States Department of Justice*,
                Case No. 11-cv-5221-YGR

Dear Judge Gonzalez Rogers:

      In the above-captioned case, the plaintiff seeks release under the Freedom of Information Act ("FOIA") of documents that executive branch officials have determined are properly classified under Executive Order 13256. In support of the government's forthcoming Motion for Summary Judgment, the government will submit to the Court, *in camera* and *ex parte*, a declaration containing classified information. The purpose of the declaration is to provide background information to the Court and to explain why certain documents sought by plaintiff are exempt from release under the FOIA.

      As noted above, because the declaration contains information that is classified for reasons of national security, it will be submitted for *in camera* and *ex parte* review.[1] In cases where classified materials are submitted for review, Department of Justice regulations require government counsel to take all appropriate action to protect the information against unauthorized disclosure. *See* 28 C.F.R. § 17.17(a). These regulations set forth the minimum security measures necessary to protect classified information, and require the undersigned to ensure the Court's cooperation in adopting such measures. *See* 28 C.F.R. § 17.17(a)(2). In civil proceedings, the security procedures include the following:

---

[1]    *In camera, ex parte* review of classified declarations in FOIA cases is common and appropriate where a more detailed public explanation could not be provided without revealing the very information that is sought to be protected. *See, e.g.*, *Krikorian v. Department of State*, 984 F.2d 461, 464-65 (D.C. Cir. 1993); *Maynard v. CIA*, 986 F.2d 547, 557 (1st Cir.1993); *Hayden v. NSA*, 608 F.2d 1381, 1385 (D.C. Cir. 1979); *Greyshock v. U.S. Coast Guard*, 107 F.3d 16, 1997 WL 51514 (9th Cir. February 6, 1997) (unpublished) ("It is well settled that a court may examine an agency declaration in camera and ex parte when release of the declaration would disclose the very information that the agency seeks to protect." (citation omitted)).

1. Classified information is not to be disclosed or introduced into evidence without the prior approval of either the originating agency, the Attorney General, or the President. *See* 28 C.F.R. § 17.17(c)(2).
2. Attendance at any proceeding where classified information will be disclosed is to be limited to those persons with appropriate authorization to access this information, whose duties require knowledge or possession of the classified information to be disclosed. *See* 28 C.F.R. § 17.17(c)(3).
3. Aside from the Judge herself, access to classified information disclosed in this action is to be limited to those Court employees who have been determined eligible for such access by the Department of Justice Security Officer and who have been fully advised of all pertinent safeguarding requirements and their liability in the event of unauthorized disclosure. *See* 28 C.F.R. §§ 17.17(c)(3) and (c)(10); *id.* § 17.46(c).
4. Classified documents are to be appropriately handled and stored. With regard to some National Security Information ("NSI") materials, Department of Justice implementing directives require storage in approved areas and handling only by approved individuals, among other security controls. As discussed below, a Department of Justice Security Officer will, if the Court so permits, contact the Court concerning presentation of the classified material.
5. In the event that the Court wishes to hear any testimony or oral argument which the government believes would include classified information, this testimony or argument is to be recorded and transcribed pursuant to the instructions of the Department of Justice Security Officer. *See* 28 C.F.R. § 17.17(c)(7).
6. Any notes or other documents prepared by the Court or its personnel that contain classified information are to be prepared, handled, and stored consistent with the directives of the Department of Justice Security Officer, see 28 C.F.R. § 17.17(c)(7), and retrieved at the close of the proceedings by the Department of Justice Security Officer for safeguarding or destruction. See 28 C.F.R. § 17.17(c)(9).
7. At the conclusion of the proceedings, all original classified information shall be returned to the Department of Justice or the originating agency, or placed under court seal for safekeeping by the Department of Justice Security Officer. See 28 C.F.R. § 17.17(c)(8).

Consistent with these procedures, counsel for the government will lodge the classified submission with the Security Officer on November 16, 2012.

If the Court so permits, Department of Justice Classified Information Security Officer Scooter Slade (who may be reached at 202-514-9016) will contact the Court in the near future to ascertain whether the Court has any questions about the procedures identified above. Mr. Slade is not an attorney and does not report to me, but works in the Department of Justice, Justice Management Division, Security and Emergency Planning Staff. Classified Information Security Officers such as Mr. Slade are charged with ensuring that classified information is properly safeguarded in criminal cases pursuant to the Classified Information Procedures Act ("CIPA"), as well as in civil proceedings such as this matter where CIPA does not apply. The Security Officer thus serves in a neutral capacity providing security oversight in litigation involving

classified information.

      Thank you for Your Honor's consideration of this letter.

Respectfully submitted,

 /s/ Steven Y. Bressler  
ELIZABETH J. SHAPIRO  
STEVEN Y. BRESSLER

cc:    Counsel of record (via ECF)