**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ELECTRONIC FRONTIER FOUNDATION,

       Plaintiff,

       v.

UNITED STATES DEPARTMENT OF
JUSTICE,

       Defendant.

11 Civ. 5221 (YGR)

## DECLARATION OF MARK A. BRADLEY

I, Mark A. Bradley, do hereby state and declare as follows:

      1.     I am the Director of the Freedom of Information Act ("FOIA") and Declassification Unit of the Office of Law and Policy in the National Security Division ("NSD") of the United States Department of Justice ("DOJ" or "Department"). NSD is a component of the Department. NSD formally began operations on October 2, 2006, by, *inter alia*, consolidating the resources of the Department's Office of Intelligence Policy and Review ("OIPR")[1] and the Counterterrorism Section ("CTS") and Counterespionage Section ("CES") of the Department's Criminal Division.

      2.     In addition, under a written delegation of authority pursuant to section 1.3.(c) of Executive Order 13526, I hold original classification authority at the TOP SECRET level. I am authorized, therefore, to conduct classification reviews and to make original classification and declassification decisions.

      3.     I submit this declaration in support of DOJ's Motion for Summary Judgment in

---

[1] OIPR is now known as the Office of Intelligence ("OI").

the above-captioned case. I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties. I am also submitting a classified declaration in support of the Government's motion. Because my classified declaration contains information that cannot be explained on the public record, I am providing it for the Court's review *ex parte* and *in camera*.

4.     By letter dated June 2, 2011, plaintiff, the Electronic Frontier Foundation ("EFF"), requested "agency records (including, but not limited to, electronic records) created from January 1, 2004 to the present discussing, concerning, or reflecting the DOJ or any of its component's interpretation or use of Section 215 orders," (EFF Request"). The NSD FOIA unit assigned this request number 11-203.

5.     In a letter dated August 11, 2011, and signed by me, the NSD FOIA unit informed EFF that it had searched the policy, correspondence, and senior management files within NSD's OI and the Office of the Assistant Attorney General (OAAG) for NSD and located responsive records. Enclosed with this letter were three documents which were released in full and a description of one document withheld in full.[2] In addition, this letter also stated that NSD FOIA identified additional responsive records within OI, but release of those records was categorically denied under FOIA Exemption (b)(1) which protects classified information from release

6.     In a letter dated, October 3, 2011, EFF appealed NSD's application of the FOIA exemptions. EFF filed this lawsuit on October 26, 2011.

7.     On February 10, 2012, the parties filed a stipulation which reflects plaintiff's agreement to narrow the scope of its request to include only:

---

[2] This declaration is only addressing those records withheld in full containing significant legal analysis of Section 215 as discussed below in paragraph 8. This withheld record does not contain significant legal analysis of Section 215.

a. Legal opinions or memoranda concerning or interpreting Section 215 of the USA PATRIOT Act ("Section 215")

b. Guidelines for government personnel regarding the use of Section 215;

c. Reports provided to Congress by the Federal Bureau of Investigation or Department of Justice concerning or memorializing the Executive Branch's interpretation or use of Section 215;

d. Reports, opinions, or memoranda of the Foreign Intelligence Surveillance Court ("FISC") concerning or interpreting Section 215; and

e. Legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215.

Plaintiffs also agreed to exclude drafts of documents for which a final version has been identified, electronic mail messages concerning drafts of documents, and the operational files of NSD's OI and its predecessor, OIPR.

8.    NSD's responsive records consist of the following:

a.    Congressional reporting and supporting documentation:
- Materials sent to the House Permanent Select Committee on Intelligence ("HPSCI"), Senate Select Committee on Intelligence ("SSCI"), House Judiciary Committee, and/or the Senate Judiciary Committee.

- Documents submitted to Congress by the Attorney General as required by the Foreign Intelligence Surveillance Act of 1978, as amended, and the Intelligence Reform and Terrorism Prevention Act of 2004.

b.    Materials submitted to, or opinions and/and orders issued by, the Foreign Intelligence Surveillance Court:

- Legal memoranda submitted by the Government to, and opinions and/or orders issued by, the Foreign Intelligence Surveillance Court

c.    Internal Executive Branch communications and analysis:

- Documents consisting of internal Executive Branch communications, memoranda, and/or analysis.  These documents are being withheld pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1) and (b)(5).

d.    Guidelines and training documents:

- Thirty-one (31) documents consisting of internal Executive Branch guidelines, procedures, and training materials for government personnel on implementation of section 215 authority, either undated or ranging in date from August 2006 to May 2011, and totaling 771 pages.

9.  All of NSD's records were withheld in full pursuant to FOIA Exemption (b)(1). For all the reasons set forth in my *ex parte, in camera* classified declaration and accompanying materials, the information in these records are currently and properly classified under Executive Order 13526.  Specifically, the withheld information contained in these records meet the criteria for classification as set forth in subparagraphs (c) and (g) of Section 1.4 of Executive Order 13526, which respectively authorize the classification of information concerning "intelligence activities (including covert action), intelligence sources or methods, or cryptology," and "vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to national security," which includes defense against transnational terrorism.

10.  Because the withheld material is classified at the SECRET and TOP SECRET levels, its disclosure could be expected to cause serious and exceptionally grave damage to the national security of the United States, respectively.  As set forth more fully in my *ex parte, in camera* classified declaration and accompanying materials, the withheld material contains specific descriptions of the manner and means by which the United States Government acquires tangible things for certain authorized investigations pursuant to Section 215.  As such, the withheld information describes highly sensitive intelligence activities, sources and methods. Disclosure of this information would provide our adversaries and foreign intelligence targets with insight into the United States Government's foreign intelligence collection capabilities, which in turn could be used to develop the means to degrade and evade those collection

capabilities.[3]

11.     Furthermore, the classified information in the responsive document is "owned by, produced by or for, or under the control of the United States Government," as required by E.O. 13526.

12.     The portions of the responsive documents that are subject to the parties' cross-motions for summary judgment contain no reasonably segregable, non-exempt information. Any unclassified material in the relevant portions of the responsive documents, to the extent it exists, is so inextricably intertwined with the classified material that the release of any non-exempt information would produce only incomplete, fragmented, unintelligible sentences and phrases that are devoid of any meaning. The unclassified information in the relevant portions of the responsive documents, to the extent that any exists, does not contain any meaningful information responsive to the EFF request.

13.     In addition, as set forth more fully in my *ex parte, in camera* classified declaration and accompanying materials, the withheld information is also exempt from disclosure pursuant to FOIA Exemption 3. Exemption 3 states that FOIA's disclosure provisions do not apply to matters that are specifically exempted from disclosure by statute. In this case, the withheld information is protected by the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act ("IRTPA") of 2004, which protects intelligence sources and methods from unauthorized disclosure. 50 U.S.C. § 403-1(i)(1).

14.     Further, as discussed more fully in the Government's *ex parte* submission, one of the classified documents in NSD's records is also exempt from disclosure pursuant to FOIA

---

[3] On February 2, 2011, the New York Times submitted a FOIA request for a report. This report is also responsive to plaintiff's FOIA request. In response to the New York Times, NSD denied the request and withheld the document pursuant to FOIA Exemptions (b)(1) and (b)(3). In a decision dated May 17, 2012, Judge William H. Pauley, III of the United States District Court for the Southern District of New York ruled that the Government properly withheld the document pursuant to FOIA Exemptions (b)(1) and (b)(3).

Exemption 5.  Exemption 5 permits the withholding of pre-decisional inter-agency and intra-agency documents.  Here, the protected document is a draft of an Executive Branch memorandum.

## CONCLUSION

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of November 2012

Mark A. Bradley