IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) ) | |

# **EXHIBIT A**



**U.S. Department of Justice**

Office of Information Policy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

June 7, 2011

MEMORANDUM

TO:        Ms. Joan Lapara
           FOIA Contact
           Justice Management Division

FROM:      Nakeitha Gilbert
           Office of Information Policy

SUBJECT:   Misdirected FOIA Request Received by OIP

      Please be advised that the attached misdirected FOIA request was received by this Office on June 3, 2011. Because it is seeking records of interest to the Justice Management Division, we are forwarding this request to your Office for processing and direct response to the requester. Please be advised that we are routing to your Office because of item number **8.** For your information, we are also processing this request on behalf of the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy and Legislative Affairs.

Attachment



**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

June 2, 2011

**VIA EMAIL** – DOJ.OIP.Initial.Requests@usdoj.gov

Office of Public Affairs
c/o Carmen L. Mallon
Chief of Staff
Office of Information Policy
Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, DC 20530-0001

RECEIVED

**JUN - 3 2011**

Office of Information Policy

**RE:  Freedom of Information Act Request and Request for Expedited Processing**

Dear FOIA Officer:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Department of Justice ("DOJ") and its components on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

Since its inception, the USA PATRIOT Act (the "Patriot Act") has engendered controversy. In particular, the government's use of one provision – – Section 215 –-- has consistently sparked concern among elected officials, civil rights advocates, and citizens. This request seeks agency records specifically related to the DOJ's interpretation and use of Section 215.

Section 215 of the Patriot Act, which amended the Foreign Intelligence Surveillance Act ("FISA"), provides federal government agencies with the power to obtain a court order for "any tangible thing" upon a showing that the requested items are "relevant to an authorized [counterintelligence or counterterrorism] investigation." 50 U.S.C. §§ 1861(a)(1), (b)(2)(A). Section 215, along with Section 206 (the "roving wiretap" provision) and the "lone wolf" provision of the Intelligence Reform and Terrorism Prevention Act of 2004, were initially schedule to sunset in 2005, but, after brief extensions, were subsequently reauthorized for four additional years.

In 2009, DOJ attorneys publicly disclosed that Section 215 orders were being used to support a "sensitive collection program."[1] Shortly after this disclosure, elected officials briefed on the government's interpretation and use of 215 orders be gan to question t he legitimacy of the government's use of its expanded Patriot Act powers. Senator Richard Durbin, a member of the

---

[1] Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," Septemeber 22, 2009, *available at* http://judiciary.house.gov/hearingshear_090922.html.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333    📠 +1 415 436 9993    🌐 www.eff.org    ✉ information@eff.org

Freedom of Information Act Request—DOJ
June 2, 2011
Page 2 of 10

Senate Judiciary Committee, stated that the government's use of "Section 215 is unfortunately cloaked in secrecy. Some day that cloak will be lifted, and future generations will ask whether our actions today meet the test of a democratic society: transparency, accountability, and fidelity to the rule of law and our Constitution."[2]

Similarly, then-Senator Russ Feingold, a member of both the Senate Judiciary Committee and the Senate Select Committee on Intelligence, stated: "There is information about the use of Section 215 orders that I believe Congress and the American people deserve to know . . . . [Section 215 orders] have been misused."[3] Despite the Senators' admonitions, Section 215 was reauthorized until 2011.

In May 2011, during the limited debate on the reauthorization of the expiring provisions of the Patriot Act, two Senators on the Senate Select Committee on Intelligence again voiced concerns about the government's use of 215 orders. In an interview, Senator Ron Wyden stated that he was "extremely interested in reforming [Section 215]."[4] Then, in a speech on the Senate floor, Senator Wyden declared:

> "I want to deliver a warning this afternoon: when the American people find out how their government has secretly interpreted the Patriot Act, they will be stunned and they will be angry . . . . The fact is that anyone can read the plain text of the Patriot Act, and yet many members of Congress have no idea how the law is being secretly interpreted by the executive branch."[5]

Senator Tom Udall echoed similar concerns about the scope of Section 215: "Congress is granting powers to the executive branch that lead to abuse, and frankly shield the Executive Branch from accountability."[6]

Senators Wyden and Udall co-sponsored an amendment to the reauthorization of the Patriot Act. The amendment would have required government officials to "not secretly reinterpret public laws and statutes in a manner that is inconsistent with the public's understanding of these laws, and [to] not describe the execution of these laws in a way that misinforms or misleads the

---

[2] Remarks of Sen. Richard Durbin, Senate Judiciary Committee "Executive Business Meeting," (October 1, 2009) *available at*
http://judiciary.senate.gov/resources/webcasts/index.cfm?changedate=09-28-09&p=all.
[3] Statement of Sen. Russ Feingold, Senate Judiciary Committee Hearing, "Reauthorizing the USA PATRIOT Act: Ensuring Liberty and Security," September 23, 2009, *available at*
http://judiciary.senate.gov/hearings/testimony.cfm?id=4062&wit_id=4083.
[4] Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired (May 27, 2011),
*available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.
[5] Statement of Sen. Ron Wyden, On Patriot Act Reauthorization (May 26, 2011), *available at*
http://wyden.senate.gov/newsroom/press/release/?id=34eddcdb-2541-42f5-8f1d-19234030d91e.
[6] Statement of Sen. Tom Udall, On Patriot Act Reauthorization (May 26, 2011), *available at*
http://markudall.senate.gov/?p=press_release&id=1090.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   🌐 www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—DOJ
June 2, 2011
Page 3 of 10

public."[7] The amendment would have also required the Attorney General to publish "the legal basis for the intelligence collection activities described in [a] February 2, 2011 report [from the Attorney General and Director of National Intelligence regarding intelligence collection authorities scheduled to expire under Section 224 of the Patriot Act]." Again, over the objection of Senators briefed on the government's secret interpretation and use of Section 215, the three expiring provisions of the Patriot Act were extended until 2014.

Accordingly, EFF hereby requests agency records (including, but not limited to, electronic records) created from January 1, 2004 to the present discussing, concerning, or reflecting the DOJ or any of its component's interpretation or use of Section 215 orders, including:

1)  All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record describing the types of "tangible things" which the DOJ or any of its components has sought or has the authority to seek through Section 215 orders, whether "pure" or "combination" orders (i.e., a 215 order made in conjunction with a pen register/trap and trace order);

2)  All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the use of Section 215 orders to further any "sensitive collection program," as referenced above;

3)  All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record relating to the scope of the DOJ or any of its component's authority under Section 215 or the legal basis for "sensitive collection programs" supported by Section 215 orders, including any briefings provided to the Senate Select Committee on Intelligence or the Senate Judiciary Committee, including the February 2, 2011 report described above;

4)  All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to modifications by the Foreign Intelligence Surveillance Court to applications for Section 215 orders submitted by the DOJ or any of its components;

5)  All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the Foreign Intelligence Surveillance Court's refusal to grant any applications for Section 215 orders submitted by the DOJ or any of its components;

6)  All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the DOJ or any of its component's withdrawal of any applications for Section 215 orders from the Foreign Intelligence Surveillance Court;

---

[7] Proposed amendment of S.B. 1308, *available at*
http://static1.firedoglake.com/28/files/2011/05/Wyden-Udall-Amendment.pdf.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   🌐 www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—DOJ
June 2, 2011
Page 4 of 10

7) All reports, memoranda, guidance, presentation, legal briefs, emails or any other
record related to the number of U.S. persons identified as subjects in Section 215
orders and the number of non-U.S. persons identified as subjects in Section 215
orders;

8) Copies of any invoices, receipts, bills, or any other similar document sent to the
DOJ or any of its components by any business or organization in order to be
reimbursed for the cost of compliance with a Section 215 order.

**Request for Expedited Processing**

For the reasons discussed below, a "compelling need" exists for the records sought in this
request, and, as such, EFF is entitled to expedited processing under 5 U.S.C. §
552(a)(6)(E)(v)(II) and 28 C.F.R. §§ 16.5(d)(1)(ii) and (iv).

*Expedited Processing under 28 C.F.R. § 16.5(d)(1)(ii)*

EFF is entitled to expedited processing of this request because there is "an urgency to inform the
public about an actual or alleged federal government activity" and EFF is "primarily engaged in
disseminating information." 28 C.F.R. § 16.5(d)(1)(ii).

An "urgency to inform the public" about the topic of a request exists when the request "concerns
a matter of current exigency to the American public," when the consequences of delaying a
response would "compromise a significant recognized interest," and when the request concerns
"federal government activity." *Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001).

Regarding the first prong of the *Al-Fayed* standard, a FOIA request "concerns a matter of current
exigency" when there has been widespread media coverage of the topic of the request. *See Al-
Fayed*, 254 F.3d at 311 (noting the first prong is satisfied when "there is substantial interest,
either on the part of the American public or the media" in the subject of the request); *see also
ACLU v. Dep't of Def.*, 2006 U.S. Dist. LEXIS 36888 at *7 (N.D. Cal. 2006) ("[E]xtensive
media interest usually is a fact supporting . . . urgency in the processing of FOIA requests.");
*Gerstein v. CIA*, 2006 U.S. Dist. LEXIS 89847, *18 (N.D. Cal. 2006) (citing *ACLU*).

The information sought by EFF's request has generated substantial media interest — both about
the reauthorization of the Patriot Act generally, and about the federal government's use of
Section 215 specifically. The reauthorization of the Patriot Act received coverage from
essentially every major media outlet in the United States. *See, e.g.,* Charlie Savage, *Deal
Reached on Extension of Patriot Act*, N.Y. Times at A16 (May 20, 2011);[8] Lisa Mascaro, *Patriot
Act Provisions Extended Just in Time*, L.A. Times (May 27, 2011);[9] Tom Cohen, *Obama*

---

[8] *Available at*

https://www.nytimes.com/2011/05/20/us/20patriot.html?scp=2&sq=patriot%20act&st=cse.
[9] *Available at* http://articles.latimes.com/2011/may/27/nation/la-na-patriot-act-20110527.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   🌐 www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—DOJ
June 2, 2011
Page 5 of 10

*Approves Extension of Expiring Patriot Act Provisions*, CNN (May 27, 2011);[10] *Obama Signs Last-Minute Patriot Act Extension*, FoxNews (May 27, 2011).[11] A Google News search of articles containing "Patriot Act" from the past week yields over 2,800 results. *See* screenshot of Google News results (attached).

Furthermore, there has been considerable media scrutiny of the specific topic of this request — namely, the legality and legitimacy of the federal government's interpretation and implementation of Section 215. *See, e.g.*, Charlie Savage, *Senators Say Patriot Act is Being Misinterpreted*, N.Y. Times at A17 (May 27, 2011);[12] Stephen Spencer Davis, *Obama Signs Patriot Act Extension: But not Before 2 Democratic Senators Hint that Justice Department is Abusing Law*, Slate (May 27, 2011);[13] Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired (May 27, 2011),[14] Jacob Sullum, *Renewed Patriot Act Treads on Our Liberty*, Chicago Sun-Times (June 1, 2011);[15] Declan McCullagh, *Patriot Act Renewed Despite Warnings of 'Secret' Law*, CNET News (May 28, 2011);[16] Joan McCarter, *Udall, Wyden Warn of Government Overreach in PATRIOT Act, Administration's 'Secret' Law*, Daily Kos (May 31, 2011);[17] John Tomasic, *Udall Warns of Government Overreach in Light of Vote Against Patriot Act*, Washington Independent (May 27, 2011);[18] E.D. Kain, *The Secret PATRIOT Act and the End of Limited Government in America*, Forbes (May 26, 2011);[19] *4 Senators Win Promise of a Patriot Act Hearing*, AP, (May 26, 2011);[20] *'Secret' Legal Interpretation of Patriot Act Provisions Troubles 2 Senators*, AP (May 26, 2011);[21] Mark Benjamin, *Democrats Describe Secret Justice Department Spying Opinion*, Time (May 27, 2011);[22] Steven Aftergood, *Sen Wyden Decries 'Secret Law' on PATRIOT Act*, Secrecy News (May 25, 2011).[23]

---

[10] *Available at* http://www.cnn.com/2011/POLITICS/05/27/congress.patriot.act/index.html.

[11] *Available at* http://www.foxnews.com/politics/2011/05/27/senate-clearing-way-extend-patriot-act/.

