STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0167
Facsimile: (202) 616-8470
Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 4:11-cv-05221-YGR<br><br>Date: February 19, 2013<br>Time: 2:00 p.m.<br>Place: Oakland U.S. Courthouse<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>**SEPARATE STATEMENT OF MATERIAL FACTS SUPPORTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |

Defendant, the United States Department of Justice, submits the following separate statement of material facts in support of defendant's Motion for Summary Judgment pursuant to the Court's Standing Order in Civil Cases. Defendant includes herein only unclassified facts

which may be stated on the public record, and therefore not classified facts contained only in defendant's classified *ex parte* submission to the Court for *in camera* review.[1]

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 1. Scope of issues before the Court | Fact 1: Plaintiff made its initial FOIA requests to defendant in letters dated June 2, 2011.<br><br>First Am. Compl. ¶ 14, ECF No. 9, Answer to First Am. Compl. ¶ 14, ECF No. 14. | |
| 1. Scope of issues before the Court | Fact 2: In 2011, plaintiff agreed to limit its request to OLC to legal opinions or memoranda prepared by OLC concerning Section 215.<br><br>Am. Compl. ¶ 18, Answer ¶ 18, Declaration of Paul Colborn ¶¶ 6, 8. | |
| 1. Defendant responded to plaintiff's request, as narrowed by the parties, in compliance with FOIA. | Fact 3: On November 16, 2011, OLC informed plaintiff that it had located two documents responsive to plaintiff's FOIA request which DOJ was withholding in full pursuant to FOIA Exemption Five, 5 U.S.C. § 552(b)(5), pursuant to the attorney-client and deliberative process privileges.<br><br>Answer ¶ 18; Colborn Decl. ¶ 8. | |
| 1. Scope of issues before the Court | Fact 4: The parties agreed to further narrow the scope of plaintiff's FOIA request by stipulation filed on February 10, 2012, and endorsed by the Court on February 16, 2012. | |

[1] As stated in defendant's Notice of Motion, Motion for Summary Judgment and Memorandum in Support at 12 n.3, *in camera*, *ex parte* review of classified declarations in FOIA cases such as this is common and appropriate where a more detailed public explanation cannot be provided without revealing the very information that is sought to be protected. *See, e.g., Krikorian v. Dep't of State*, 984 F.2d 461, 464-65 (D.C. Cir. 1993); *Maynard v. CIA*, 986 F.2d 547, 557 (1st Cir. 1993); *Hayden v. NSA*, 608 F.2d 1381, 1385 (D.C. Cir. 1979); *Greyshock v. U.S. Coast Guard*, 107 F.3d 16, 1997 WL 51514 (9th Cir. Feb. 6, 1997) (unpublished) ("It is well settled that a court may examine an agency declaration *in camera* and *ex parte* when release of the declaration would disclose the very information that the agency seeks to protect." (citation omitted)).

| | | |
|---|---|---|
| | ECF Nos. 21 & 22. | |
| 1. Scope of issues before the Court | Fact 5: By stipulation, the parties agreed to exclude from processing of plaintiff's FOIA request: (1) drafts of responsive documents for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full;(2) emails concerning such drafts of documents for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full; (3) records that are purely logistical, such as emails between officials attempting to schedule a meeting; (4) acquisition applications and supporting documentation submitted to the Foreign Intelligence Surveillance Court.<br><br>ECF No. 22. | |
| 1. Scope of issues before the Court | Fact 6. The parties also agreed that only one version of every responsive email need be processed and released or withheld in full pursuant to a valid FOIA exemption.<br><br>ECF No. 22. | |
| 1. Scope of issues before the Court | Fact 7. The parties also stipulated to a schedule for processing of plaintiff's FOIA request, as narrowed, and production of non-exempt documents.<br><br>ECF Nos. 22, 25. | |
| 2. Defendant responded to plaintiff's request, as narrowed by the parties, in compliance with FOIA. | Fact 1. Defendant generally completed processing and production by approximately July 1, 2012.<br><br>Hardy Decl. ¶ 26 (processing | |

| | | |
|---|---|---|
| | completed and documents released on June 28, 2012, with a supplemental release made on August 20, 2012), Bradley Decl. ¶ 5 (NSD released documents and responded to plaintiff's request on August 11, 2011); Colborn Decl. ¶ 8 (processing completed in November 2011). | |
| 1. Scope of issues before the Court | Fact 8. In their summary judgment pre-filing letters, the parties memorialized their agreement to further narrow the scope of material that would be subject to summary judgment motions practice.<br><br>Letter from Steven Y. Bressler to the Court dated August 22, 2012, ECF No. 32; Letter from Mark Rumold to the Court dated August 24, 2012, ECF No. 33. | |
| 1. Scope of issues before the Court | Fact 9: The parties agreed that summary judgment motions will deal with the government's withholding of "the following categories of documents created from January 1, 2004 to June 2, 2011 and containing significant legal analysis or interpretation of Section 215: (1) legal opinions or memoranda concerning or interpreting Section 215 of the USA Patriot Act; (2) guidelines for government personnel regarding the use of Section 215; (3) reports provided to Congress by the FBI or DOJ concerning or memorializing the Executive Branch's interpretation or use of Section 215; (4) rulings, opinions or memoranda of the FISC concerning or interpreting Section 215; and (5) legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215. The | |

