# Exhibit 2

# Exhibit 2

# United States Senate

WASHINGTON, DC 20510

September 21, 2011

The Honorable Eric Holder
Attorney General
United States Department of Justice
Washington, D.C.  20530

Dear Attorney General Holder:

As you know, we have been concerned for some time that the U.S. government is relying on secret interpretations of surveillance authorities that – in our judgment – differ significantly from the public's understanding of what is permitted under U.S. law.

We believe that policymakers can have legitimate differences of opinion about what types of domestic surveillance should be permitted, but we also believe that the American people should be able to learn what their government thinks that the law means, so that voters have the ability to ratify or reject decisions that elected officials make on their behalf.

Unfortunately, however, the decision to classify the government's interpretations of the law itself makes an informed debate on this issue impossible.  Moreover, the absence of publicly available information about the government's understanding of its authorities increases the risk of the public being misled or misinformed about the official interpretation of public laws.

While we are sure that you would agree that government officials should not describe government authorities in a way that misleads the public, during your tenure Justice Department officials have – on a number of occasions – made what we believe are misleading statements pertaining to the government's interpretation of surveillance law.

The first set of statements that concern us are the repeated claims by Justice Department officials that the government's authority to obtain business records or other 'tangible things' under section 215 of the USA Patriot Act is analogous to the use of a grand jury subpoena.  This comparison – which we consider highly misleading – has been made by Justice Department officials on multiple occasions, including in testimony before Congress.  As you know, Section 215 authorities are not interpreted in the same way that grand jury subpoena authorities are, and we are concerned that when Justice Department officials suggest that the two authorities are "analogous" they provide the public with a false understanding of how surveillance law is interpreted in practice.

More recently, we were troubled to learn that a Justice Department spokesman stated that "Section 215 [of the Patriot Act] is not a secret law, nor has it been implemented under secret legal opinions by the Justice Department."  This statement is also extremely misleading.  As the NSA General Counsel testified in July of this year, significant

interpretations of section 215 of the Patriot Act are contained in classified opinions of the Foreign Intelligence Surveillance Court and these opinions – and the legal interpretations they contain – continue to be kept secret.  In our judgment, when the government relies on significant interpretations of public statutes that are kept secret from the American public, the government is effectively relying on secret law.

Again, we hope you will agree that misleading statements of this nature are not in the public interest and must be corrected.  Americans will eventually and inevitably come to learn about the gap that currently exists between the public's understanding of government surveillance authorities and the official, classified interpretation of these authorities.  We believe that the best way to avoid a negative public reaction and an erosion of confidence in US intelligence agencies is to initiate an informed public debate about these authorities today.  However, if the executive branch is unwilling to do that, then it is particularly important for government officials to avoid compounding the problem by making misleading statements such as the ones we have described here.

We urge you to correct the public record with regard to these statements, and ensure that everyone who speaks for the Justice Department on this issue is informed enough about it to avoid similarly misleading statements in the future.

Thank you for your attention to this matter.

Sincerely,

Ron Wyden
United States Senator

Mark Udall
United States Senator