# Exhibit 10

# Exhibit 10



**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

June 2, 2011

**VIA EMAIL** — foiparequest@ic.fbi.gov

David M. Hardy
Section Chief, Record/Information Dissemination Section
Federal Bureau of Investigation
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4483

**RE:   Freedom of Information Act Request and Request for Expedited Processing**

Dear Mr. Hardy:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Federal Bureau of Investigation ("FBI") on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

Since its inception, the USA PATRIOT Act (the "Patriot Act") has engendered controversy. In particular, the government's use of one provision — Section 215 — has consistently sparked concern among elected officials, civil rights advocates, and citizens. This request seeks agency records specifically related to the FBI's interpretation and use of Section 215.

Section 215 of the Patriot Act, which amended the Foreign Intelligence Surveillance Act ("FISA"), provides federal government agencies with the power to obtain a court order for "any tangible thing" upon a showing that the requested items are "relevant to an authorized [counterintelligence or counterterrorism] investigation." 50 U.S.C. §§ 1861(a)(1), (b)(2)(A). Section 215, along with Section 206 (the "roving wiretap" provision) and the "lone wolf" provision of the Intelligence Reform and Terrorism Prevention Act of 2004, were initially schedule to sunset in 2005, but, after brief extensions, were subsequently reauthorized for four additional years.

In 2009, Department of Justice ("DOJ") attorneys publicly disclosed that Section 215 orders were being used to support a "sensitive collection program."[1] Shortly after this disclosure, elected officials briefed on the government's interpretation and use of 215 orders began to question the legitimacy of the government's use of its expanded Patriot Act powers. Senator Richard Durbin, a member of the Senate Judiciary Committee, stated that the government's use

---

[1] Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," Septemeber 22, 2009, *available at* http://judiciary.house.gov/hearingshear_090922.html.

454 Shotwell Street • San Francisco, CA 94110 USA
📞 +1 415 436 9333    📠 +1 415 436 9993    🌐 www.eff.org    ✉ information@eff.org

of "Section 215 is unfortunately cloaked in secrecy. Some day that cloak will be lifted, and future generations will ask whether our actions today meet the test of a democratic society: transparency, accountability, and fidelity to the rule of law and our Constitution."[2]

Similarly, then-Senator Russ Feingold, a member of both the Senate Judiciary Committee and the Senate Select Committee on Intelligence, stated: "There is information about the use of Section 215 orders that I believe Congress and the American people deserve to know . . . [Section 215 orders] have been misused."[3] Despite the Senators' admonitions, Section 215 was reauthorized until 2011.

In May 2011, during the limited debate on the reauthorization of the expiring provisions of the Patriot Act, two Senators on the Senate Select Committee on Intelligence again voiced concerns about the government's use of 215 orders. In an interview, Senator Ron Wyden stated that he was "extremely interested in reforming [Section 215]."[4] Then, in a speech on the Senate floor, Senator Wyden declared:

> "I want to deliver a warning this afternoon: when the American people find out how their government has secretly interpreted the Patriot Act, they will be stunned and they will be angry . . . . The fact is that anyone can read the plain text of the Patriot Act, and yet many members of Congress have no idea how the law is being secretly interpreted by the executive branch."[5]

Senator Tom Udall echoed similar concerns about the scope of Section 215: "Congress is granting powers to the executive branch that lead to abuse, and frankly shield the Executive Branch from accountability."[6]

Senators Wyden and Udall co-sponsored an amendment to the reauthorization of the Patriot Act. The amendment would have required government officials to "not secretly reinterpret public laws and statutes in a manner that is inconsistent with the public's understanding of these laws, and [to] not describe the execution of these laws in a way that misinforms or misleads the

---

[2] Remarks of Sen. Richard Durbin, Senate Judiciary Committee "Executive Business Meeting," (October 1, 2009) *available at* http://judiciary.senate.gov/resources/webcasts/index.cfm?changedate=09-28-09&p=all.
[3] Statement of Sen. Russ Feingold, Senate Judiciary Committee Hearing, "Reauthorizing the USA PATRIOT Act: Ensuring Liberty and Security," September 23, 2009, *available at* http://judiciary.senate.gov/hearings/testimony.cfm?id=4062&wit_id=4083.
[4] Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired (May 27, 2011), *available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.
[5] Statement of Sen. Ron Wyden, On Patriot Act Reauthorization (May 26, 2011), *available at* http://wyden.senate.gov/newsroom/press/release/?id=34eddcdb-2541-42f5-8f1d-19234030d91e.
[6] Statement of Sen. Tom Udall, On Patriot Act Reauthorization (May 26, 2011), *available at* http://markudall.senate.gov/?p=press_release&id=1090.

