# Exhibit 11

# Exhibit 11



**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C. 20535

July 6, 2011

MR. MARK RUMOLD
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

FOIPA Request No.   1168091- 000
Subject: PATRIOT ACT SECTION 215
(JANUARY 1, 2004-PRESENT)

Dear Mr. Rumold:

This is in response to your request for a fee waiver for the above referenced Freedom of Information-Privacy Acts (FOIPA) request.  Requests for fee waivers are determined on a case by case basis.  See 5 U.S.C. § 552 (a)(4)(A)(iii).

In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied.  First, it must be established that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  Second, it must be established that "disclosure of the information . . . is not primarily in the commercial interest of the requester."  See 5 U.S.C. § 552(a)(4)(A)(iii).  The burden is on the requester to show the statutory requirements for a fee waiver have been met.  Where one or both of these requirements has not been satisfied, a fee waiver is not warranted under the statute.

To determine whether the first requirement has been met, we consider the following four factors:  (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether disclosure of the requested information will contribute to "public understanding;" and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.  See 28 C.F.R. § 16.11(k)(2).

If the first requirement has been met, we are then required to determine whether disclosure of the requested information is primarily in the commercial interest of the requester.  To make this determination, we consider the following two factors:  (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."  See 28 C.F.R. § 16.11(k)(3).  If the requester's commercial interest in disclosure is greater then the public interest to be served, then a fee waiver is not warranted.

We have reviewed the information that you provided in support of your request for a fee waiver and have found that you do not satisfy the second factor of the first requirement (disclosure is likely to contribute to an understanding of government operating) because a significant amount of information about Section 215 of the United States Patriot Act has been previously disseminated to the public.

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 6, 2011

MR. MARK RUMOLD
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

FOIPA Request No.:   1168091- 000
Subject:  PATRIOT ACT SECTION 215
(JANUARY 1, 2004-PRESENT)

Dear Mr. Rumold:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information /Privacy Acts (FOIPA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐       **28 C.F.R. §16.5 (d)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☒       **28 C.F.R. §16.5 (d)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐       **28 C.F.R. §16.5 (d)(1)(iii):** "The loss of substantial due process of rights."

☒       **28 C.F.R. §16.5 (d)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

You may appeal by writing to the Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered  timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division