Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
Mark Rumold (SBN 279060)
*mark@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993


Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION


# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION


| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 4:11-cv-05221-YGR |
| Plaintiff, | **PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF MATERIAL FACTS AND SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | Date: February 19, 2013 |
| | Time: 2:00 p.m. |
| | Oakland Courthouse |
| | Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's Standing Order in Civil Cases, Plaintiff Electronic Frontier Foundation submits the following combined response to Defendant's separate statement of material facts and separate statement of material facts in support of Plaintiff's motion for summary judgment.

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 1. Scope of issues before the Court | Fact 1: Plaintiff made its initial FOIA requests to defendant in letters dated June 2, 2011.<br><br>First Am. Compl. ¶ 14, ECF No. 9, Answer to First Am. Compl. ¶ 14, ECF No. 14. | Undisputed. |
| 1. Scope of issues before the Court | Fact 2: In 2011, plaintiff agreed to limit its request to OLC to legal opinions or memoranda prepared by OLC concerning Section 215.<br><br>Am. Compl. ¶ 18, Answer ¶ 18, Declaration of Paul Colborn ¶¶ 6, 8. | Undisputed. |
| 1. Defendant responded to plaintiff's request, as narrowed by the parties, in compliance with FOIA. | Fact 3: On November 16, 2011, OLC informed plaintiff that it had located two documents responsive to plaintiff's FOIA request which DOJ was withholding in full pursuant to FOIA Exemption Five, 5 U.S.C. § 552(b)(5), pursuant to the attorney-client and deliberative process privileges.<br><br>Answer ¶ 18, Colborn Decl. ¶ 8. | Undisputed. |
| 1. Scope of issues before the Court | Fact 4: The parties agreed to further narrow the scope of plaintiff's FOIA request by stipulation filed on February 10, 2012, and endorsed by the Court on February 16, 2012.<br><br>ECF Nos. 21 & 22. | Undisputed. |

| 1. Scope of issues before the Court | Fact 5: By stipulation, the parties agreed to exclude from processing of plaintiff's FOIA request: (1) drafts of responsive documents for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full; (2) emails concerning such drafts of documents for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full; (3) records that are purely logistical, such as emails between officials attempting to schedule a meeting; (4) acquisition applications and supporting documentation submitted to the Foreign Intelligence Surveillance Court.<br><br>ECF No. 22. | Undisputed. |
| 1. Scope of issues before the Court | Fact 6. The parties also agreed that only one version of every responsive email need be processed and released or withheld in full pursuant to a valid FOIA exemption.<br><br>ECF No. 22. | Undisputed. |
| 1. Scope of issues before the Court | Fact 7. The parties also stipulated to a schedule for processing of plaintiff's FOIA request, as narrowed, and production of non-exempt documents.<br><br>ECF Nos. 22, 25. | Undisputed. |
| 2. Defendant responded to plaintiff's request, as narrowed by the parties, in compliance with FOIA. | Fact 1. Defendant generally completed processing and production by approximately July 1, 2012. | Undisputed. |

| | | |
|---|---|---|
| | Hardy Decl. ¶ 26 (processing completed and documents released on June 28, 2012, with a supplemental release made on August 20, 2012), Bradley Decl. ¶ 5 (NSD released documents and responded to plaintiff's request on August 11, 2011); Colborn Decl. ¶ 8 (processing completed in November 2011). | |
| 1. Scope of issues before the Court | Fact 8. In their summary judgment pre-filing letters, the parties memorialized their agreement to further narrow the scope of material that would be subject to summary judgment motions practice.<br><br>Letter from Steven Y. Bressler to the Court dated August 22, 2012, ECF No. 32; Letter from Mark Rumold to the Court dated August 24, 2012, ECF No. 33. | Undisputed. |
| 1. Scope of issues before the Court | Fact 9: The parties agreed that summary judgment motions will deal with the government's withholding of "the following categories of documents created from January 1, 2004 to June 2, 2011 and containing significant legal analysis or interpretation of Section 215: (1) legal opinions or memoranda concerning or interpreting Section 215 of the USA Patriot Act; (2) guidelines for government personnel regarding the use of Section 215; (3) reports provided to Congress by the FBI or DOJ concerning or memorializing the Executive Branch's interpretation or use of Section 215; (4) rulings, opinions or | Undisputed. |

| | | |
|---|---|---|
| | memoranda of the FISC concerning or interpreting Section 215; and (5) legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215. The parties [further] agreed that the following types of documents are excluded from further litigation at this time: (1) email responsive to Plaintiff's FOIA requests or the above categories from the files of NSD; (2) records that are purely logistical; (3) applications and supporting documentation submitted to the FISC; (4) the operational files of the NSD Office of Intelligence and its predecessor, the Office of Intelligence Policy and Review; and (5) records that were previously processed by the FBI in response to FOIA request numbers 1017326 (by the Electronic Privacy Information Center in 2005) and 1138791 (by EFF in 2010)." ECF No. 32 at 1-2; ECF No. 33 at 2 & n.6. | |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 1. Defendant's declarant for the Natonal Security Division ("NSD"), Mark A. Bradley, and its declarant for the Federal Bureau of Investigation ("FBI"), David M. Hardy, are original classification authorities. Bradley Decl. ¶ 2; Hardy Decl. ¶ 2. | Undisputed. |
| 3. Defendant properly applied FOIA Exemption 1 to withhold | Fact 2. NSD has withheld classified information that | Disputed. |