[12] *Available at*
https://www.nytimes.com/2011/05/27/us/27patriot.html?scp=3&sq=patriot%20act&st=cse

[13] *Available at*
http://slatest.slate.com/posts/2011/05/27/patriot_act_extension_obama_signs_law_despite_claims_that_the_ju.html.

[14] *Available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.

[15] *Available at* http://www.suntimes.com/news/otherviews/5716014-417/renewed-patriot-act-treads-on-our-liberty.html.

[16] *Available at* http://news.cnet.com/8301-31921_3-20067005-281.html.

[17] *Available at* http://www.dailykos.com/story/2011/05/31/980839/-Udall,-Wyden-warn-of-government-overreach-in-PATRIOT-Act,-administrations-secretlaw-.

[18] *Available at* http://washingtonindependent.com/110229/udall-warns-of-government-overreach-in-light-of-vote-against-patriot-act.

[19] *Available at* http://blogs.forbes.com/erikkain/2011/05/26/the-secret-patriot-act-and-the-end-of-limited-government-in-america/.

[20] *Available at* http://www.miamiherald.com/2011/05/26/2237067/2-senators-win-promise-of-patriot.html.

[21] *Available at*

Freedom of Information Act Request—DOJ
June 2, 2011
Page 6 of 10

As demonstrated by the considerable media interest in both Patriot Act reauthorization broadly and the government's interpretation and use of Section 215 specifically, this request concerns a "matter of current exigency" to the American public. *See Al-Fayed*, 254 F.3d at 310-11.

Regarding the second prong of the *Al-Fayed* standard, threats to citizens' civil liberties and privacy constitute a "significant recognized interest" that can be compromised by a delayed response to a FOIA request. *See ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2003); *Al-Fayed*, 254 F.3d 310. The statements of Senators Durbin, Feingold, Udall, and Wyden all raise serious and legitimate concerns about the threats posed to citizens' civil liberties by an expansive and, potentially, illegitimate interpretation of Section 215 by the federal government. *See supra* pgs 1 - 2. Any questionable use of Section 215 threatens "important individual liberties and privacy concerns which are of immediate public interest." *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2003).

Third, there can be no question that the information sought in this request — records related to the federal government's use and interpretation of Section 215 — concern an actual federal government activity. 28 C.F.R. § 16.5(d)(1)(ii). DOJ officials have repeatedly confirmed that Section 215 is used by the DOJ and its components for a variety of purposes, including relied to further "sensitive collection programs." *See, e.g.*, Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," September 22, 2009.[24]

Finally, as explained below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information" under 28 C.F.R. § 16.5(d)(1)(ii). Indeed, the FBI and other DOJ components have granted previous EFF requests for expedited processing under 28 C.F.R. § 16.5(d)(1)(ii) and have thus acknowledged that the organization is "primarily engaged in disseminating information." *See* Letter to David Sobel of EFF, dated October 21, 2009 (attached). Consequently, EFF is entitled to expedited processing of this request under 28 C.F.R. § 16.5(d)(1)(ii).

### *Expedited Processing under 28 C.F.R. § 16.5(d)(1)(iv)*

EFF is also entitled to expedited processing under 28 C.F.R. § 16.5(d)(1)(iv) because the subject of the request concerns "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

As demonstrated above, the federal government's interpretation and use of Section 215 is unquestionably the subject of widespread and exceptional media interest. *See* Expedited

---

http://www.washingtonpost.com/politics/secret-legal-interpretation-of-patriot-act-provisions-troubles-2-senators/2011/05/26/AG7fflCH_story.html;

[22] *Available at* http://battleland.blogs.time.com/2011/05/27/democrats-describe-secret-justice-department-spying-opinion/.

[23] *Available at* http://www.fas.org/blog/secrecy/2011/05/wyden_secret_law.html.

[24] *Available at* http://judiciary.house.gov/hearingshear_090922.html.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   🌐 www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—DOJ
June 2, 2011
Page 7 of 10

Processing under 28 C.F.R. § 16.5(d)(1)(ii), *supra* pg 5; *see also Edmonds v. FBI*, 2002 US Dist. LEXIS 26578, *10 (D.D.C. 2002) (noting "extensive media coverage" satisfied by "numerous newspaper articles in the printed press . . . and on TV"), *rev'd on other grounds* 417 F.3d 1319 (D.C. Cir 2005); *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 31 (D.D.C. 2004) (holding "widespread and exceptional media interest" existed under 28 C.F.R. § 16.5(d)(1)(iv) in request for records related to the FBI's use of Section 215).

Moreover, based on the statements of Senators Durbin, Feingold, Udall, and Wyden, legitimate questions exist about the government's interpretation of Section 215, "which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). Notably, those Senators have questioned whether Congress' reauthorization of Section 215 met "the test of a democratic society"[25] and warned that the American people would be "stunned and angry"[26] with the government's interpretation of Section 215. Comments such as these, coming from elected officials briefed on the DOJ's expansive interpretation and use of Section 215, call into question the integrity of that interpretation, thus undermining public confidence. Moreover, the widespread media attention given to the Senators' comments further affects public confidence. Consequently, the records sought in this request satisfy the requirements for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv).

**Format of Documents**

FOIA provides that agency records include records "maintained by an agency in any format, including electronic format." 18 USC § 552(f)(2)(A). FOIA also provides that an agency should search for records in "electronic form or format," 18 USC § 552(a)(3)(C), and "shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 18 USC § 552(a)(3)(B). Accordingly, we request that, where available and appropriate, the requested records be provided in the following manner:

1) That files stored in electronic format be produced in electronic format;

2) That files be produced either in their native format (likely appropriate for spreadsheets and database files—for example, Microsoft Excel files produced as .xls electronic files) or as text-searchable pdf formatted files (likely appropriate for word processing documents, letters, memos, or emails);

3) That files preserve the "parent / child" relationship between records (for example, if an email has an attachment, that attachment—or, if appropriate, information regarding the attachment's withholding—should accompany or follow the pdf of the email); and that the beginning and ending of individual records is clearly indicated.

EFF also requests that all pages be consecutively numbered and that the page numbers of records withheld in full be clearly indicated in a document or file accompanying the produced records.

---

[25] *See* Remarks of Sen. Richard Durbin, *supra* page 2.
[26] *See* Statement of Sen. Ron Wyden, *supra* page 2.

454 Shotwell Street • San Francisco, CA 94110 USA
☏ +1 415 436 9333   🖷 +1 415 436 9993   🌐 www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—DOJ
June 2, 2011
Page 8 of 10

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because it qualifies as a "representative of the news media" pursuant to the FOIA and 28 C.F.R. §§ 16.11(b)(6), (d)(1). In requesting this classification, we note that the Department of Homeland Security has recognized that EFF qualifies as a "news media" requester, based upon the publication activities set forth below. *See* DHS stipulation (attached). In addition, the National Security Agency ("NSA") has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing. *See* NSA response to EFF FOIA request (attached). These precedents are particularly important in light of the fact that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[27] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[28] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, https://www.eff.org, which reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues. EFF posts documents received in response to its FOIA requests here, along with accompanying analysis and commentary. *See* https://www.eff.org/issues/foia.

EFF has also regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at https://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (https://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues.[29]

In addition to reporting high tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at https://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

---

[27] Guidestar Basic Report, Electronic Frontier Foundation,
http://www.guidestar.org/pqShowGsReport.do?npoId=561625 (last visited July 8, 2009).
[28] *Id.*
[29] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

Freedom of Information Act Request—DOJ
June 2, 2011
Page 9 of 10

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

EFF also records and releases podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of search and duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11(k)(1). To determine whether a request meets this standard, regulations require the DOJ and its components to assess whether "[d]isclosure of the requested information . . . is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 28 C.F.R. §§ 16.11(k)(1)(i), (ii). EFF's request clearly satisfies these criteria.

First, information concerning the Department of Justice and its components' interpretation and use of Section 215 clearly and directly relates to the "operations or activities of the federal government." 28 C.F.R. § 16.11(k)(2)(i).

Second, disclosure of the requested information will "contribute to an understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (internal quotation marks omitted). EFF has requested information that will shed light on the scope, legality, and legitimacy of the government's interpretation and use of Section 215. The requested information is not in the public domain and, therefore, will necessarily contribute to a more robust public understanding of the subject.

Third, the requested material will contribute to "public understanding" of the DOJ and its components' interpretation and use of Section 215. 28 C.F.R. § 16.11(k)(2)(iii) (internal quotation marks omitted). This information will contribute not only to EFF's understanding, but to the understanding of a reasonably broad audience of persons interested in the subject. EFF will make the information obtained through this request available to the public and the media through

Freedom of Information Act Request—DOJ
June 2, 2011
Page 10 of 10

its web site and the EFF newsletter, which highlight developments concerning privacy and civil liberties issues. Because EFF is a representative of the news media, EFF's request presumptively satisfies this criterion. *Id.*

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of the DOJ's interpretation and use of Section 215. 28 C.F.R. § 16.11(k)(2)(iv) (internal quotation marks omitted). Beyond the cryptic statements of four Senators and some limited testimony from DOJ officials, very little is known about the perceived scope of federal government under Section 215. As such, the response to this FOIA request will undoubtedly enhance the public's understanding of the subject.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. 28 C.F.R. § 16.11(k)(1)(ii). EFF is a 501(c)(3) nonprofit organization, and will not derive commercial benefit from the information at issue here.

Thank you for your consideration of this request. As the FOIA provides, I will anticipate a determination on our request for expedited processing within 10 calendar days and a determination with respect to the disclosure of requested records within 20 working days. If you have any questions or concerns, do not hesitate to contact me at 415.436.933 x 137 or at mark@eff.org.

To the best of my knowledge and belief, I certify this request to be true and correct.

Sincerely,

Mark Rumold
Open Government Legal Fellow

Attachments

454 Shotwell Street • San Francisco, CA 94110 USA
+1 415 436 9333    +1 415 436 9993    www.eff.org    information@eff.org

thorization" - Google News - Internet Explorer provided by Dell

 news.google.com/news/search?aq=f&ech=1&oe=utf-8&ie=utf-8&q=%22patriot+act%22+and+%22reauthorization%22...

rites   Tools   Help

Customize Links   🔍 Suggested Sites ▾   🥯 Web Slice Gallery ▾

uthorization" - Google News

s   Maps   News   Shopping   Gmail   more ▾

ews   "patriot act" and "reauthorization"        Search News

Advanced news search

Results 1 – 10 of about 64 for patriot-act and reauthorizati

Follow "patriot act" and "reauthorization" news

**Kinzinger Statement on Reauthorization of Expiring Provisions in the PATRIOT
Act**
Chicago*Now* (blog) - May 31, 2011
Washington, DC - Congressman Adam Kinzinger (IL-11) issued the following statement in support of
the reauthorization of the three national security provisions in the PATRIOT Act which are set to
expire on Thursday, May 26th. These provisions will be ...
An Un-Patriotic Act on Memorial Day weekend   Virginia Tech Collegiate Times
all 72 news articles »

**Senate votes to proceed on four-year reauthorization of key Patriot Act
provisions**
Washington Post (blog) - Felicia Sonmez - May 23, 2011
The White House indicated Monday that it "strongly supports" the reauthorization of the three
Patriot Act provisions. The wide margin of victory means that passage is all but assured when the
measure comes up for a final vote this week. ...
📹 Video  US Congress agrees to extend Patriot Act 📺 Al Jazeera
Baucus, Tester fail to halt Patriot Act reauthorization bill   Great Falls Tribune
PATRIOT Act reauthorization more demands reforms   People's World
The Republic - msnbc.com
all 2,838 news articles »

**Reauthorization of Patriot Act for was right and necessary for effective ...**
New York Daily News - May 28, 2011

🌐 Internet | Protected Mode: On



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

October 21, 2009

Mr. David L. Sobel
Senior Counsel
Electronic Frontier Foundation
Suite 650
1875 Connecticut Avenue, Northwest
Washington, DC 20009

FOIPA No.: 1138791
Subject: USA PATRIOT Act /
Re-Authorization of Three
Provisions

Dear Mr. Sobel:

This is in reference to your request to the U.S. Department of Justice (DOJ), Federal Bureau of Investigation (FBI) Headquarters, for expedition of your Freedom of Information Act (FOIA) request dated September 25, 2009. Your FOIA request seeks information on the "Justice Department's recommendations on the three provisions of the Foreign Intelligence Surveillance Act (FISA) currently scheduled to expire on December 31, 2009", specifically the three provisions "Roving Wiretaps" (USA PATRIOT Act Section 206); "Business Records" (USA PATRIOT Act Section 215); and "Lone Wolf" (Intelligence Reform and Terrorism Prevention Act of 2004 Section 6001). You requested expedited processing pursuant to the Department of Justice standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. §16.5 (d)(1)(ii). Your request for expedition has been approved.