| | | |
|---|---|---|
| | parties [further] agreed that the following types of documents are excluded from further litigation at this time: (1) email responsive to Plaintiff's FOIA requests or the above categories from the files of NSD; (2) records that are purely logistical; (3) applications and supporting documentation submitted to the FISC; (4) the operational files of the NSD Office of Intelligence and its predecessor, the Office of Intelligence Policy and Review; and (5) records that were previously processed by the FBI in response to FOIA request numbers 1017326 (by the Electronic Privacy Information Center in 2005) and 1138791 (by EFF in 2010)."<br><br>ECF No. 32 at 1-2; ECF No. 33 at 2 & n.6. | |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 1. Defendant's declarant for the Natonal Security Division ("NSD"), Mark A. Bradley, and its declarant for the Federal Bureau of Investigation ("FBI"), David M. Hardy, are original classification authorities.<br><br>Bradley Decl. ¶ 2; Hardy Decl. ¶ 2. | |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 2. NSD has withheld classified information that relates to intelligence activities that, if disclosed, could be expected to cause serious or exceptionally grave damage to national security.<br><br>Bradley Decl., ¶¶ 9-11; Classified Bradley Decl. & Exhibits. | |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 3. FBI has withheld classified information pertaining to intelligence activities, sources, and methods that, if disclosed, could be expected to cause serious damage | |

| | | |
|---|---|---|
| | to national security.<br><br>Hardy Decl. ¶ 71. | |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 4. FBI has withheld information identifying a foreign national who was the target of a national security investigation, the release of which could reasonably be expected to compromise other national security investigations.<br><br>Hardy Decl. ¶ 71. | |
| 4. Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | Fact 1. NSD has withheld classified Congressional reporting and supporting documentation; materials submitted to, or opinions and/or orders issued by, the Foreign Intelligence Surveillance Court; internal Executive Branch communications and analysis; and guidelines and training documents concerning the use of Section 215.<br><br>Bradley Decl. ¶ 8. | |
| 4. Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | Fact 2. Mr. Bradley has determined, on behalf of the government, that disclosure of documents withheld pursuant to Exemption 3 would reveal information pertaining to intelligence methods and activities.<br><br>Bradley Decl. ¶ 13. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 1. The documents withheld pursuant to the deliberative process privilege contain discussions pertinent to pre-decisional matters before Executive Branch agencies.<br><br>Colborn Decl. ¶¶ 13-21; Hardy Decl. ¶¶ 54, 57, 61, 68, 73, 74. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the | Fact 2. OLC has withheld a legal memorandum dated January 4, 2010 prepared by OLC providing confidential legal advice to the Department of Commerce | |

| | | |
|---|---|---|
| deliberative process privilege. | regarding the interaction between disclosure provisions in the Patriot Act, as amended, and prohibitions on disclosure in the Census Act, 13 U.S.C. §§ 8, 9, 214 (2006). Colborn Decl. ¶ 13. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 3. OLC's withheld memorandum to the Department of Commerce "is pre-decisional because it was prepared by OLC to aid the Department of Commerce in considering what actions to take, consistent with the agency's legal obligations, with respect to the potential disclosure of census information to federal law enforcement or national security officers."<br><br>Colborn Decl. ¶ 15. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 4. OLC's withheld memorandum to the Department of Commerce is deliberative "because it constitutes legal advice from OLC to the Department of Commerce for use in the agency's deliberations regarding how to comply with its legal obligations regarding the confidentiality of census information."<br><br>Colborn Decl. ¶ 15. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 5. FBI has withheld a draft letter containing an individual FBI employee's proposed interpretation of Section 215 as it relates to FISA use authority.<br><br>Hardy Decl. ¶ 54 | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process | Fact 6. FBI has withheld communications in which FBI officials receive and consider recommendations concerning how the FBI should use Section 215 orders. | |

| | | |
|---|---|---|
| privilege. | Hardy Decl. ¶ 57. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 7. The documents withheld pursuant to the deliberative process privilege are deliberative in nature, such that their disclosure would harm the agencies' deliberative processes by chilling free and frank discussions on matters of significant public policy. These documents contain opinions, recommendations, and comments that were both predecisional and deliberative.<br><br>Colborn Decl. ¶¶ 13-21; Hardy Decl. ¶¶ 54, 57, 61, 68, 73, 74. | |
| 6. Defendant properly applied FOIA Exemption 5 to withhold material protected by the attorney-client privilege. | Fact 1. Documents withheld pursuant to the attorney-client privilege consist of confidential communications between government attorneys and government personnel with respect to matters for which legal advice had been sought.<br><br>Hardy Decl. ¶¶ 64, 67, 74, 75. | |
| 6. Defendant properly applied FOIA Exemption 5 to withhold material protected by the attorney-client privilege. | Fact 2. FBI has withheld confidential legal communications between government attorneys and government personnel concerning interpretation of Section 215.<br><br>Hardy Decl. ¶ 74 n.26 & accompanying text. | |
| 7. Defendant properly applied FOIA Exemption 7(E) to withhold confidential law enforcement techniques and procedures. | Fact 1. The material withheld pursuant to FOIA Exemption 7(E) includes confidential FBI investigative techniques and procedures used by FBI agents and support personnel in obtaining Section 215 business records orders.<br><br>Hardy Decl. ¶¶ 51-52. | |
| 8. Defendant has | Fact 1. The defendant has reviewed | |

| | | |
|---|---|---|
| released all non-exempt, segregable material. | the withheld material subject to this Motion and has disclosed all non-exempt information that reasonably could be disclosed.<br><br>Bradley Decl. ¶ 12, Colborn Decl. ¶ 15; Hardy Decl. ¶ 78. | |

Dated: November 16, 2012

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

MELINDA HAAG
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ Steven Y. Bressler

STEVEN Y. BRESSLER D.C. Bar #482492
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0167
Facsimile: (202) 616-8470
Steven.Bressler@usdoj.gov

Counsel for the U.S. Department of Justice