454 Shotwell Street • San Francisco, CA 94110 USA
 +1 415 436 9333    +1 415 436 9993    www.eff.org    information@eff.org

public."[7] The amendment would have also required the Attorney General to publish "the legal basis for the intelligence collection activities described in [a] February 2, 2011 report [from the Attorney General and Director of National Intelligence regarding intelligence collection authorities scheduled to expire under Section 224 of the Patriot Act]." Again, over the objection of Senators briefed on the government's secret interpretation and use of Section 215, the three expiring provisions of the Patriot Act were extended until 2014.

Accordingly, EFF hereby requests agency records (including, but not limited to, electronic records) created from January 1, 2004 to the present discussing, concerning, or reflecting the FBI's interpretation or use of Section 215 orders, including:

1) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record describing the types of "tangible things" which the FBI has sought or has the authority to seek through Section 215 orders, whether "pure" or "combination" orders (i.e., a 215 order made in conjunction with a pen register/trap and trace order);

2) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the use of Section 215 orders to further any "sensitive collection program," as referenced above;

3) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record relating to the scope of the FBI's authority under Section 215 or the legal basis for "sensitive collection programs" supported by Section 215 orders, including any briefings provided to the Senate Select Committee on Intelligence or the Senate Judiciary Committee, including the February 2, 2011 report described above;

4) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to modifications by the Foreign Intelligence Surveillance Court to applications for Section 215 orders submitted by the FBI;

5) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the Foreign Intelligence Surveillance Court's refusal to grant any applications for Section 215 orders submitted by the FBI;

6) All reports, memoranda, guidance, presentations, legal briefs, emails, or any other record related to the FBI's withdrawal of any applications for Section 215 orders from the Foreign Intelligence Surveillance Court;

7) All reports, memoranda, guidance, presentation, legal briefs, emails or any other record related to the number of U.S. persons identified as subjects in Section 215

---

[7] Proposed amendment of S.B. 1308, *available at*
http://static1.firedoglake.com/28/files/2011/05/Wyden-Udall-Amendment.pdf.

Freedom of Information Act Request—FBI
June 2, 2011
Page 4 of 10

    orders and the number of non-U.S. persons identified as subjects in Section 215 orders;

8) Copies of any invoices, receipts, bills, or any other similar document sent to the FBI by any business or organization in order to be reimbursed for the cost of compliance with a Section 215 order.

**Request for Expedited Processing**

For the reasons discussed below, a "compelling need" exists for the records sought in this request, and, as such, EFF is entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 28 C.F.R. §§ 16.5(d)(1)(ii) and (iv).

*Expedited Processing under 28 C.F.R. § 16.5(d)(1)(ii)*

EFF is entitled to expedited processing of this request because there is "an urgency to inform the public about an actual or alleged federal government activity" and EFF is "primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii).

An "urgency to inform the public" about the topic of a request exists when the request "concerns a matter of current exigency to the American public," when the consequences of delaying a response would "compromise a significant recognized interest," and when the request concerns "federal government activity." *Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001).

Regarding the first prong of the *Al-Fayed* standard, a FOIA request "concerns a matter of current exigency" when there has been widespread media coverage of the topic of the request. *See Al-Fayed*, 254 F.3d at 311 (noting the first prong is satisfied when "there is substantial interest, either on the part of the American public or the media" in the subject of the request); *see also ACLU v. Dep't of Def.*, 2006 U.S. Dist. LEXIS 36888 at *7 (N.D. Cal. 2006) ("[E]xtensive media interest usually is a fact supporting. . . urgency in the processing of FOIA requests."); *Gerstein v. CIA*, 2006 U.S. Dist. LEXIS 89847, *18 (N.D. Cal. 2006) (citing *ACLU*).