-4-

| | | |
|---|---|---|
| classified material. | relates to intelligence activities that, if disclosed, could be expected to cause serious or exceptionally grave damage to national security.<br><br>Bradley Decl., ¶¶ 9-11; Classified Bradley Decl. & Exhibits. | Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 3. FBI has withheld classified information pertaining to intelligence activities, sources, and methods that, if disclosed, could be expected to cause serious damage to national security.<br><br>Hardy Decl. ¶ 71. | EFF withdraws its challenges to FBI's withholdings. |
| 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 4. FBI has withheld information identifying a foreign national who was the target of a national security investigation, the release of which could reasonably be expected to compromise other national security investigations.<br><br>Hardy Decl. ¶ 71. | EFF withdraws its challenges to FBI's withholdings. |
| 4. Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | Fact 1. NSD has withheld classified Congressional reporting and supporting documentation; materials submitted to, or opinions and/or orders issued by, the Foreign Intelligence Surveillance Court; internal Executive Branch communications and analysis; and guidelines and training documents concerning the use of Section 215.<br><br>Bradley Decl. ¶ 8. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 4. Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | Fact 2. Mr. Bradley has determined, on behalf of the government, that disclosure of documents withheld pursuant to Exemption 3 would reveal | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff |

-5-

| | | |
|---|---|---|
| | information pertaining to intelligence methods and activities.<br><br>Bradley Decl. ¶ 13. | disputes. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 1. The documents withheld pursuant to the deliberative process privilege contain discussions pertinent to pre-decisional matters before Executive Branch agencies.<br><br>Colborn Decl. ¶¶ 13-21; Hardy Decl. ¶¶ 54, 57, 61, 68, 73, 74. | Undisputed. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 2. OLC has withheld a legal memorandum dated January 4, 2010 prepared by OLC providing confidential legal advice to the Department of Commerce disclosure provisions in the Patriot Act, as amended, and prohibitions on disclosure in the Census Act, 13 U.S.C. §§ 8, 9, 214 (2006).<br><br>Colborn Decl. ¶ 13. | Undisputed. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 3. OLC's withheld memorandum to the Department of Commerce "is pre-decisional because it was prepared by OLC to aid the Department of Commerce in considering what actions to take, consistent with the agency's legal obligations, with respect to the potential disclosure of census information to federal law enforcement or national security officers."<br><br>Colborn Decl. ¶ 15. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 4. OLC's withheld memorandum to the Department of Commerce is deliberative "because it constitutes legal advice from OLC to the Department of | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |

| | | |
|---|---|---|
| | Commerce for use in the agency's deliberations regarding how to comply with its legal obligations regarding the confidentiality of census information." <br><br> Colborn Decl. ¶ 15. | |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 5. FBI has withheld a draft letter containing an individual FBI employee's proposed interpretation of Section 215 as it relates to FISA use authority. <br><br> Hardy Decl. ¶ 54. | EFF withdraws its challenges to the FBI's withholdings. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 6. FBI has withheld communications in which FBI officials receive and consider recommendations concerning how the FBI should use Section 215 orders. <br><br> Hardy Decl. ¶ 57. | EFF withdraws its challenges to the FBI's withholdings. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 7. The documents withheld pursuant to the deliberative process privilege are deliberative in nature, such that their disclosure would harm the agencies' deliberative processes by chilling free and frank discussions on matters of significant public policy. These documents contain opinions, recommendations, and comments that were both predecisional and deliberative. <br><br> Colborn Decl. ¶¶ 13-21; Hardy Decl. ¶¶ 54, 57, 61, 68, 73, 74. | Disputed. <br><br> Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 6. Defendant properly applied FOIA Exemption 5 to withhold material protected by the attorney-client privilege. | Fact 1. Documents withheld pursuant to the attorney-client privilege consist of confidential communications between government attorneys and government personnel with respect to matters for which legal advice had been sought. | EFF withdraws its challenges to the FBI's withholdings. |