By separate letter dated October 21, 2009, the FBI acknowledged your FOIA request and advised that you that your FOIA request has been assigned FOIPA Request No. 1138791, and we have begun to conduct a search for potentially responsive records. Once the FBI completes its search for all records potentially responsive to your FOIA request, you will be advised as to the outcome of this search effort.

With respect to the portion of your letter seeking a waiver of the customary fees, we will make a decision once our records search is completed. In the event that your request for a fee waiver is denied, you will be notified of any applicable fees prior to the processing of any responsive records.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER )
FOUNDATION )
)
        Plaintiff, )
)
v. )    Civil Action No. 06-1988 (ESH)
)
DEPARTMENT OF HOMELAND )
SECURITY, )
)
        Defendant. )

## STIPULATED DISMISSAL OF PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff Electronic Frontier Foundation (EFF) and Defendant Department of Homeland

Security (DHS), by counsel, hereby stipulate and agree as follows:

    1.    Defendant DHS has granted news media status to Plaintiff EFF based on the

representations contained in EFF's FOIA requests, which demonstrate that EFF is an "entity that

is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6).

Defendant DHS will continue to regard Plaintiff EFF as a "representative of the news media"

absent a change in circumstances that indicates that EFF is no longer an "entity that is organized

and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6).

    2.    Accordingly, the parties herewith agree to the dismissal of Plaintiff EFF's Second

Cause of Action, related to EFF's status as a "representative of the news media."

    3.    The parties further agree that each will pay its own fees and costs for work on the

dismissed claim.

    SO STIPULATED AND AGREED this 27th day of February, 2007.

_/s/ David L. Sobel_

DAVID L. SOBEL
D.C. Bar 360418

MARCIA HOFMANN
D.C. Bar 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, D.C. 20009
(202) 797-9009

_Counsel for Plaintiff_

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
D.C. Bar 418925
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

_/s/ John R. Coleman_

JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
(202) 514-4505

_Counsel for Defendant_



**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case:  52276
6 February 2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
1875 Connecticut Avenue, NW
Suite 650
Washington, DC  20009

Dear Ms. Hofmann:

     This is an initial response to your Freedom of Information Act (FOIA)
request submitted via facsimile on 23 January 2007, which was received by
this office on 24 January 2007, for all agency records (including, but not
limited to, electronic records) related to the NSA's review of and input on the
configuration of the Microsoft Windows Vista operating system ("Vista").  Your
request has been assigned Case Number 52276.

     As we began to process your request, we realized that the first page of the
actual request was missing from your 18-page facsimile package.  On
1 February 2007, a member of my staff contacted you to advise you of this fact.
As a result, you submitted another facsimile of your original five-page request,
which we received and have begun to process.  There is certain information
relating to this processing about which the FOIA and applicable Department of
Defense (DoD) and NSA/CSS regulations require we inform you.

     For purposes of this request and based on the information you provided
in your letter, you are considered a representative of the media.  Unless you
qualify for a fee waiver or reduction, you must pay for duplication in excess of
the first 100 pages.  Your request for a fee waiver has been granted.  In
addition, please be advised your request for expedited treatment has been
accepted.  We are currently in the process of searching for responsive
documents and will notify you of the status of your request as soon as that
search has been completed.

     Correspondence related to your request should include the case number
assigned to your request, which is included in the first paragraph of this letter.
Your letter should be addressed to National Security Agency, FOIA Office

FOIA Case:  52276

(DC34), 9800 Savage Road STE 6248, Ft. George G. Meade, MD  20755-6248
or may be sent by facsimile to 443-479-3612.  If sent by fax, it should be
marked for the attention of the FOIA office.  The telephone number of the FOIA
office is 301-688-6527.

Sincerely,

*Marianne Stigaar*

PAMELA N. PHILLIPS
Chief
FOIA/PA Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

# EXHIBIT B

David P.

Mark Rumold [mark@eff.org]
Thursday, June 02, 2011 9:01 PM
FOIPA_Request
Subject:      Expedited FOIA Request
Attachments:  EFF_FOIA Request on Section 215_FBI_06022011.pdf

Dear FOIA Officer,

Please find attached an expedited FOIA request submitted to the FBI on behalf of the
Electronic Frontier Foundation. If you have any questions or concerns about this request,
please feel free to contact me at
415.436.9333 x137 or at mark@eff.org. Thank you for your prompt attention to this matter.

Sincerely,

Mark Rumold
--
Mark Rumold
Open Government Legal Fellow
Electronic Frontier Foundation
mark@eff.org
415.436.9333 x137



**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

June 2, 2011

**VIA EMAIL** — foiparequest@ic.fbi.gov

David M. Hardy
Section Chief, Record/Information Dissemination Section
Federal Bureau of Investigation
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4483

    **RE:**   **Freedom of Information Act Request and Request for Expedited Processing**

Dear Mr. Hardy:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Federal Bureau of Investigation ("FBI") on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

Since its inception, the USA PATRIOT Act (the "Patriot Act") has engendered controversy. In particular, the government's use of one provision — Section 215 — has consistently sparked concern among elected officials, civil rights advocates, and citizens. This request seeks agency records specifically related to the FBI's interpretation and use of Section 215.

Section 215 of the Patriot Act, which amended the Foreign Intelligence Surveillance Act ("FISA"), provides federal government agencies with the power to obtain a court order for "any tangible thing" upon a showing that the requested items are "relevant to an authorized [counterintelligence or counterterrorism] investigation." 50 U.S.C. §§ 1861(a)(1), (b)(2)(A). Section 215, along with Section 206 (the "roving wiretap" provision) and the "lone wolf" provision of the Intelligence Reform and Terrorism Prevention Act of 2004, were initially schedule to sunset in 2005, but, after brief extensions, were subsequently reauthorized for four additional years.

In 2009, Department of Justice ("DOJ") attorneys publicly disclosed that Section 215 orders were being used to support a "sensitive collection program."[1] Shortl y after this disclosure, elected officials briefed on the government's interpretation and use of 215 orders began to question the legitimacy of the government's use of its expanded Patriot Act powers. Senator Richard Durbin, a member of the Senate Judiciary Committee, stated that the government's use

---

[1] Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," Septemeber 22, 2009, *available at* http://judiciary.house.gov/hearingshear_090922.html.

454 Shotwell Street ● San Francisco, CA 94110 USA
● +1 415 436 9333   ● +1 415 436 9993   ● www.eff.org   ● information@eff.org

Freedom of Information Act Request—FBI
June 2, 2011
Page 2 of 10

of "Section 215 is unfortunately cloaked in secrecy. Some day that cloak will be lifted, and future generations will ask whether our actions today meet the test of a democratic society: transparency, accountability, and fidelity to the rule of law and our Constitution."[2]

Similarly, then-Senator Russ Feingold, a member of both the Senate Judiciary Committee and the Senate Select Committee on Intelligence, stated: "There is information about the use of Section 215 orders that I believe Congress and the American people deserve to know . . . [Section 215 orders] have been misused."[3] Despite the Senators' admonitions, Section 215 was reauthorized until 2011.

In May 2011, during the limited debate on the reauthorization of the expiring provisions of the Patriot Act, two Senators on the Senate Select Committee on Intelligence again voiced concerns about the government's use of 215 orders. In an interview, Senator Ron Wyden stated that he was "extremely interested in reforming [Section 215]."[4] Then, in a speech on the Senate floor, Senator Wyden declared:

> "I want to deliver a warning this afternoon: when the American people find out how their government has secretly interpreted the Patriot Act, they will be stunned and they will be angry . . . . The fact is that anyone can read the plain text of the Patriot Act, and yet many members of Congress have no idea how the law is being secretly interpreted by the executive branch."[5]

Senator Tom Udall echoed similar concerns about the scope of Section 215: "Congress is granting powers to the executive branch that lead to abuse, and frankly shield the Executive Branch from accountability."[6]

Senators Wyden and Udall co-sponsored an amendment to the reauthorization of the Patriot Act. The amendment would have required government officials to "not secretly reinterpret public laws and statutes in a manner that is inconsistent with the public's understanding of these laws, and [to] not describe the execution of these laws in a way that misinforms or misleads the

---

[2] Remarks of Sen. Richard Durbin, Senate Judiciary Committee "Executive Business Meeting," (October 1, 2009) *available at*
http://judiciary.senate.gov/resources/webcasts/index.cfm?changedate=09-28-09&p=all.
[3] Statement of Sen. Russ Feingold, Senate Judiciary Committee Hearing, "Reauthorizing the USA PATRIOT Act: Ensuring Liberty and Security," September 23, 2009, *available at* http://judiciary.senate.gov/hearings/testimony.cfm?id=4062&wit_id=4083.
[4] Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired (May 27, 2011), *available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.
[5] Statement of Sen. Ron Wyden, On Patriot Act Reauthorization (May 26, 2011), *available at* http://wyden.senate.gov/newsroom/press/release/?id=34eddcdb-2541-42f5-8f1d-19234030d91e.
[6] Statement of Sen. Tom Udall, On Patriot Act Reauthorization (May 26, 2011), *available at* http://markudall.senate.gov/?p=press_release&id=1090.

Freedom of Information Act Request—FBI
June 2, 2011
Page 3 of 10

public."[7] The amendment would have also required the Attorney General to publish "the legal basis for the intelligence collection activities described in [a] February 2, 2011 report [from the Attorney General and Director of National Intelligence regarding intelligence collection authorities scheduled to expire under Section 224 of the Patriot Act]." Again, over the objection of Senators briefed on the government's secret interpretation and use of Section 215, the three expiring provisions of the Patriot Act were extended until 2014.

Accordingly, EFF hereby requests agency records (including, but not limited to, electronic records) created from January 1, 2004 to the present discussing, concerning, or reflecting the FBI's interpretation or use of Section 215 orders, including:

1) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record describing the types of "tangible things" which the FBI has sought or has the authority to seek through Section 215 orders, whether "pure" or "combination" orders (i.e., a 215 order made in conjunction with a pen register/trap and trace order);

2) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the use of Section 215 orders to further any "sensitive collection program," as referenced above;

3) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record relating to the scope of the FBI's authority under Section 215 or the legal basis for "sensitive collection programs" supported by Section 215 orders, including any briefings provided to the Senate Select Committee on Intelligence or the Senate Judiciary Committee, including the February 2, 2011 report described above;

4) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to modifications by the Foreign Intelligence Surveillance Court to applications for Section 215 orders submitted by the FBI;

5) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the Foreign Intelligence Surveillance Court's refusal to grant any applications for Section 215 orders submitted by the FBI;

6) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the FBI's withdrawal of any applications for Section 215 orders from the Foreign Intelligence Surveillance Court;

7) All reports, memoranda, guidance, presentation, legal briefs, emails or any other record related to the number of U.S. persons identified as subjects in Section 215

---

[7] Proposed amendment of S.B. 1308, *available at* http://static1.firedoglake.com/28/files/2011/05/Wyden-Udall-Amendment.pdf.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   🌐 www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—FBI
June 2, 2011
Page 4 of 10

      orders and the number of non-U.S. persons identified as subjects in Section 215
      orders;

8)  Copies of any invoices, receipts, bills, or any other similar document sent to the
      FBI by any business or organization in order to be reimbursed for the cost of
      compliance with a Section 215 order.

**Request for Expedited Processing**

For the reasons discussed below, a "compelling need" exists for the records sought in this request, and, as such, EFF is entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 28 C.F.R. §§ 16.5(d)(1)(ii) and (iv).

*Expedited Processing under 28 C.F.R. § 16.5(d)(1)(ii)*

EFF is entitled to expedited processing of this request because there is "an urgency to inform the public about an actual or alleged federal government activity" and EFF is "primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii).