The information sought by EFF's request has generated substantial media interest — both about the reauthorization of the Patriot Act generally, and about the federal government's use of Section 215 specifically. The reauthorization of the Patriot Act received coverage from essentially every major media outlet in the United States. *See, e.g.*, Charlie Savage, *Deal Reached on Extension of Patriot Act*, N.Y. Times at A16 (May 20, 2011);[8] Lisa Mascaro, *Patriot Act Provisions Extended Just in Time*, L.A. Times (May 27, 2011);[9] Tom Cohen, *Obama Approves Extension of Expiring Patriot Act Provisions*, CNN (May 27, 2011);[10] *Obama Signs*

---

[8] *Available at* https://www.nytimes.com/2011/05/20/us/20patriot.html?scp=2&sq=patriot%20act&st=cse.
[9] *Available at* http://articles.latimes.com/2011/may/27/nation/la-na-patriot-act-20110527.
[10] *Available at* http://www.cnn.com/2011/POLITICS/05/27/congress.patriot.act/index.html.

Freedom of Information Act Request—FBI
June 2, 2011
Page 5 of 10

*Last-Minute Patriot Act Extension*, FoxNews (May 27, 2011).[11] A Google News search of articles containing "Patriot Act" from the past week yields over 2,800 results. *See* screenshot of Google News results (attached).

Furthermore, there has been considerable media scrutiny of the specific topic of this request — namely, the legality and legitimacy of the federal government's interpretation and implementation of Section 215. *See, e.g.*, Charlie Savage, *Senators Say Patriot Act is Being Misinterpreted*, N.Y. Times at A17 (May 27, 2011);[12] Stephen Spencer Davis, *Obama Signs Patriot Act Extension: But not Before 2 Democratic Senators Hint that Justice Department is Abusing Law*, Slate (May 27, 2011);[13] Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired (May 27, 2011);[14] Jacob Sullum, *Renewed Patriot Act Treads on Our Liberty*, Chicago Sun-Times (June 1, 2011);[15] Declan McCullagh, *Patriot Act Renewed Despite Warnings of 'Secret' Law*, CNET News (May 28, 2011);[16] Joan McCarter, *Udall, Wyden Warn of Government Overreach in PATRIOT Act, Administration's 'Secret' Law*, Daily Kos (May 31, 2011);[17] John Tomasic, *Udall Warns of Government Overreach in Light of Vote Against Patriot Act*, Washington Independent (May 27, 2011);[18] E.D. Kain, *The Secret PATRIOT Act and the End of Limited Government in America*, Forbes (May 26, 2011);[19] *4 Senators Win Promise of a Patriot Act Hearing*, AP, (May 26, 2011);[20] *'Secret' Legal Interpretation of Patriot Act Provisions Troubles 2 Senators*, AP (May 26, 2011);[21] Mark Benjamin, *Democrats Describe Secret Justice Department Spying Opinion*, Time (May 27, 2011);[22] Steven Aftergood, *Sen. Wyden Decries 'Secret Law' on PATRIOT Act*, Secrecy News (May 25, 2011).[23]

---

[11] *Available at* http://www.foxnews.com/politics/2011/05/27/senate-clearing-way-extend-patriot-act/.
[12] *Available at* https://www.nytimes.com/2011/05/27/us/27patriot.html?scp=3&sq=patriot%20act&st=cse
[13] *Available at* http://slatest.slate.com/posts/2011/05/27/patriot_act_extension_obama_signs_law_despite_claims_that_the_ju.html.
[14] *Available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/.
[15] *Available at* http://www.suntimes.com/news/otherviews/5716014-417/renewed-patriot-act-treads-on-our-liberty.html.
[16] *Available at* http://news.cnet.com/8301-31921_3-20067005-281.html.
[17] *Available at* http://www.dailykos.com/story/2011/05/31/980839/-Udall,-Wyden-warn-of-government-overreach-in-PATRIOT-Act,-administrations-secretlaw-.
[18] *Available at* http://washingtonindependent.com/110229/udall-warns-of-government-overreach-in-light-of-vote-against-patriot-act.
[19] *Available at* http://blogs.forbes.com/erikkain/2011/05/26/the-secret-patriot-act-and-the-end-of-limited-government-in-america/.
[20] *Available at* http://www.miamiherald.com/2011/05/26/2237067/2-senators-win-promise-of-patriot.html.
[21] *Available at* http://www.washingtonpost.com/politics/secret-legal-interpretation-of-patriot-act-provisions-troubles-2-senators/2011/05/26/AG7ffICH_story.html;