| | Hardy Decl. ¶¶ 64, 67, 74, 75. | |
|---|---|---|
| 6. Defendant properly applied FOIA Exemption 5 to withhold material protected by the attorney-client privilege. | Fact 2. FBI has withheld confidential legal communications between government attorneys and government personnel concerning interpretation of Section 215.<br><br>Hardy Decl. ¶ 74 n.26 & accompanying text. | EFF withdraws its challenges to the FBI's withholdings. |
| 7. Defendant properly applied FOIA Exemption 7(E) to withhold confidential law enforcement techniques and procedures. | Fact 1. The material withheld pursuant to FOIA Exemption 7(E) includes confidential FBI investigative techniques and procedures used by FBI agents and support personnel in obtaining Section 215 business records orders.<br><br>Hardy Decl. ¶¶ 51-52. | EFF withdraws its challenges to the FBI's withholdings. |
| 8. Defendant has released all non-exempt, segregable material. | Fact 1.  The defendant has reviewed the withheld material subject to this Motion and has disclosed all non-exempt information that reasonably could be disclosed.<br><br>Bradley Decl. ¶ 12, Colborn Decl. ¶ 15; Hardy Decl. ¶ 78. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |

**CROSS MOVING PARTY'S ADDITIONAL ISSUES AND MATERIAL FACTS**

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 3:<br>Defendant properly applied FOIA Exemption 1 to withhold classified material. | Additional Fact 3:<br>Elected officials have accused Defendant of misleading the public concerning its interpretation and use of Section 215.<br><br>Rumold Decl., Exhibit 2 (*Letter from Sen. Ron Wyden and Sen. Mark Udall to Attorney General Eric Holder,* | |

| | | |
|---|---|---|
| | *September 21, 2011*) | |
| Issues 3, 4, 5: | Additional Fact: | |
| Defendant properly applied FOIA Exemption 1 to withhold classified material. | "[I]t is a matter of public record that Section 215 . . . has been the subject of secret legal interpretations. . . [contained in] opinions issued by the Foreign Intelligence Surveillance Court." | |
| Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | | |
| Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Rumold Decl., Ex. 3 (*Letter from Sen. Ron Wyden and Sen. Mark Udall to Attorney General Eric Holder*, Mar. 15, 2012) at 1. | |
| Issue #8: Defendant has released all non-exempt, segregable material. | Additional Fact #2: Executive branch legal opinions concerning sensitive intelligence collection programs have been released with redactions in other circumstances. | |
| | Rumold Decl., Exhibit 6 (*Memorandum for the Attorney General, Review of the Legality of the [redacted] Program*, Mar. 2004) (OLC legal analysis of NSA's surveillance program) | |
| | Rumold Decl., Exhibit 7 (*Memorandum for the Attorney General*, Nov. 2, 2001) (preliminary OLC legal analysis of NSA's surveillance program) | |
| | Additional Fact #3: Opinions of the Foreign Intelligence Surveillance Court have been released in redacted form in the past. | |
| | Rumold Decl., Ex. 8 (*In re Motion for Release of Court Records*, Dkt. No. 07-01 (U.S. FISC Dec. 11, 2007)) | |

| | | |
|---|---|---|
| | Rumold Decl., Ex. 9 (*In re Directives [redacted] Pursuant to Section 105B of the Foreign Intelligence Surveillance Act*, 08-01 (U.S. FISC of Rev. Aug. 22, 2008)) | |
| Issue #9:<br>FBI Improperly Refused to Grant EFF a Public Interest Fee Waiver for Production of Responsive Records | Fact #1:<br>EFF provided information to FBI concerning the significant contribution the information from the requested records would make to the public's understanding of government operations.<br><br>Rumold Decl., Ex. 10 (EFF FOIA Request to FBI) at 9-10. | |
| Issue #9 | Fact #2:<br>EFF does not have a commercial interest in the release of the requested records.<br><br>Rumold Decl., Ex. 10 (EFF FOIA Request) at 10. | |
| Issue #9 | Fact #3:<br>FBI denied EFF's request for a fee waiver, and EFF filed a timely appeal.<br><br>Rumold Decl., Ex. 11 (FBI Fee Waiver Denial); Ex. 12 (EFF Fee Waiver Appeal) | |
| Issue #9 | Fact #4:<br>DOJ-Office of Information Policy rejected EFF's appeal on the grounds that FBI's fee waiver denial was premature.<br><br>Rumold Decl., Ex. 14 (OIP Appeal Determination) | |

PLAINTIFF'S COMBINED RESPONSE AND SEPARATE
STATEMENT OF MATERIAL FACTS
CASE NO. 4:11-CV-05221-YGR

1

2     I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

3         DATED:  December 14, 2012              Respectfully submitted,

4                                                      _____/s/ Mark Rumold_____
5                                                      MARK RUMOLD
                                                       ELECTRONIC FRONTIER FOUNDATION
6                                                      454 Shotwell Street
                                                       San Francisco, CA  94110
7                                                      Attorney for Plaintiff
                                                       ELECTRONIC FRONTIER FOUNDATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28