An "urgency to inform the public" about the topic of a request exists when the request "concerns a matter of current exigency to the American public," when the consequences of delaying a response would "compromise a significant recognized interest," and when the request concerns "federal government activity." *Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001).

Regarding the first prong of the *Al-Fayed* standard, a FOIA request "concerns a matter of current exigency" when there has been widespread media coverage of the topic of the request. *See Al-Fayed*, 254 F.3d at 311 (noting the first prong is satisfied when "there is substantial interest, either on the part of the American public or the media" in the subject of the request); *see also ACLU v. Dep't of Def.*, 2006 U.S. Dist. LEXIS 36888 at *7 (N.D. Cal. 2006) ("[E]xtensive media interest usually is a fact supporting. . . urgency in the processing of FOIA requests."); *Gerstein v. CIA*, 2006 U.S. Dist. LEXIS 89847, *18 (N.D. Cal. 2006) (citing *ACLU*).

The information sought by EFF's request has generated substantial media interest — both about the reauthorization of the Patriot Act generally, and about the federal government's use of Section 215 specifically. The reauthorization of the Patriot Act received coverage from essentially every major media outlet in the United States. *See, e.g.*, Charlie Savage, *Deal Reached on Extension of Patriot Act*, N.Y. Times at A16 (May 20, 2011);[8] Lisa Mascaro, *Patriot Act Provisions Extended Just in Time*, L.A. Times (May 27, 2011);[9] Tom Cohen, *Obama Approves Extension of Expiring Patriot Act Provisions*, CNN (May 27, 2011);[10] *Obama Signs*

---

[8] *Available at*
https://www.nytimes.com/2011/05/20/us/20patriot.html?scp=2&sq=patriot%20act&st=cse.
[9] *Available at* http://articles.latimes.com/2011/may/27/nation/la-na-patriot-act-20110527.
[10] *Available at* http://www.cnn.com/2011/POLITICS/05/27/congress.patriot.act/index.html.

Freedom of Information Act Request—FBI
June 2, 2011
Page 5 of 10

*Last-Minute Patriot Act Extension*, FoxNews (May 27, 2011).[11] A Google News search of articles containing "Patriot Act" from the past week yields over 2,800 results. *See* screenshot of Google News results (attached).

Furthermore, there has been considerable media scrutiny of the specific topic of this request — namely, the legality and legitimacy of the federal government's interpretation and implementation of Section 215. *See, e.g.*, Charlie Savage, *Senators Say Patriot Act is Being Misinterpreted*, N.Y. Times at A17 (May 27, 2011);[12] Stephen Spencer Davis, *Obama Signs Patriot Act Extension: But not Before 2 Democratic Senators Hint that Justice Department is Abusing Law*, Slate (May 27, 2011);[13] Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired (May 27, 2011);[14] Jacob Sullum, *Renewed Patriot Act Treads on Our Liberty*, Chicago Sun-Times (June 1, 2011);[15] Declan McCullagh, *Patriot Act Renewed Despite Warnings of 'Secret' Law*, CNET News (May 28, 2011);[16] Joan McCarter, *Udall, Wyden Warn of Government Overreach in PATRIOT Act, Administration's 'Secret' Law*, Daily Kos (May 31, 2011);[17] John Tomasic, *Udall Warns of Government Overreach in Light of Vote Against Patriot Act*, Washington Independent (May 27, 2011);[18] E.D. Kain, *The Secret PATRIOT Act and the End of Limited Government in America*, Forbes (May 26, 2011);[19] *4 Senators Win Promise of a Patriot Act Hearing*, AP, (May 26, 2011);[20] *'Secret' Legal Interpretation of Patriot Act Provisions Troubles 2 Senators*, AP (May 26, 2011);[21] Mark Benjamin, *Democrats Describe Secret Justice Department Spying Opinion*, Time (May 27, 2011);[22] Steven Aftergood, *Sen. Wyden Decries 'Secret Law' on PATRIOT Act*, Secrecy News (May 25, 2011).[23]

---

[11] *Available at* http://www.foxnews.com/politics/2011/05/27/senate-clearing-way-extend-patriot-act/.
[12] *Available at*
https://www.nytimes.com/2011/05/27/us/27patriot.html?scp=3&sq=patriot%20act&st=cse
[13] *Available at*
http://slatest.slate.com/posts/2011/05/27/patriot_act_extension_obama_signs_law_despite_claim s_that_the_ju.html.
[14] *Available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.
[15] *Available at* http://www.suntimes.com/news/otherviews/5716014-417/renewed-patriot-act-treads-on-our-liberty.html.
[16] *Available at* http://news.cnet.com/8301-31921_3-20067005-281.html.
[17] *Available at* http://www.dailykos.com/story/2011/05/31/980839/-Udall,-Wyden-warn-of-government-overreach-in-PATRIOT-Act,-administrations-secretlaw-.
[18] *Available at* http://washingtonindependent.com/110229/udall-warns-of-government-overreach-in-light-of-vote-against-patriot-act.
[19] *Available at* http://blogs.forbes.com/erikkain/2011/05/26/the-secret-patriot-act-and-the-end-of-limited-government-in-america/.
[20] *Available at* http://www.miamiherald.com/2011/05/26/2237067/2-senators-win-promise-of-patriot.html.
[21] *Available at*
http://www.washingtonpost.com/politics/secret-legal-interpretation-of-patriot-act-provisions-troubles-2-senators/2011/05/26/AG7ffICH_story.html;

454 Shotwell Street • San Francisco, CA 94110 USA
● +1 415 436 9333    ● +1 415 436 9993    ● www.eff.org    ● information@eff.org

Freedom of Information Act Request—FBI
June 2, 2011
Page 6 of 10

As demonstrated by the considerable media interest in both Patriot Act reauthorization broadly and the government's interpretation and use of Section 215 specifically, this request concerns a "matter of current exigency" to the American public. *See Al-Fayed*, 254 F.3d at 310-11.

Regarding the second prong of the *Al-Fayed* standard, threats to citizens' civil liberties and privacy constitute a "significant recognized interest" that can be compromised by a delayed response to a FOIA request. *See ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2003); *Al-Fayed*, 254 F.3d 310. The statements of Senators Durbin, Feingold, Udall, and Wyden all raise serious and legitimate concerns about the threats posed to citizens' civil liberties by an expansive and, potentially, illegitimate interpretation of Section 215 by the federal government. *See supra* pgs 1 - 2. Any questionable use of Section 215 threatens "important individual liberties and privacy concerns which are of immediate public interest." *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2003).

Third, there can be no question that the information sought in this request — records related to the federal government's use and interpretation of Section 215 — concern an actual federal government activity. 28 C.F.R. § 16.5(d)(1)(ii). DOJ officials have repeatedly confirmed that Section 215 is used by the DOJ and its components for a variety of purposes, including support of "sensitive collection programs." *See, e.g.,* Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," Septemeber 22, 2009.[24]

Finally, as explained below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information" under 28 C.F.R. § 16.5(d)(1)(ii). Indeed, the FBI and other DOJ components have granted previous EFF requests for expedited processing under 28 C.F.R. § 16.5(d)(1)(ii) and have thus acknowledged that the organization is "primarily engaged in disseminating information." *See* Letter to David Sobel of EFF, dated October 21, 2009 (attached). Consequently, EFF is entitled to expedited processing of this request under 28 C.F.R. § 16.5(d)(1)(ii).

*Expedited Processing under 28 C.F.R.§ 16.5(d)(1)(iv)*

EFF is also entitled to expedited processing under 28 C.F.R. § 16.5(d)(1)(iv) because the subject of the request concerns "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

As demonstrated above, the federal government's interpretation and use of Section 215 is unquestionably the subject of widespread and exceptional media interest. *See* Expedited Processing under 28 C.F.R. § 16.5(d)(1)(ii), *supra* pg 5; *see also Edmonds v. FBI*, 2002 US Dist. LEXIS 26578, *10 (D.D.C. 2002) (noting "extensive media coverage" satisfied by "numerous

---

[22] *Available at* http://battleland.blogs.time.com/2011/05/27/democrats-describe-secret-justice-department-spying-opinion/.
[23] *Available at* http://www.fas.org/blog/secrecy/2011/05/wyden_secret_law.html.
[24] *Available at* http://judiciary.house.gov/hearingshear_090922.html.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   ● www.eff.org   ✉ information@eff.org

Freedom of Information Act Request—FBI
June 2, 2011
Page 7 of 10

newspaper articles in the printed press . . . and on TV"), *rev'd on other grounds* 417 F.3d 1319 (D.C. Cir 2005); *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 31 (D.D.C. 2004) (holding "widespread and exceptional media interest" existed under 28 C.F.R. § 16.5(d)(1)(iv) in request for records related to the FBI's use of Section 215).

Moreover, based on the statements of Senators Durbin, Feingold, Udall, and Wyden, legitimate questions exist about the government's interpretation of Section 215, "which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). Notably, those Senators have questioned whether Congress' reauthorization of Section 215 met "the test of a democratic society"[25] and warned that the American people would be "stunned and angry"[26] with the government's interpretation of Section 215. Comments such as these, coming from elected officials briefed on the DOJ and FBI's expansive interpretation and use of Section 215, call into question the integrity of that interpretation, thus undermining public confidence. Moreover, the widespread media attention given to the Senators' comments further affects public confidence. Consequently, the records sought in this request satisfy the requirements for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv).

Pursuant to DOJ regulations, this request is also being submitted to the DOJ Office of Public Affairs. 28 C.F.R. § 16.5(d)(2).

**Format of Documents**

FOIA provides that agency records include records "maintained by an agency in any format, including electronic format." 18 USC § 552(f)(2)(A). FOIA also provides that an agency should search for records in "electronic form or format," 18 USC § 552(a)(3)(C), and "shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 18 USC § 552(a)(3)(B). Accordingly, we request that, where available and appropriate, the requested records be provided in the following manner:

  1) That files stored in electronic format be produced in electronic format;

  2) That files be produced either in their native format (likely appropriate for spreadsheets and database files—for example, Microsoft Excel files produced as .xls electronic files) or as text-searchable pdf formatted files (likely appropriate for word processing documents, letters, memos, or emails);

  3) That files preserve the "parent / child" relationship between records (for example, if an email has an attachment, that attachment—or, if appropriate, information regarding the attachment's withholding—should accompany or follow the pdf of the email); and that the beginning and ending of individual records is clearly indicated.

---

[25] *See* Remarks of Sen. Richard Durbin, *supra* page 2.
[26] *See* Statement of Sen. Ron Wyden, *supra* page 2.

454 Shotwell Street • San Francisco, CA 94110 USA
● +1 415 436 9333   ● +1 415 436 9993   ● www.eff.org   ● information@eff.org

Freedom of Information Act Request—FBI
June 2, 2011
Page 8 of 10

EFF also requests that all pages be consecutively numbered and that the page numbers of records withheld in full be clearly indicated in a document or file accompanying the produced records.

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because it qualifies as a "representative of the news media" pursuant to the FOIA and 28 C.F.R. §§ 16.11(b)(6), (d)(1). In requesting this classification, we note that the Department of Homeland Security has recognized that EFF qualifies as a "news media" requester, based upon the publication activities set forth below. *See* DHS stipulation (attached). In addition, the National Security Agency ("NSA") has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing. *See* NSA response to EFF FOIA request (attached). These precedents are particularly important in light of the fact that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[27] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[28] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, https://www.eff.org, which reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues. EFF posts documents received in response to its FOIA requests here, along with accompanying analysis and commentary. *See* https://www.eff.org/issues/foia.

EFF has also regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at https://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (https://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues.[29]

In addition to reporting high tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since

---

[27] Guidestar Basic Report, Electronic Frontier Foundation,
http://www.guidestar.org/pqShowGsReport.do?npoId=561625 (last visited July 8, 2009).
[28] *Id.*
[29] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

454 Shotwell Street • San Francisco, CA 94110 USA
● +1 415 436 9333   ● +1 415 436 9993   ● www.eff.org   ● information@eff.org

2002. These papers, available at https://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

EFF also records and releases podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of search and duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11(k)(1). To determine whether a request meets this standard, regulations require the FBI to assess whether "[d]isclosure of the requested information . . . is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 28 C.F.R. §§ 16.11(k)(1)(i), (ii). EFF's request clearly satisfies these criteria.