As demonstrated by the considerable media interest in both Patriot Act reauthorization broadly and the government's interpretation and use of Section 215 specifically, this request concerns a "matter of current exigency" to the American public. *See Al-Fayed*, 254 F.3d at 310-11.

Regarding the second prong of the *Al-Fayed* standard, threats to citizens' civil liberties and privacy constitute a "significant recognized interest" that can be compromised by a delayed response to a FOIA request. *See ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2003); *Al-Fayed*, 254 F.3d 310. The statements of Senators Durbin, Feingold, Udall, and Wyden all raise serious and legitimate concerns about the threats posed to citizens' civil liberties by an expansive and, potentially, illegitimate interpretation of Section 215 by the federal government. *See supra* pgs 1 - 2. Any questionable use of Section 215 threatens "important individual liberties and privacy concerns which are of immediate public interest." *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2003).

Third, there can be no question that the information sought in this request — records related to the federal government's use and interpretation of Section 215 — concern an actual federal government activity. 28 C.F.R. § 16.5(d)(1)(ii). DOJ officials have repeatedly confirmed that Section 215 is used by the DOJ and its components for a variety of purposes, including support of "sensitive collection programs." *See, e.g.*, Testimony of Todd Hinnen, House Judiciary Committee, "Hearing on the USA Patriot Act," Septemeber 22, 2009.[24]

Finally, as explained below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information" under 28 C.F.R. § 16.5(d)(1)(ii). Indeed, the FBI and other DOJ components have granted previous EFF requests for expedited processing under 28 C.F.R. § 16.5(d)(1)(ii) and have thus acknowledged that the organization is "primarily engaged in disseminating information." *See* Letter to David Sobel of EFF, dated October 21, 2009 (attached). Consequently, EFF is entitled to expedited processing of this request under 28 C.F.R. § 16.5(d)(1)(ii).

*Expedited Processing under 28 C.F.R.§ 16.5(d)(1)(iv)*

EFF is also entitled to expedited processing under 28 C.F.R. § 16.5(d)(1)(iv) because the subject of the request concerns "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

As demonstrated above, the federal government's interpretation and use of Section 215 is unquestionably the subject of widespread and exceptional media interest. *See* Expedited Processing under 28 C.F.R. § 16.5(d)(1)(ii), *supra* pg 5; *see also Edmonds v. FBI*, 2002 US Dist. LEXIS 26578, *10 (D.D.C. 2002) (noting "extensive media coverage" satisfied by "numerous

---

[22] *Available at* http://battleland.blogs.time.com/2011/05/27/democrats-describe-secret-justice-department-spying-opinion/.
[23] *Available at* http://www.fas.org/blog/secrecy/2011/05/wyden_secret_law.html.
[24] *Available at* http://judiciary.house.gov/hearingshear_090922.html.

454 Shotwell Street • San Francisco, CA 94110 USA
📞 +1 415 436 9333    📠 +1 415 436 9993    🌐 www.eff.org    ✉ information@eff.org

newspaper articles in the printed press . . . and on TV"), *rev'd on other grounds* 417 F.3d 1319 (D.C. Cir 2005); *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 31 (D.D.C. 2004) (holding "widespread and exceptional media interest" existed under 28 C.F.R. § 16.5(d)(1)(iv) in request for records related to the FBI's use of Section 215).