First, information concerning the FBI's interpretation and use of Section 215 clearly and directly relates to the "operations or activities of the federal government." 28 C.F.R. § 16.11(k)(2)(i).

Second, disclosure of the requested information will "contribute to an understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (internal quotation marks omitted). EFF has requested information that will shed light on the scope, legality, and legitimacy of the government's interpretation and use of Section 215. The requested information is not in the public domain and, therefore, will necessarily contribute to a more robust public understanding of the subject.

Third, the requested material will contribute to "public understanding" of the FBI's interpretation and use of Section 215. 28 C.F.R. § 16.11(k)(2)(iii) (internal quotation marks omitted). This information will contribute not only to EFF's understanding, but to the understanding of a

Freedom of Information Act Request—FBI
June 2, 2011
Page 10 of 10

reasonably broad audience of persons interested in the subject. EFF will make the information obtained through this request available to the public and the media through its web site and the EFF newsletter, which highlight developments concerning privacy and civil liberties issues. Because EFF is a representative of the news media, EFF's request presumptively satisfies this criterion. *Id.*

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of the FBI's interpretation and use of Section 215. 28 C.F.R. § 16.11(k)(2)(iv) (internal quotation marks omitted). Beyond the cryptic statements of four Senators and some limited testimony from DOJ officials, very little is known about the perceived scope of federal government under Section 215. As such, the response to this FOIA request will undoubtedly enhance the public's understanding of the subject.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. 28 C.F.R. § 16.11(k)(1)(ii). EFF is a 501(c)(3) nonprofit organization, and will not derive commercial benefit from the information at issue here.

Thank you for your consideration of this request. As the FOIA provides, I will anticipate a determination on our request for expedited processing within 10 calendar days and a determination with respect to the disclosure of requested records within 20 working days. If you have any questions or concerns, do not hesitate to contact me at 415.436.933 x 137 or at mark@eff.org.

To the best of my knowledge and belief, I certify this request to be true and correct.

Sincerely,

Mark Rumold
Open Government Legal Fellow

Attachments

thorization" - Google New... Internet Explorer provided by Dell

news.google.com/news/search?aq=f&pz=1&cf=all&ned=us&hl=en&q=%22patriot+act%22+and+%22reauthorization%22

▼   ↔   ✕   ◯ Yahoo! Search

orites  Tools  Help

Customize Links  🖌 Suggested Sites ▼  🖻 Web Slice Gallery ▼

uthorization" - Google News

🏠 ▼  🔀 ▼  🖶 ▼  Page ▼  Saf

os  Maps  **News**  Shopping  Gmail  more ▼

ews  "patriot act" and "reauthorization"

| Search News |

Advanced news search

Results 1 – 10 of about 64 for patriot-act and reauthorizati

Follow "patriot act" and "reauthorization" news

### Kinzinger Statement on Reauthorization of Expiring Provisions in the PATRIOT Act

ChicagoNow (blog) - May 31, 2011

Washington, DC - Congressman Adam Kinzinger (IL-11) issued the following statement in support of
the reauthorization of the three national security provisions in the PATRIOT Act which are set to
expire on Thursday, May 26th. These provisions will be ...

An Un-Patriotic Act on Memorial Day weekend  Virginia Tech Collegiate Times

**Chicago Tribune**   all 72 news articles »

### Senate votes to proceed on four-year reauthorization of key Patriot Act provisions

Washington Post (blog) - Felicia Sonmez - May 23, 2011

The White House indicated Monday that it "strongly supports" the reauthorization of the three
Patriot Act provisions. The wide margin of victory means that passage is all but assured when the
measure comes up for a final vote this week. ...

🎥 Video: US Congress agrees to extend Patriot Act 🎥  Al Jazeera

Baucus, Tester fail to halt Patriot Act reauthorization bill  Great Falls Tribune

PATRIOT Act reauthorization move demands reforms  People's World

**Los Angeles Times**   The Republic - msnbc.com

all 2,838 news articles »

### Reauthorization of Patriot Act for was right and necessary for effective ...

New York Daily News - May 28, 2011

🌐 Internet | Protected Mode: On



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 21, 2009

Mr. David L. Sobel
Senior Counsel
Electronic Frontier Foundation
Suite 650
1875 Connecticut Avenue, Northwest
Washington, DC 20009

FOIPA No.: 1138791
Subject: USA PATRIOT Act /
Re-Authorization of Three
Provisions

Dear Mr. Sobel:

This is in reference to your request to the U.S. Department of Justice (DOJ), Federal Bureau of Investigation (FBI) Headquarters, for expedition of your Freedom of Information Act (FOIA) request dated September 25, 2009. Your FOIA request seeks information on the "Justice Department's recommendations on the three provisions of the Foreign Intelligence Surveillance Act (FISA) currently scheduled to expire on December 31, 2009", specifically the three provisions "Roving Wiretaps" (USA PATRIOT Act Section 206); "Business Records" (USA PATRIOT Act Section 215); and "Lone Wolf" (Intelligence Reform and Terrorism Prevention Act of 2004 Section 6001). You requested expedited processing pursuant to the Department of Justice standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. §16.5 (d)(1)(ii). Your request for expedition has been approved.

By separate letter dated October 21, 2009, the FBI acknowledged your FOIA request and advised that you that your FOIA request has been assigned FOIPA Request No. 1138791, and we have begun to conduct a search for potentially responsive records. Once the FBI completes its search for all records potentially responsive to your FOIA request, you will be advised as to the outcome of this search effort.

With respect to the portion of your letter seeking a waiver of the customary fees, we will make a decision once our records search is completed. In the event that your request for a fee waiver is denied, you will be notified of any applicable fees prior to the processing of any responsive records.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  06-1988 (ESH) |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

### STIPULATED DISMISSAL OF PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff Electronic Frontier Foundation (EFF) and Defendant Department of Homeland Security (DHS), by counsel, hereby stipulate and agree as follows:

1.     Defendant DHS has granted news media status to Plaintiff EFF based on the representations contained in EFF's FOIA requests, which demonstrate that EFF is an "entity that is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6). Defendant DHS will continue to regard Plaintiff EFF as a "representative of the news media" absent a change in circumstances that indicates that EFF is no longer an "entity that is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6).

2.     Accordingly, the parties herewith agree to the dismissal of Plaintiff EFF's Second Cause of Action, related to EFF's status as a "representative of the news media."

3.     The parties further agree that each will pay its own fees and costs for work on the dismissed claim.

SO STIPULATED AND AGREED this 27th day of February, 2007.

_/s/ David L. Sobel_
DAVID L. SOBEL
D.C. Bar 360418

MARCIA HOFMANN
D.C. Bar 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, D.C. 20009
(202) 797-9009

*Counsel for Plaintiff*

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
D.C. Bar 418925
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

_/s/ John R. Coleman_
JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
(202) 514-4505

*Counsel for Defendant*

-2-



**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case:  52276
6 February 2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
1875 Connecticut Avenue, NW
Suite 650
Washington, DC  20009

Dear Ms. Hofmann:

This is an initial response to your Freedom of Information Act (FOIA)
request submitted via facsimile on 23 January 2007, which was received by
this office on 24 January 2007, for all agency records (including, but not
limited to, electronic records) related to the NSA's review of and input on the
configuration of the Microsoft Windows Vista operating system ("Vista").  Your
request has been assigned Case Number 52276.

As we began to process your request, we realized that the first page of the
actual request was missing from your 18-page facsimile package.  On
1 February 2007, a member of my staff contacted you to advise you of this fact.
As a result, you submitted another facsimile of your original five-page request,
which we received and have begun to process.  There is certain information
relating to this processing about which the FOIA and applicable Department of
Defense (DoD) and NSA/CSS regulations require we inform you.

For purposes of this request and based on the information you provided
in your letter, you are considered a representative of the media.  Unless you
qualify for a fee waiver or reduction, you must pay for duplication in excess of
the first 100 pages.  Your request for a fee waiver has been granted.  In
addition, please be advised your request for expedited treatment has been
accepted.  We are currently in the process of searching for responsive
documents and will notify you of the status of your request as soon as that
search has been completed.

Correspondence related to your request should include the case number
assigned to your request, which is included in the first paragraph of this letter.
Your letter should be addressed to National Security Agency, FOIA Office

FOIA Case: 52276

(DC34), 9800 Savage Road STE 6248, Ft. George G. Meade, MD  20755-6248
or may be sent by facsimile to 443-479-3612.  If sent by fax, it should be
marked for the attention of the FOIA office.  The telephone number of the FOIA
office is 301-688-6527.

Sincerely,

*for* Marianne Stepan

PAMELA N. PHILLIPS
Chief
FOIA/PA Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) ) | |

# EXHIBIT C

U.S. Department of Justice



Federal Bureau of Investigation
*Washington, D.C. 20535*

June 22, 2011

MR. MARK RUMOLD
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

FOIPA Request No.:  1168091- 000
Subject: PATRIOT ACT SECTION 215

Dear Mr. Rumold:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☒  This FOIPA request has been received at FBI Headquarters for processing.

☐  This FOIPA request has been received at the **[_____ Resident Agency / _____ Field Office]** and forwarded to FBI Headquarters for processing.

☒  We are searching the indices to our Central Records System for the information responsive to this request.   You will be informed of the results in future correspondence.

☒  Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☒  Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

# **<u>EXHIBIT D</u>**

U.S. Department of Justice



**Federal Bureau of Investigation**
Washington, D.C. 20535

July 6, 2011

MR. MARK RUMOLD
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

FOIPA Request No.   1168091- 000
Subject: PATRIOT ACT SECTION 215
(JANUARY 1, 2004-PRESENT)

Dear Mr. Rumold:

This is in response to your request for a fee waiver for the above referenced Freedom of Information-Privacy Acts (FOIPA) request.   Requests for fee waivers are determined on a case by case basis.   See 5 U.S.C. § 552 (a)(4)(A)(iii).

In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied.   First, it must be established that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."   Second, it must be established that "disclosure of the information . . . is not primarily in the commercial interest of the requester."   See 5 U.S.C. § 552(a)(4)(A)(iii).   The burden is on the requester to show the statutory requirements for a fee waiver have been met.   Where one or both of these requirements has not been satisfied, a fee waiver is not warranted under the statute.

To determine whether the first requirement has been met, we consider the following four factors:   (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether disclosure of the requested information will contribute to "public understanding;" and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.   See 28 C.F.R. § 16.11(k)(2).

If the first requirement has been met, we are then required to determine whether disclosure of the requested information is primarily in the commercial interest of the requester.   To make this determination, we consider the following two factors:   (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."   See 28 C.F.R. § 16.11(k)(3).   If the requester's commercial interest in disclosure is greater then the public interest to be served, then a fee waiver is not warranted.

We have reviewed the information that you provided in support of your request for a fee waiver and have found that you do not satisfy the second factor of the first requirement (disclosure is likely to contribute to an understanding of government operating) because a significant amount of information about Section 215 of the United States Patriot Act has been previously disseminated to the public.

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

# **EXHIBIT E**

U.S. Department of Justice



**Federal Bureau of
Investigation**
*Washington, D.C. 20535*
July 6, 2011

MR. MARK RUMOLD
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

FOIPA Request No.:   1168091- 000
Subject:   PATRIOT ACT SECTION 215

Dear Mr. Rumold:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information /Privacy Acts (FOIPA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐   **28 C.F.R. §16.5 (d)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☒   **28 C.F.R. §16.5 (d)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐   **28 C.F.R. §16.5 (d)(1)(iii):** "The loss of substantial due process of rights."

☒   **28 C.F.R. §16.5 (d)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

You may appeal by writing to the Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 30, 2011

MR. MARK EFF/ RUMOLD
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

Request No: 1168091-000
Subject: EFF/ PATRIOT ACT SECTION 215
(JANUARY 1,

Dear Requester:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI). Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request. Many factors may contribute to the time required to process your request; however, the greatest single factor is the number of documents associated with your request.

Once your files have been evaluated as potentially responsive, your request will be forwarded to the "perfected backlog", where your request will wait for assignment to an analyst.