Moreover, based on the statements of Senators Durbin, Feingold, Udall, and Wyden, legitimate questions exist about the government's interpretation of Section 215, "which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). Notably, those Senators have questioned whether Congress' reauthorization of Section 215 met "the test of a democratic society"[25] and warned that the American people would be "stunned and angry"[26] with the government's interpretation of Section 215. Comments such as these, coming from elected officials briefed on the DOJ and FBI's expansive interpretation and use of Section 215, call into question the integrity of that interpretation, thus undermining public confidence. Moreover, the widespread media attention given to the Senators' comments further affects public confidence. Consequently, the records sought in this request satisfy the requirements for expedited processing under 28 C.F.R. § 16.5(d)(1)(iv).

Pursuant to DOJ regulations, this request is also being submitted to the DOJ Office of Public Affairs. 28 C.F.R. § 16.5(d)(2).

**Format of Documents**

FOIA provides that agency records include records "maintained by an agency in any format, including electronic format." 18 USC § 552(f)(2)(A). FOIA also provides that an agency should search for records in "electronic form or format," 18 USC § 552(a)(3)(C), and "shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 18 USC § 552(a)(3)(B). Accordingly, we request that, where available and appropriate, the requested records be provided in the following manner:

1) That files stored in electronic format be produced in electronic format;

2) That files be produced either in their native format (likely appropriate for spreadsheets and database files—for example, Microsoft Excel files produced as .xls electronic files) or as text-searchable pdf formatted files (likely appropriate for word processing documents, letters, memos, or emails);

3) That files preserve the "parent / child" relationship between records (for example, if an email has an attachment, that attachment—or, if appropriate, information regarding the attachment's withholding—should accompany or follow the pdf of the email); and that the beginning and ending of individual records is clearly indicated.

---

[25] *See* Remarks of Sen. Richard Durbin, *supra* page 2.
[26] *See* Statement of Sen. Ron Wyden, *supra* page 2.

454 Shotwell Street • San Francisco, CA 94110 USA
+1 415 436 9333     +1 415 436 9993     www.eff.org     information@eff.org

Freedom of Information Act Request—FBI
June 2, 2011
Page 8 of 10

EFF also requests that all pages be consecutively numbered and that the page numbers of records withheld in full be clearly indicated in a document or file accompanying the produced records.

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because it qualifies as a "representative of the news media" pursuant to the FOIA and 28 C.F.R. §§ 16.11(b)(6), (d)(1). In requesting this classification, we note that the Department of Homeland Security has recognized that EFF qualifies as a "news media" requester, based upon the publication activities set forth below. *See* DHS stipulation (attached). In addition, the National Security Agency ("NSA") has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing. *See* NSA response to EFF FOIA request (attached). These precedents are particularly important in light of the fact that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[27] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[28] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, https://www.eff.org, which reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues. EFF posts documents received in response to its FOIA requests here, along with accompanying analysis and commentary. *See* https://www.eff.org/issues/foia.

EFF has also regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at https://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (https://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues.[29]

In addition to reporting high tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since

---

[27] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/pqShowGsReport.do?npoId=561625 (last visited July 8, 2009).
[28] *Id.*
[29] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

Freedom of Information Act Request—FBI
June 2, 2011
Page 9 of 10

2002. These papers, available at https://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

EFF also records and releases podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of search and duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11(k)(1). To determine whether a request meets this standard, regulations require the FBI to assess whether "[d]isclosure of the requested information . . . is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 28 C.F.R. §§ 16.11(k)(1)(i), (ii). EFF's request clearly satisfies these criteria.

First, information concerning the FBI's interpretation and use of Section 215 clearly and directly relates to the "operations or activities of the federal government." 28 C.F.R. § 16.11(k)(2)(i).

Second, disclosure of the requested information will "contribute to an understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (internal quotation marks omitted). EFF has requested information that will shed light on the scope, legality, and legitimacy of the government's interpretation and use of Section 215. The requested information is not in the public domain and, therefore, will necessarily contribute to a more robust public understanding of the subject.