You may inquire as to the status of your request by calling the FBI's FOIPA Public Information Center at 540-868-4593.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

# <u>EXHIBIT G</u>

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 15, 2012

Mr. Mark Rumold
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Subject: U.S. Patriot Act, Section 215 (January 1, 2004 -
June 17, 2011)
FOIA No.:  1168091- 000
Electronic Frontier Foundation v. Department of Justice
Case No.:  4:11-cv-05221-YGR

Dear Mr. Rumold:

As the result of processing records in response to a FOIA request from, and litigation by, the American Civil Liberties Union (ACLU), on March 15, 2012, the FBI released a copy of the enclosed records to ACLU. The FBI has determined that the enclosed records are also responsive to the subject request and litigation.  The FBI expects to make additional releases of material to the ACLU, and further expects that material to be responsive to the subject request and litigation.   As a result, the FBI expects to provide EFF with a copy of the material contained in the additional releases to ACLU.

The enclosed documents were reviewed and processed in accordance with the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.  Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet has been inserted to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  | Section 552a |
|---|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

1,382 **pages** were reviewed and 258 **pages** are being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☒ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

Enclosed are excised copies of documents which are responsive to your FOIA request.   No fee is being assessed at this time.   When the second, interim release is made in this case, you will be billed for the $5.00 fee associated with this first release as well as the $15.00 duplication fee for the second release for a total of $20.00.   Each subsequent release will be made at a cost of $15.00.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity        would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant          to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the          release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

April 11, 2012

Mr. Mark Rumold
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Subject: U.S. Patriot Act, Section 215 (January 1, 2004 - June 17, 2011)
FOIA No.:   1168091- 000
Electronic Frontier Foundation v. Department of Justice
Case No.:   4:11-cv-05221-YGR

Dear Mr. Rumold:

As the result of processing records in response to a FOIA request from, and litigation by, the American Civil Liberties Union (ACLU), on April 11, 2012, the FBI released a copy of the enclosed records to ACLU.  The FBI has determined that the enclosed records are also responsive to the subject request and litigation.  The FBI will make an additional release of material to the ACLU on May 15, 2012, and further expects that material to be responsive to the subject request and litigation.  As a result, the FBI expects to provide EFF with a copy of the material contained in the final release to ACLU.

The enclosed documents were reviewed and processed in accordance with the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.   Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet has been inserted to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|                | **Section 552**       |                | **Section 552a** |
|----------------|-----------------------|----------------|------------------|
| ☐(b)(1)        | ☐(b)(7)(A)            |                | ☐(d)(5)          |
| ☐(b)(2)        | ☐(b)(7)(B)            |                | ☐(j)(2)          |
| ☐(b)(3)_____ | ☒(b)(7)(C) |                | ☐(k)(1)          |
| _____ | ☐(b)(7)(D) |            | ☐(k)(2)          |
| _____ | ☒(b)(7)(E) |            | ☐(k)(3)          |
| _____ | ☐(b)(7)(F) |            | ☐(k)(4)          |
| ☐(b)(4)        | ☐(b)(8)               |                | ☐(k)(5)          |
| ☐(b)(5)        | ☐(b)(9)               |                | ☐(k)(6)          |
| ☒(b)(6)        |                       |                | ☐(k)(7)          |

**446 pages** were reviewed and **98 pages** are being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐ referred to the OGA for review and direct response to you.

☒ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☒ See additional information which follows.


Sincerely yours,

*[signature]*


David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division


Enclosure(s)

Enclosed are excised copies of documents which are responsive to your FOIA request.   No fee is being assessed at this time. As mentioned in our previous release letters dated March 15 and April 11, 2012, EFF will be billed when the fifth and final release is made.   There is a $5.00 fee associated with the first release as well as the $15.00 duplication fee for the second and each subsequent release, for a total of $65.00.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

May 15, 2012

Mr. Mark Rumold
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Subject: U.S. Patriot Act, Section 215 (January 1, 2004 -
June 17, 2011)
FOIA No.:   1168091- 000
Electronic Frontier Foundation v. Department of Justice
Case No.:   4:11-cv-05221-YGR

Dear Mr. Rumold:

As the result of processing records in response to a FOIA request from, and litigation by, the American Civil Liberties Union (ACLU), on May 15, 2012, the FBI released a copy of the enclosed records to ACLU.  The FBI has determined that the enclosed records are also responsive to the subject request and litigation.

The enclosed documents were reviewed and processed in accordance with the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a kick sheet page has been inserted to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| | Section 552 | | | Section 552a |
|---|---|---|---|---|
| ☒(b)(1) | | ☐(b)(7)(A) | | ☐(d)(5) |
| ☐(b)(2) | | ☐(b)(7)(B) | | ☐(j)(2) |
| ☐(b)(3)_____ | | ☒(b)(7)(C) | | ☐(k)(1) |
| _____ | | ☐(b)(7)(D) | | ☐(k)(2) |
| _____ | | ☒(b)(7)(E) | | ☐(k)(3) |
| _____ | | ☐(b)(7)(F) | | ☐(k)(4) |
| ☐(b)(4) | | ☐(b)(8) | | ☐(k)(5) |
| ☒(b)(5) | | ☐(b)(9) | | ☐(k)(6) |
| ☒(b)(6) | | | | ☐(k)(7) |

**1,312 pages** were reviewed and **616 pages** are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐   referred to the OGA for review and direct response to you.

☐   referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐   In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

Enclosed are excised copies of documents which are responsive to your FOIA request #1168091.   No fee is being assessed at this time.   When the fifth and final release is made, EFF will be billed for the $5.00 fee associated with the first release, a $15.00 duplication fee for the second release and $15.00 for each subsequent release, totaling $65.00.

Enclosed is a CD labeled "Preprocessed Material" which contains documents previously processed and released in two prior U.S. Patriot Act, Section 215 FOIA requests.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law
enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if
such              disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the
life or              physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her
identity              would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual
pursuant              to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government
service the              release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

May 15, 2012

Mr. Mark Rumold
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Subject: U.S. Patriot Act, Section 215 (January 1, 2004 -
June 17, 2011)
FOIA No.:  1168091- 000
Electronic Frontier Foundation v. Department of Justice
Case No.:   4:11-cv-05221-YGR

Dear Mr. Rumold:

The enclosed material is provided in response to the subject FOIA request and litigation.   For this release, the FBI reviewed **1,701 pages** and **916 pages** are being released.   The FBI will make one final release of material responsive to the subject request on July 1, 2012 pursuant to the agreement between the parties.

No fee is being assessed at this time.   When the fifth and final release is made, EFF will be billed $5.00 for fees associated with the March 15, 2012 release, a $15.00 duplication fee for the April 15, 2012 release, and a $15.00 duplication fee for this release as well as an additional $15.00 for the final release on July 1, 2012, for a total of $65.00.

The enclosed documents were reviewed and processed in accordance with the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a kick sheet page has been inserted to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☒(b)(1) | | ☐(b)(7)(A) | | ☐(d)(5) |
| ☐(b)(2) | | ☐(b)(7)(B) | | ☐(j)(2) |
| ☐(b)(3)_____ | | ☒(b)(7)(C) | | ☐(k)(1) |
| _____ | | ☐(b)(7)(D) | | ☐(k)(2) |
| _____ | | ☒(b)(7)(E) | | ☐(k)(3) |
| _____ | | ☐(b)(7)(F) | | ☐(k)(4) |
| ☐(b)(4) | | ☐(b)(8) | | ☐(k)(5) |
| ☒(b)(5) | | ☐(b)(9) | | ☐(k)(6) |
| ☒(b)(6) | | | | ☐(k)(7) |

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☐ See additional information which follows.


Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division


Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life

or                physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity                would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

June 28, 2012

Mr. Mark Rumold
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Subject: U.S. Patriot Act, Section 215 (January 1, 2004 -
June 17, 2011)
FOIA No.:  1168091- 000
Electronic Frontier Foundation v. Department of Justice
Case No.:   4:11-cv-05221-YGR

Dear Mr. Rumold:

The enclosed material is provided in response to the subject FOIA request and litigation.   For this release, the FBI reviewed **38 pages** and **36 pages** are being released.   This is the final release of material responsive to the subject request pursuant to the agreement between the parties.

As mentioned in the FBI's release letters dated March 15, April 11, and May 15, 2012, there is a $5.00 fee associated with the first release and an additional $15.00 duplication fee for each subsequent release - the second, third, fourth, and fifth and final release - totaling $65.00.   Upon receipt of the enclosed CD-ROM, please go to www.pay.gov to make an electronic payment in the amount of $65.00, or make a check or money order payable to the Federal Bureau of Investigation and mail it to the Work Process Unit, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602.   Please include the FOIA Request Number with your payment.

The enclosed documents were reviewed and processed in accordance with the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a kick sheet page has been inserted to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 | | Section 552a |
|---|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | | ☐(k)(6) |
| ☒(b)(6) | | | ☐(k)(7) |

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☐ See additional information which follows.


Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division


Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life

or    physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity         would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service  the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 20, 2012

Mr. Mark Rumold
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Subject: U.S. Patriot Act, Section 215 (January 1, 2004 - June 17, 2011)
FOIA No.:   1168091- 000
Electronic Frontier Foundation v. Department of Justice
Case No.:   4:11-cv-05221-YGR

Dear Mr. Rumold:

As the result of processing records in response to a FOIA request from, and litigation by, the American Civil Liberties Union (ACLU), on August 2, 2012, the FBI released a copy of the enclosed records to ACLU.  The documents include a referral document from the Office of the Inspector General (OIG), a classified document entitled, "Banker's Box" that was identified in the FBI's original processing of this case, but was inadvertently not included in the May 15th release, and documents entitled "Supplemental Release" and "Supp Release" that were originally marked "outside the scope" in the preprocessed material for FOIA No. 1138791, but were later determined to be responsive to your request.  The FBI only recently discovered the oversight.  The OIG referral consists of 111 pages of which all 111 pages were reviewed and released either in full or in part.  The second document, "Banker's Box," consists of 84 pages and all pages were reviewed and withheld in full pursuant to statutory exemption (b)(1).  The FBI has determined that the enclosed records are also responsive to the subject request and litigation.

The enclosed documents were reviewed and processed in accordance with the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.  Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet has been inserted to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☒ (b)(1) |  | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) |  | ☐ (b)(7)(B) |  | ☐ (j)(2) |
| ☐ (b)(3)_____ |  | ☐ (b)(7)(C) |  | ☐ (k)(1) |
| _____ |  | ☐ (b)(7)(D) |  | ☐ (k)(2) |
| _____ |  | ☐ (b)(7)(E) |  | ☐ (k)(3) |
| _____ |  | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) |  | ☐ (b)(8) |  | ☐ (k)(5) |
| ☐ (b)(5) |  | ☐ (b)(9) |  | ☐ (k)(6) |
| ☐ (b)(6) |  |  |  | ☐ (k)(7) |

**221 pages** were reviewed and **125 pages** are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☒ See additional information which follows.