Third, the requested material will contribute to "public understanding" of the FBI's interpretation and use of Section 215. 28 C.F.R. § 16.11(k)(2)(iii) (internal quotation marks omitted). This information will contribute not only to EFF's understanding, but to the understanding of a

reasonably broad audience of persons interested in the subject. EFF will make the information obtained through this request available to the public and the media through its web site and the EFF newsletter, which highlight developments concerning privacy and civil liberties issues. Because EFF is a representative of the news media, EFF's request presumptively satisfies this criterion. *Id.*

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of the FBI's interpretation and use of Section 215. 28 C.F.R. § 16.11(k)(2)(iv) (internal quotation marks omitted). Beyond the cryptic statements of four Senators and some limited testimony from DOJ officials, very little is known about the perceived scope of federal government under Section 215. As such, the response to this FOIA request will undoubtedly enhance the public's understanding of the subject.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. 28 C.F.R. § 16.11(k)(1)(ii). EFF is a 501(c)(3) nonprofit organization, and will not derive commercial benefit from the information at issue here.

Thank you for your consideration of this request. As the FOIA provides, I will anticipate a determination on our request for expedited processing within 10 calendar days and a determination with respect to the disclosure of requested records within 20 working days. If you have any questions or concerns, do not hesitate to contact me at 415.436.933 x 137 or at mark@eff.org.

To the best of my knowledge and belief, I certify this request to be true and correct.

Sincerely,

Mark Rumold
Open Government Legal Fellow

Attachments

"...thorization" - Google News - Internet Explorer provided by Dell

news.google.com/news/search?aq=f&pz=1&cf=all&ned=us&hl=en&q=%22patriot+act%22+and+%22reauthorization%22

Yahoo! Search

...orites   Tools   Help

Customize Links   Suggested Sites ▼   Web Slice Gallery ▼

...uthorization" - Google News

...)s   Maps   **News**   Shopping   Gmail   more ▼

...ews   "patriot act" and "reauthorization"   [Search News]

Advanced news search

Results **1 – 10** of about 64 for **patriot-act and reauthorizati...**

Follow "patriot act" and "reauthorization" news


Chicago Tribune

### Kinzinger Statement on **Reauthorization** of Expiring Provisions in the **PATRIOT Act**
ChicagoNow (blog) - May 31, 2011
Washington, DC - Congressman Adam Kinzinger (IL-11) issued the following statement in support of the **reauthorization** of the three national security provisions in the **PATRIOT Act** which are set to expire on Thursday, May 26th. These provisions will be ...
An 'Un-Patriotic' Act on Memorial Day weekend   Virginia Tech Collegiate Times
all 72 news articles »


Los Angeles Times

### Senate votes to proceed on four-year **reauthorization** of key **Patriot Act** provisions
Washington Post (blog) - Felicia Sonmez - May 23, 2011
The White House indicated Monday that it "strongly supports" the **reauthorization** of the three **Patriot Act** provisions. The wide margin of victory means that passage is all but assured when the measure comes up for a final vote this week. ...
⊞ Video: US Congress agrees to extend Patriot Act   Al Jazeera
Baucus, Tester fail to halt Patriot Act reauthorization bill   Great Falls Tribune
PATRIOT Act reauthorization move demands reforms   People's World
The Republic - msnbc.com
all 2,838 news articles »



### **Reauthorization** of **Patriot Act** for was right and necessary for effective ...
New York Daily News - May 28, 2011

Internet | Protected Mode: On



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

October 21, 2009

Mr. David L. Sobel
Senior Counsel
Electronic Frontier Foundation
Suite 650
1875 Connecticut Avenue, Northwest
Washington, DC 20009

FOIPA No.: 1138791
Subject: USA PATRIOT Act /
Re-Authorization of Three
Provisions

Dear Mr. Sobel:

This is in reference to your request to the U.S. Department of Justice (DOJ), Federal Bureau of Investigation (FBI) Headquarters, for expedition of your Freedom of Information Act (FOIA) request dated September 25, 2009. Your FOIA request seeks information on the "Justice Department's recommendations on the three provisions of the Foreign Intelligence Surveillance Act (FISA) currently scheduled to expire on December 31, 2009", specifically the three provisions "Roving Wiretaps" (USA PATRIOT Act Section 206); "Business Records" (USA PATRIOT Act Section 215); and "Lone Wolf" (Intelligence Reform and Terrorism Prevention Act of 2004 Section 6001). You requested expedited processing pursuant to the Department of Justice standard permitting expedition for requests involving "(a)n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. §16.5 (d)(1)(ii). Your request for expedition has been approved.