Sincerely yours,


David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division


Enclosure(s)


As mentioned in FBI's release letters dated March 15th, April 11th, and May 12, 2012, there is a $5.00 fee associated with the first release, a $15.00 duplication fee for each subsequent release, totaling $80.00.   Upon receipt of the enclosed CD-ROM, please go to www.pay.gov to make an electronic payment in the amount of $80.00, or make a check or money order payable to the Federal Bureau of Investigation and mail it to the Work Process Unit, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602.   Please include the FOIA Request Number with your payment.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law

or               enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity               would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECTRONIC FRONTIER )
FOUNDATION, )
)
)
Plaintiff, )      Civil Action No. 1:11-cv-05221-SBA
)
v. )
)
UNITED STATES DEPARTMENT OF JUSTICE, )
)
)
Defendant. )
)

# <u>EXHIBIT H</u>

**EFF v. DOJ, et. al., Civil Action No. 11-cv-05221 (N.D. Cal)**

**VAUGHN INDEX**

Detailed description of FBI responsive records, by category, for information withheld in full (WIF), released in part (RIP), or released in full (RIF) in response to EFF's FOIA request on the FBI's use and interpretation of the USA PATRIOT Act, Section 215.  A hard copy of the Bates pages listed below and deleted page sheets are attached. **(See Exhibit I).**

| Category | Bates Numbering/Page Count | Document Date(s) | Document Description | Exemption(s) | Withholding/Release |
|---|---|---|---|---|---|
| 1 | ACLU Sect. 215 1831-1834<br>Page Count - 4 | 07/28/2011 | GC draft letter regarding FISA use authority in business records.  Provides legal analysis on the use of FISA to obtain certain business records. | (b)(5), (b)(7)(E) | 3 Bates Pages:  RIP<br>1 Bates Page:  WIF |
| 2 | ACLU Sect. 215 2169-2178<br>Page Count - 10 | 09/16/2009 | Memorandum from OIG providing analysis on the FBI's response to OIG recommendations in the report entitled, "A Review of the FBI's Use of Section 215 Orders for Business Records in 2006."  Provides legal analysis on the review and handling of material produced in response to Section 215 orders. | (b)(5), (b)(6),<br>(b)(7)(C) | 10 Bates Pages:  WIF |
| 3 | EFF Section 215 7-11<br>Page Count - 5 | 04/16/2009 | Draft letter to two Senators in response to an SSCI letter.  Includes FBI recommendations on all three provisions along with a summary of supporting facts and reasoning. | (b)(5), (b)(7)(E) | 5 Bates Pages:  WIF |
| 4 | EFF Section 215 111-112<br>Page Count - 2 | 10/28/2004 | Memorandum on processing business records requests under 50 U.S.C. § 1861.  Provides legal analysis on the internal processing of business records requests. | (b)(5), (b)(6),<br>(b)(7)(C) | 2 Bates Pages:  WIF |
| 5 | EFF Section 215 1133-1135<br>Page Count - 3 | 08/30/2006 | Emails between OGC personnel providing advice on obtaining business records.  It includes a legal discussion on the use of business records versus national security letters. | (b)(5), (b)(6),<br>(b)(7)(C) | 3 Bates Pages:  WIF |
| 6 | EFF Section 215 1143-1214<br>Page Count - 48 | Various Dates | Documents consist of draft answers to questions posed by various Field Offices, emails from FBI personnel on obtaining different types of records, and the meaning of statutory language. | (b)(1), (b)(5),<br>(b)(6),<br>(b)(7)(C),<br>(b)(7)(E) | 32 Bates Pages:  WIF<br>13 Bates Pages: RIP<br>3 Bates Pages: RIF<br>8 Bates Pages: Duplicate<br>16 Bates Pages: Outside the Scope |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-05221-SBA |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) ) | |

# EXHIBIT I

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 03-06-2012 BY 65179 DMH/STP/MJS

**REGARDING FISA USE AUTHORITY IN BUSINESS
RECORDS DRAFT      7/28/11**

b5
b7E

House Intelligence Committee Report No. 95-1283, *Foreign Intelligence Surveillance*

Outside the Scope

1

ACLU Sect. 215-1831

*Act of 1978,* 6/08/1978, page 89.

The FISA Business Record statute was originally enacted as part of the Intelligence Authorization Act for FY 1999, Pub.L. 95-511, Title V, § 501, without any use of information provision. The provision was amended several times after 1998, however, a use of information provision was not added until 2006 (along with a minimization procedures requirement) as part of the *USA PATRIOT and Terrorism Prevention Reauthorization Act of 2005.* The legislative history contains no discussion of why a use standard was added. Additionally, instead of the FISA Use Caveat, Congress mandated the use of Business Record information in the following manner:

> 50 U.S.C. § 1861(h) Use of information--Information acquired from tangible things received by the Federal Bureau of Investigation in response to an order under this subchapter concerning any United States person may be used and disclosed by Federal officers and employees without the consent of the United States person only in accordance with the minimization procedures adopted pursuant to subsection (g) of this section. No otherwise privileged information acquired from tangible things received by the Federal Bureau of Investigation in accordance with the provisions of this subchapter shall lose its privileged character. No information acquired from tangible things received by the Federal Bureau of Investigation in response to an order under this subchapter may be used or disclosed by Federal officers or employees except for lawful purposes.

b5

2

ACLU Sect. 215-1832

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___1___ Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____ Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____ Pages were not considered for release as they are duplicates of other released pages.

___1___ Page(s) withheld for the following reason(s):

(b)(5)- Attorney/client privilege and deliberative process privilege
(b)(7)(E) – Investigative Techniques and Procedures _____

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1833

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page          X
XXXXXXXXXXXXXXXXXX
```

b5

Thank you for your assistance in resolving this important matter.

ACLU Sect. 215-1834

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___1___    Page withheld entirely at this location in the file.   One or more of the following
statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no
segregable material available for release to you.

### Section 552

### Section 552a

| | | |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X (b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐ (b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| X (b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your
request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were
referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will
be advised by the FBI as to the releasability of this information following our
consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You
will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___1___    Page(s) withheld for the following reason(s):

(b)(5) – Attorney/client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) - Names and/or identifying information of FBI special agents and
support personnel and non-FBI federal government personnel

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-2169

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X    No Duplication Fee   X
X    for this page        X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___9___    Pages withheld entirely at this location in the file.   One or more of the following
statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no
segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your
request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were
referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will
be advised by the FBI as to the releasability of this information following our
consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You
will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___9___    Page(s) withheld for the following reason(s):

(b)(5) – Deliberative process privilege _____

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-2170-8

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X     No Duplication Fee  X
X     for this page        X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___2___ Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____ Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____ Pages were not considered for release as they are duplicates of other released pages.

___2___ Page(s) withheld for the following reason(s):

(b)(5) – Deliberative Process Privilege _____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-7-8

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee   X
X   for this page            X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___2___    Pages withheld entirely at this location in the file.   One or more of the following
statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no
segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X (b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your
request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were
referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will
be advised by the FBI as to the releasability of this information following our
consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You
will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___2___    Page(s) withheld for the following reason(s):

(b)(5) - Deliberative Process Privilege_____
(b)(7)(E) – Investigative Techniques and Procedures_____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-9-10

XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee      X
X   for this page              X
XXXXXXXXXXXXXXXXXX

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

_____1_____ Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐ (b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____ Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____ Pages were not considered for release as they are duplicates of other released pages.

_____1_____ Page(s) withheld for the following reason(s):

(b)(5) – Deliberative Process Privilege_____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-11

XXXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee   X
X   for this page            X
XXXXXXXXXXXXXXXXXXXX

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___1___    Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X (b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___1___    Page(s) withheld for the following reason(s):

(b)(5) – Attorney-Client Privilege and Deliberative Process Privilege

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-111

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee      X
X   for this page           X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
# FOIA/PA DELETED PAGE INFORMATION SHEET

___1___    Page withheld entirely at this location in the file.   One or more of the following
           statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no
             segregable material available for release to you.

## Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your
request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were
referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will
             be advised by the FBI as to the releasability of this information following our
             consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You
             will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___1___    Page(s) withheld for the following reason(s):
           (b)(5) – Attorney-client privilege and deliberative process privilege
           (b)(6)/(b)(7)(C) – Names and/or identifying information concerning non-FBI federal
           government personnel

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-112

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page         X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

__3__    Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

__3__    Page(s) withheld for the following reason(s):
(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) – Names and/or identifying information of FBI special agents and support personnel

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1133-5

XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)         X
X   No Duplication Fee     X
X   for this page             X
XXXXXXXXXXXXXXXXXX

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___1___     Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____     Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____     Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____     Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____     Pages were not considered for release as they are duplicates of other released pages.

___1___     Page(s) withheld for the following reason(s):
(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) – Names and/or identifying information of FBI special agents and support personnel

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1143

```
XXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page          X
XXXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___2___    Pages withheld entirely at this location in the file.   One or more of the following
statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no
segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your
request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were
referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will
be advised by the FBI as to the releasability of this information following our
consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You
will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___2___    Page(s) withheld for the following reason(s):
(b)(5) – Attorney-client privilege and deliberative process privilege

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1144-5

XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X      No Duplication Fee   X
X      for this page           X
XXXXXXXXXXXXXXXXXX

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

_____1_____   Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

**Section 552**                                                          **Section 552a**

| | | |
|---|---|---|
| X (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

_____1_____   Page(s) withheld for the following reason(s):
(b)(1) – Information properly classified by an FBI official pursuant to E.O. 13526
(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) – Names and/or identifying information of FBI special agents and support personnel

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1146

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee   X
X   for this page        X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

__1__   Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

Section 552a

| | | |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

__1__   Page(s) withheld for the following reason(s):
(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) – Names and/or identifying information of FBI special agents and support personnel
(b)(7)(E) – Investigative techniques and procedures

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1147

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee   X
X   for this page        X
XXXXXXXXXXXXXXXXXX
```

SECRET

b6
b7C

**Subject:**   Request for a Sample of an Exparte Order for Educational Records

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

b5
b6
b7C
b7E

The NSLB Library provides
the following guidance:

Other types of records are also protected from disclosure and require an **ex parte
court order** to obtain, such as **educational records under the Buckley Amendment**
(12 U.S.C. §1232g(j)); full credit reports in counterintelligence cases (15 U.S.C. §
1681u(c)); and taxpayer return information from the Internal Revenue Service (26
U.S.C. §(i)(7)(C)).

b5

Therefore, it appears that I have a couple of options:

b5
b7E

Thank you for your consistently helpful assistance to accomplish what we can under a system
which is woefully inadequate in many regards.  This is yet another glaring example of how the
system we must use to protect the American people from another terrorist attack is irreparably
broken!  The helpful changes provided by the Patriot Act simply provided us with "band aids"
to treat a problem in critical condition.  Simply stated, we have not been provided the tools
necessary to successfully fulfill our mission of protecting the American people from another
terrorist attack—potentially involving the use of WMDs.  Most of the problems need to be
addressed legislatively.  Yet, other are executive branch inadequacies.  Additional Americans
should not have to die before their government is willing to take appropriate action.  Thanks
for your help!

b6
b7C

SECRET

3

EFF Section 215-1148

SECRET

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED.

SECRET

EFF Section 215-1149

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___5___   Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552                                          ### Section 552a

| | | |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

___5___   Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) – Names and/or identifying information of FBI special agents and support personnel

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1150-4

```
XXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)       X
X   No Duplication Fee   X
X   for this page          X
XXXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

__7__    Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

__7__    Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1155-61

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page         X
XXXXXXXXXXXXXXXXXX
```

ALL INFORMATION CONTAINED                     b6
HEREIN IS UNCLASSIFIED                         b7C
DATE 04-12-2012 BY 65179 DMH/STP/MJS

_____ (RMD)(FBI)

**From:** _____ (WF) (FBI)
**Sent:** Thursday, February 02, 2006 11:28 AM
**To:**
**Cc:**

**Subject:**        RE: Request for a Sample of an Exparte Order for Educational Records

**Attachments:**    B7 FAFSA Request

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**



B7 FAFSA Request
(37 KB)

                                              b6
                                              b7C
                                              Outside the Scope

SSA_____ WFO

-----Original Message-----                    b6
**From:** _____ (JK) (FBI)            b7C
**Sent:** Thursday, February 02, 2006 10:09 AM
**To:**
**Cc:**

**Subject:**    Request for a Sample of an Exparte Order for Educational Records

**SENSITIVE BUT UNCLASSIFIED**                b6
**NON-RECORD**                                b7C
                                              Outside the Scope

The NSLB Library provides the following guidance:

Other types of records are also protected from disclosure and require an **ex parte court order** to obtain,     b5
such as **educational records under the Buckley Amendment** (12 U.S.C. §1232g(j)); full credit reports in
counterintelligence cases (15 U.S.C. §1681n(c)); and taxpayer return information from the Internal Revenue
Service (26 U.S.C. §(i)(7)(C)).

1

EFF Section 215-1162

Outside the Scope

Therefore, it appears that I have a couple of options:

Thank you for your consistently helpful assistance to accomplish what we can under a system which is woefully inadequate in many regards.  This is yet another glaring example of how the system we must use to protect the American people from another terrorist attack is irreparably broken!  The helpful changes provided by the Patriot Act simply provided us with "band aids" to treat a problem in critical condition.  Simply stated, we have not been provided the tools necessary to successfully fulfill our mission of protecting the American people from another terrorist attack-- potentially involving the use of WMDs.  Most of the problems need to be addressed legislatively.  Yet, other are executive branch inadequacies.  Additional Americans should not have to die before their government is willing to take appropriate action.  Thanks for your help!

b6
b7C

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

EFF Section 215-1163

2

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

____8____   Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

____8____   Page(s) withheld for the following reason(s):

Duplicate pages_____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1164-71