By separate letter dated October 21, 2009, the FBI acknowledged your FOIA request and advised that you that your FOIA request has been assigned FOIPA Request No. 1138791, and we have begun to conduct a search for potentially responsive records. Once the FBI completes its search for all records potentially responsive to your FOIA request, you will be advised as to the outcome of this search effort.

With respect to the portion of your letter seeking a waiver of the customary fees, we will make a decision once our records search is completed. In the event that your request for a fee waiver is denied, you will be notified of any applicable fees prior to the processing of any responsive records.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 06-1988 (ESH) |

## STIPULATED DISMISSAL OF PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff Electronic Frontier Foundation (EFF) and Defendant Department of Homeland Security (DHS), by counsel, hereby stipulate and agree as follows:

1. Defendant DHS has granted news media status to Plaintiff EFF based on the representations contained in EFF's FOIA requests, which demonstrate that EFF is an "entity that is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6). Defendant DHS will continue to regard Plaintiff EFF as a "representative of the news media" absent a change in circumstances that indicates that EFF is no longer an "entity that is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6).

2. Accordingly, the parties herewith agree to the dismissal of Plaintiff EFF's Second Cause of Action, related to EFF's status as a "representative of the news media."

3. The parties further agree that each will pay its own fees and costs for work on the dismissed claim.

SO STIPULATED AND AGREED this 27th day of February, 2007.

| | |
|---|---|
| /s/ David L. Sobel | PETER D. KEISLER |
| DAVID L. SOBEL | Assistant Attorney General |
| D.C. Bar 360418 | |
| | JEFFREY A. TAYLOR |
| MARCIA HOFMANN | United States Attorney |
| D.C. Bar 484136 | |
| | ELIZABETH J. SHAPIRO |
| ELECTRONIC FRONTIER FOUNDATION | D.C. Bar 418925 |
| 1875 Connecticut Avenue, N.W. | Assistant Branch Director |
| Suite 650 | U.S. Department of Justice |
| Washington, D.C. 20009 | Civil Division, Federal Programs Branch |
| (202) 797-9009 | |
| | /s/ John R. Coleman |
| *Counsel for Plaintiff* | JOHN R. COLEMAN |
| | Trial Attorney |
| | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Avenue, NW, Room 6118 |
| | Washington, D.C. 20530 |
| | (202) 514-4505 |
| | |
| | *Counsel for Defendant* |



**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 52276
6 February 2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
1875 Connecticut Avenue, NW
Suite 650
Washington, DC 20009

Dear Ms. Hofmann:

    This is an initial response to your Freedom of Information Act (FOIA) request submitted via facsimile on 23 January 2007, which was received by this office on 24 January 2007, for all agency records (including, but not limited to, electronic records) related to the NSA's review of and input on the configuration of the Microsoft Windows Vista operating system ("Vista"). Your request has been assigned Case Number 52276.

    As we began to process your request, we realized that the first page of the actual request was missing from your 18-page facsimile package. On 1 February 2007, a member of my staff contacted you to advise you of this fact. As a result, you submitted another facsimile of your original five-page request, which we received and have begun to process. There is certain information relating to this processing about which the FOIA and applicable Department of Defense (DoD) and NSA/CSS regulations require we inform you.

    For purposes of this request and based on the information you provided in your letter, you are considered a representative of the media. Unless you qualify for a fee waiver or reduction, you must pay for duplication in excess of the first 100 pages. Your request for a fee waiver has been granted. In addition, please be advised your request for expedited treatment has been accepted. We are currently in the process of searching for responsive documents and will notify you of the status of your request as soon as that search has been completed.

    Correspondence related to your request should include the case number assigned to your request, which is included in the first paragraph of this letter. Your letter should be addressed to National Security Agency, FOIA Office

FOIA Case: 52276

(DC34), 9800 Savage Road STE 6248, Ft. George G. Meade, MD 20755-6248 or may be sent by facsimile to 443-479-3612. If sent by fax, it should be marked for the attention of the FOIA office. The telephone number of the FOIA office is 301-688-6527.

Sincerely,

*Marianne Stepsar*
for

PAMELA N. PHILLIPS
Chief
FOIA/PA Office