```
XXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page         X
XXXXXXXXXXXXXXXXXXX
```

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 04-12-2012 BY 65179 DMH/STP/MJS

### SAC Approval of Service of Classified Order on Uncleared Person:

Based upon representations that a preliminary background check has been conducted of the person upon whom this classified business record order will be served, and there being no derogatory or negative information that would indicate that the person should not be given access to the classified order, I hereby approve the service of this order on [Name of custodian of records].

SAC approving this service:
Printed (or Typed) Name:
Telephone Number:

Signature:                                              Date:

EFF Section 215-1172

```
ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 04-12-2012 BY 65179 DMH/STP/MJS
```

## CERTIFICATE OF SERVICE OF BUSINESS RECORD ORDER

Date and Time of Service _____

Place of Service _____

Served upon _____

Served by _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service of Attached Order is true and correct.

Executed on _____     By: _____
                   Date                              Signature of Server

Inquiries Regarding Production May Be Directed to:

[Name], Special Agent
Federal Bureau of Investigation
[Name of] Field Office
[Telephone number]

EFF Section 215-1173

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
# FOIA/PA DELETED PAGE INFORMATION SHEET

____9____   Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

## Section 552

|  |  | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

____9____   Page(s) withheld for the following reason(s):

Outside the Scope_____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1174-82

```
XXXXXXXXXXXXXXXXXX
X  Deleted Page(s)       X
X  No Duplication Fee     X
X    for this page         X
XXXXXXXXXXXXXXXXXX
```

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 04-12-2012 BY 65179 DMH/STP/MJS

(RMD)(FBI)

b6
b7C

**From:**                          (OGC) (FBI)
**Sent:**        Thursday, May 11, 2006 7:46 AM
**To:**
**Cc:**
**Subject:**     RE: I think I need to rethink what I said. (That's the down side of being so quick to respond)

**UNCLASSIFIED**
**NON-RECORD**

b5
b6
b7C

1        EFF Section 215-1183

b6
b7C

UNCLASSIFIED

UNCLASSIFIED

UNCLASSIFIED

UNCLASSIFIED

UNCLASSIFIED

2          EFF Section 215-1184

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 04-12-2012 BY 65179 DMH/STP/MJS

**(RMD)(FBI)**

b6
b7C

**From:** (OGC) (FBI)
**Sent:** Thursday, March 23, 2006 4:33 PM
**To:** THOMAS, JULIE F. (OGC) (FBI)
**Cc:** D. (OGC) (FBI)
**Subject:** FW: USAPA IRA - business record provision on delegation (the either/or provision)

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

b5
b6
b7C

-----Original Message-----
**From:** (OCA) (FBI)
**Sent:** Thursday, March 23, 2006 3:17 PM
**To:**
**Cc:**
**Subject:** RE: USAPA IRA

b6
b7C

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

b5
b6
b7C

-----Original Message-----
**From:** (OCA) (FBI)
**Sent:** Thursday, March 23, 2006 2:52 PM
**To:**
**Cc:**
**Subject:** RE: USAPA IRA

b6
b7C

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

alerted me to the 'Joint Explanatory Statement' in the attached conference report doc (beginning on .pdf pg. 89). While it describes the business records provision, it does not specifically address your 'either/or' language.

1

EFF Section 215-1185

Stay tuned for more from [ ] on that.

b6
b7C

<< File: Conference Rpt.pdf >>

Beth Beers
Special Counsel
Office of Congressional Affairs
202-324-3073

-----Original Message-----
From:           [                    ] (OGC) (FBI)
Sent:           Thursday, March 23, 2006 2:12 PM
To:             [                    ] (OCA) (FBI)
Subject:        RE: USAPA IRA

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Thanks!

-----Original Message-----
From:           [                ] (OCA) (FBI)
Sent:           Thursday, March 23, 2006 2:09 PM
To:
Cc:
Subject:        FW: USAPA IRA

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

[        ] see question below from [        ] (NSLB) re intent of "either / or" language in the business records
provision of PatAct ReAuth.  Do you have a sense, from your detail experience, of which interpretation was
intended?

[                    ] was detailed to the Senate Judiciary Committee during the drafting of the reauthorization

[          ]
Special Counsel
Office of Congressional Affairs
[              ]

-----Original Message-----
From:           [                    ] (OGC) (FBI)
Sent:           Thursday, March 23, 2006 2:04 PM
To:             [                ] (OCA) (FBI)
Subject:        FW: USAPA IRA

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

b5
b6
b7C

EFF Section 215-1186

provision that we might be able to approach and find out if there is anything out there that would address the issue.

Thanks. pik

-----Original Message-----
**From:**        (OGC) (FBI)                           b6
**Sent:**      Thursday, March 23, 2006 10:15 AM               b7C
**To:**
**Subject:**    RE: USAPA IRA

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Interesting question has arisen regarding the business record delegation.  The statute says:

In the case of an application for an order requiring the production of library circulation records, library patron lists, book sales records, book customer lists, firearms sales records, tax return records, educational records, or medical records containing information that would identify a person, the Director of the Federal Bureau of Investigation may delegate the authority to make such application to either the Deputy Director of the Federal Bureau of Investigation or the Executive Assistant Director for National Security (or any successor position). The Deputy Director or the Executive Assistant Director may not further delegate such authority.         b5

-----Original Message-----
**From:**        (OGC) (FBI)     b6
**Sent:**      Tuesday, March 07, 2006 3:38 PM    b7C
**To:**                         (OGC) (FBI)
**Subject:**    USAPA IRA

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Here is the draft EC – the nondisclosure stuff starts at page 34.  Also, here is a draft NSL change – see what you think.

JB

3         EFF Section 215-1187

<< File: USAPA EC S.2271 version Mar.07.2006.wpd >>  << File: toll record EC 2006.03.09.wpd >>  << File: toll record NSL 2006.03.09.wpd >>

b6
b7C

Assistant General Counsel
National Security Law Policy and Training Unit
FBI HQ Room 7975
STU III:
Unclassified Fax:        (202) 324-1023
Secure Fax:        (202) 324-9361

*Privileged Attorney-Client/Attorney Work Product Communication*

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

EFF Section 215-1188

**(RMD)(FBI)**

b6
b7C

| | |
|---|---|
| **From:** | (OGC) (FBI) |
| **Sent:** | Wednesday, July 19, 2006 11:48 AM |
| **To:** | (OGC) (FBI) |
| **Subject:** | RE: NSL/Business Records question |

**<u>UNCLASSIFIED</u>**
**<u>NON-RECORD</u>**

You're welcome. pik

-----Original Message-----

| | |
|---|---|
| **From:** | (OGC) (FBI) |
| **Sent:** | Wednesday, July 19, 2006 11:47 AM |
| **To:** | (OGC) (FBI) |
| **Subject:** | RE: NSL/Business Records question |

**<u>UNCLASSIFIED</u>**
**<u>NON-RECORD</u>**

Thanks!

-----Original Message-----

| | |
|---|---|
| **From:** | (OGC) (FBI) |
| **Sent:** | Wednesday, July 19, 2006 11:43 AM |
| **To:** | (OGC) (FBI) |
| **Subject:** | RE: NSL/Business Records question |

**<u>UNCLASSIFIED</u>**
**<u>NON-RECORD</u>**

b5
b6
b7C

EFF Section 215-1189

-----Original Message-----
From:                (OGC) (FBI)      b6
Sent:          Friday, June 23, 2006 10:19 AM      b7C
To:              (OGC) (FBI)
Subject:      RE: NSL/Business Records  question

**UNCLASSIFIED**
**NON-RECORD**                                               b5

-----Original Message-----
From:               (OGC) (FBI)      b6
Sent:          Thursday, June 22, 2006 11:00 AM      b7C
To:              (OGC) (FBI)
Subject:      NSL/Business Records  question

**UNCLASSIFIED**                                              b5
**NON-RECORD**                                              b6
                                                            b7C

**UNCLASSIFIED**

**UNCLASSIFIED**

**UNCLASSIFIED**

**UNCLASSIFIED**

**UNCLASSIFIED**

**UNCLASSIFIED**

EFF Section 215-1190

2

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 04-12-2012 BY 65179 DMH/STP/MJS

b6
b7C

**(RMD)(FBI)**

| | |
|---|---|
| **From:** | _____ (OGC) (FBI) |
| **Sent:** | Monday, July 17, 2006 11:06 AM |
| **To:** | _____ (OGC) (FBI) |
| **Subject:** | RE: FISA Suggestion for our list: |

**Importance:** High

**Attachments:** Additional Recommended Changes to FISA - 7-17-06 1200.doc

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Please check page 6 of attached doc before I take to Valerie at noon.

Thanks

Additional
recommended Change

b6
b7C
b7E

Assistant General Counsel
National Security Law Policy and Training Unit
National Security Law Branch
Office of the General Counsel, FBI, JEH, Room 7947
_____
Unclassified email: _____
SIPRnet _____
JWICS (Top Secret): _____

*This is a Privileged Attorney-Client/Attorney Work Product Communication*

-----Original Message-----

| | |
|---|---|
| **From:** | _____ (OGC) (FBI) |
| **Sent:** | Monday, July 17, 2006 10:39 AM |
| **To:** | _____ (OGC) (FBI) |
| **Subject:** | RE: FISA Suggestion for our list: |

b6
b7C

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

I would phrase it a little differently, as the thoughts reflected in ____ email were sent to him by me before I had actually looked at the words of the statute. I would do the following with the paragraph that exists --

The language of the provision reads

"In the case of an application for an order requiring the production of library circulation records, library patron lists, book sales records, book customer lists, firearms sales records, tax return records, educational records, or medical records containing information that would identify a person, the Director of the FBI may delegate the authority to make such application to either the DD of the FBI or the EAD for National Security (or any successor position). The DD or the EAD may not further delegate such authority.    EFF Section 215-1191

1

I would have it read as follows:

b5

Thanks. pik

——Original Message——
From:                              (OGC) (FBI)
Sent:       Monday, July 17, 2006 10:26 AM
To:
Cc:
Subject:        FISA Suggestion for our list:

b6
b7C

**SENSITIVE BUT UNCLASSIFIED**
**NON-RECORD**

Here is a problem and solution identified by            to add to the list:

b5

JB

Assistant General Counsel
National Security Law Policy and Training Unit
FBI HQ Room 7975
STU III:
Unclassified Fax:      (202) 324-1023
Secure Fax:      (202) 324-9361

*Privileged Attorney-Client/Attorney Work Product Communication*

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

**SENSITIVE BUT UNCLASSIFIED**

EFF Section 215-1192

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___5___     Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____     Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____     Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____     Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____     Pages were not considered for release as they are duplicates of other released pages.

___5___     Page(s) withheld for the following reason(s):

   Outside the Scope_____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1193-7

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee     X
X   for this page          X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___1___   Page withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

___1___   Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege___

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1198

XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee     X
X   for this page          X
XXXXXXXXXXXXXXXXXX

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

____2____   Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

____2____   Page(s) withheld for the following reason(s):

Outside the Scope_____

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1199-1200

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page         X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___2___ Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____ Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____ Pages were not considered for release as they are duplicates of other released pages.

___2___ Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(6)/(b)(7)(C) – Names and/or identifying information of FBI special agents and support personnel__

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1201-2

XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)       X
X   No Duplication Fee    X
X   for this page          X
XXXXXXXXXXXXXXXXXX

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___6___   Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

| | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

___6___   Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1203-8

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)     X
X   No Duplication Fee   X
X   for this page        X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

____2____   Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

____2____   Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege
(b)(7)(E) – Investigative techniques and procedures

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1209-10

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)     X
X   No Duplication Fee   X
X   for this page        X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
# FOIA/PA DELETED PAGE INFORMATION SHEET

___4___  Pages withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____  Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

## Section 552

|  |  | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| X(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____  Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____  Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____  Pages were not considered for release as they are duplicates of other released pages.

___4___  Page(s) withheld for the following reason(s):

(b)(5) – Attorney-client privilege and deliberative process privilege

☒ The following numbers are to be used for reference regarding these pages:
EFF Section 215-1211-4

XXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee     X
X   for this page          X
XXXXXXXXXXXXXXXXXXX