STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

  P.O. Box 883
  Washington, D.C.  20044
  Telephone:  (202) 305-0167
  Facsimile:  (202) 616-8470
  Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, ) <br> ) <br> Defendant. ) <br> ) <br>_____ ) | Case No. 4:11-cv-05221-YGR <br><br> Date:  February 19, 2013 <br> Time:  2:00 p.m. <br> Place:  Oakland U.S. Courthouse <br> Judge:  Hon. Yvonne Gonzalez Rogers <br><br> **CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................ 1

**ARGUMENT** ......................................................................... 3

    I.    The Government Has Demonstrated as a Matter of Law that the Responsive Records in This Case are Exempt From Disclosure    Under the FOIA. ............................................................. 3

    II.    Plaintiff Misapplies the "Secret Law" Doctrine, Which Does Not Require Disclosure of Documents Subject to the Nine FOIA Exemptions.............. 4

        A.   No "Secret Law" Exclusion Trumps the Otherwise Valid Invocation of a FOIA Exemption. ......................................................... 5

        B.   There Is No Legal or Logical Connection Between the Concept    of "Secret Law" and Exemptions 1 or 3. ................................................. 7

    III.   The Declarations of Mark Bradley Establish That the Government    is Entitled to Summary Judgment on the Exemption 1 and 3 Withholdings of National Security Division Records, and Plaintiff's Attacks on Those Declarations are Without Merit. ................................................. 9

        A.   The Court Should Accord Substantial Weight to the Government's National Security Classification Decisions. ......................................... 9

        B.   The Bradley Declarations Are Entitled to a Presumption    of Good Faith. ......................................................... 11

        C.   The Bradley Declarations Offer Ample and Sufficient Detail    to Support Withholding of Classified Materials Under Exemption 1 ............................................................... 13

        D.   Submission of Classified Declarations *Ex Parte* and *In Camera*    is Proper, Permissible, and Necessary to Protect National    Security Information in This Case ................................................. 15

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment        i

E.    Submission of the Classified Declaration at the Time of the Government's Motion Was Appropriate ........................................... 16

F.    Documents That Reveal Intelligence Sources and Methods        Are Exempt From FOIA Disclosure Under the National        Security Act of 1947. ..................................................................................... 17

IV.    The Government Properly Withheld an OLC Legal Advice Memorandum Pursuant to Exemption 5............................................................................ 19

A.    "Secret Law" Describes Agency Rules That are        Post-Decisional and Final, and Therefore Not Subject to FOIA Exemption 5. ................................................................................................... 19

B.    The Memorandum Withheld by OLC Constitutes        Confidential Predecisional Legal Advice That is Exempt        From FOIA Disclosure Pursuant to the Deliberative Process Privilege Under Exemption 5 ..................................................................................... 20

CONCLUSION ......................................................................................... 25

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    ii

# TABLE OF AUTHORITIES

**Cases**

*ACLU v. Dep't of Defense,*
  389 F. Supp. 2d 547 (S.D.N.Y. 2005)..................................................... 11

*ACLU v. Dep't of Defense,*
  396 F. Supp. 2d 459 (S.D.N.Y. 2005)..................................................... 5

*ACLU v. Dep't of Defense,*
  628 F.3d 612 (D.C. Cir. 2011) .............................................................. 14

*ACLU v. Dep't of Justice,*
  265 F. Supp. 2d  20 (D.D.C. 2003) ........................................................ 8

*ACLU v. Dep't of Justice,*
  681 F.3d 61 (2d Cir. 2012)..................................................................... 6

*ACLU v. ODNI,*
  10-cv-4419, 2011 WL 5563520 (S.D.N.Y. Nov. 15, 2011) ............... 11, 12

*Afshar v. Dep't of State,*
  702 F.2d 1125 (D.C. Cir. 1983) ................................................... 6, 20, 22

*Amnesty Int'l v. CIA,*
  728 F. Supp. 2d 479 (S.D.N.Y. 2010)................................................... 17

*Assembly of California v. Dep't of Commerce,*
  968 F.2d 916 (9th Cir. 1992) ................................................................. 4

*Assoc. of Retired R.R. Workers, Inc. v. U.S.R.R. Ret. Bd.,*
  830 F.2d 331 (D.C. Cir. 1987) .............................................................. 9

*Berman v. CIA,*
  501 F.3d 1136 (9th Cir. 2007) .............................................................. 7

*Brennan Ctr. for Justice at N.Y. Univ. School of Law v. Dep't of Justice,*
  697 F.3d 184 (2d Cir. 2012)............................................................ 23, 24

*Brinton v. Dep't of State,*
  636 F.2d 600 (D.C. Cir. 1980) .............................................................. 23

*Bureau of Nat'l Affairs, Inc. v. Dep't of Justice,*
  742 F.2d 1484 (D.C. Cir. 1984) ............................................................ 22

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    iii

*Cal. State Foster Parent Ass'n v. Wagner,*
2008 WL 2872775 (N.D. Cal. July 23, 2008)..........................................21

*Church of Scientology of California v. Dep't of the Army,*
611 F.2d 738 (9th Cir. 1980) ..........................................13, 15

*Coastal StatesGas Corp. v. Dep't of Energy,*
617 F.2d 854 (D.C. Cir. 1980) ..........................................20

*CREW v. Office of Admin.,*
249 F.R.D. 1 (D.D.C. 2008)..........................................21, 23

*Crooker v. ATF,* 670 F.2d 1051 (D.C. Cir. 1981)..........................................4

*Ctr. for Nat'l Sec. Studies v. DOJ,*
331 F.3d 918 (D.C. Cir. 2003) ..........................................4, 9, 10

*Dep't of the Navy v. Egan,*
484 U.S. 518 (1988) ..........................................10, 15

*Elec. Privacy Info. Ctr. v. DOJ,*
584 F. Supp .2d 65 (D.D.C. 2008) ..........................................21, 23

*Eslaminia v. FBI,*
2011 WL 5118520 (N.D. Cal. Oct. 28, 2011) ..........................................10, 11

*Federal Open Market Committee v. Merrill,*
443 U.S. 340 (1979) ..........................................20

*Fitzgibbon v. CIA,*
911 F.2d 755 (D.C. Cir. 1990) ..........................................8, 10

*Washington Post v. Dep't of Defense,*
No. 84-2949, 1987 U.S. Dist. LEXIS 16108 (D.D.C. Feb. 25, 1987) ..........................................12

*Frontier Found. v. Dep't of Justice,*
2012 WL 4319901 (D.D.C. Sept. 21, 2012) ..........................................24

*Gardels v. CIA,*
689 F.2d 1100 n. 5 (D.C. Cir. 1982) ..........................................12

*Goldberg v. Dep't of State,*
818 F.2d 71 (D.C. Cir. 1987) ..........................................11

*Halperin v. CIA,*
629 F.2d 144 (D.C. Cir. 1980) ..........................................10

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    iv

*Hamdan v. Rumsfeld*,
  548 U.S. 557 (2006) .................................................................................................... 15

*Hardy v. ATF,*,
  631 F.2d 653 (9th Cir.1980) ........................................................................................ 4

*Hayden v. NSA*,
  608 F.2d 1381 (D.C. Cir. 1979) ............................................................................ 15, 16

*Holder v. Humanitarian Law Project*,
  130 S. Ct. 2705 (2010) ............................................................................................... 10

*Hunt v. CIA*,
  981 F.2d 1116 (9th Cir. 1992) .................................................................................... 17

*In re County of Erie*,
  473 F.3d 413 (2d Cir. 2007) ....................................................................................... 24

*Jifry v. FAA*,
  370 F.3d 1174 (D.C. Cir. 2004) .................................................................................. 15

*Jones v. FBI*,
  41 F.3d 238 (6th Cir. 1994) ........................................................................................ 11

*Krikorian v. Dep 't of State*,
  984 F.2d 461 (D.C. Cir. 1993) .................................................................................... 18

*Lane v. Dep't of the Interior*,
  523 F.3d 1128 (9th Cir. 2008) .................................................................................... 13

*Lardner v. Dep't of Justice*,
  03-cv-0180, 2005 WL 758267 (D.D.C. Mar. 31, 2005) ............................................ 18

*Larson v. Dep't of State*,
  02-cv-1937, 2005 WL 3276303 (D.D.C. Aug. 10, 2005) ........................................... 18

*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009) .................................................................................... 10

*Lewis v. IRS*,
  823 F.2d 375 (9th Cir. 1987) ...................................................................................... 15

*Ctr. For Int'l Environ. Law v. USTR,*,
  845 F. Supp. 2d 252 (D.D.C. 2012) ............................................................................. 6

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    v

*Lion Raisins v. Dep't of Agriculture*,
   354 F.3d 1072 (9th Cir.2004) ............................................................ 13, 16

*McGehee v. Casey*,
   718 F.2d 1137 (D.C. Cir. 1983) ............................................................... 16

*Military Audit Project v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) ................................................................... 3

*Minier v. CIA*,
   88 F.3d 796 (9th Cir. 1996) ..................................................................... 17

*Mobley v. Department of Justice*,
   870 F. Supp. 2d 61 (D.D.C. 2012) .......................................................... 17

*Mohamed v. Jeppesen Dataplan*,
   614 F.3d 1070 (9th Cir. 2010) ................................................................... 9

*N.Y. Times Co. v. Dep't of Justice*,
   11-cv-9336, 2013 WL 20543 (S.D.N.Y. Jan. 2, 2013) ................... 4, 22, 23

*Nat'l Council of La Raza v. Dep't of Justice*,
   411 F.3d 350 (2d Cir. 2005) .................................................................... 21

*NLRB v. Sears, Roebuck & Co.*,
   421 U.S. 132 (1975) ......................................................................... *passim*

*People for the Am. Way Fund. v. NSA,*,
   462 F. Supp. 2d 21 (D.D.C.  2006) ............................................................ 8

*Pollard v. FBI*,
   705 F.2d 1151 (9th Cir. 1983) ................................................................. 16

*Ray v. Turner*,
   587 F.2d 1187 (D.C. Cir. 1978) ................................................................. 9

*Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*,
   421 U.S. 168 (1975) ........................................................................... 22, 24

*SafeCard Servs., Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ............................................................... 11

*Shermco Indus., Inc. v. Sec'y of the Air Force*,
   613 F.2d 1314 (5th Cir. 1980) ................................................................. 22

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment         vi

*Sims v. CIA*,
   471 U.S. 159 (1985) ................................................................................ 10, 17, 18

*Southam News v. INS*,
   674 F. Supp. 881 (D.D.C.1987) .................................................................... 24

*Sterling v. Tenet*,
   416 F.3d 338 (4th Cir. 2005) ....................................................................... 16

*Stillman v. CIA*,
   319 F.3d 546 (D.C. Cir. 2003) ..................................................................... 16

*Swisher v. Dep't of the Air Force*,
   660 F.2d 369 (8th Cir. 1981) ....................................................................... 22

*Tax Analysts v. IRS*,
   117 F.3d 607 (D.C. Cir. 1997) ..................................................................... 20

*Tax Analysts v. IRS*,
   294 F.3d 71 (D.C. Cir. 2002) ......................................................................... 8

*Taxation With Representation Fund v. IRS*,
   646 F.2d 666 (D.C. Cir. 1981) ..................................................................... 22

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981) .................................................................................... 24

*Weiner v. FBI*,
   943 F.2d 972 (9th Cir. 1991) ....................................................................... 16

*Wilner v. NSA,*,
   592 F.3d 60 (2d Cir. 2009) ..................................................................... 11, 13

*Wolf v. CIA*,
   473 F.3d 370 (D.C. Cir. 2007) ..................................................................... 10


**Statutes**

5 U.S.C. § 552 .............................................................................................. 3, 17

50 U.S.C. § 1861 ................................................................................................. 1

50 U.S.C. § 403-1 ..................................................................................... 1, 7, 18

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    vii

## PRELIMINARY STATEMENT

As set forth in defendant's opening memorandum of law in support of its motion ("Def. Mem."), the government properly withheld from disclosure the records at issue in the parties cross-motions – documents that describe the government's interpretation and use of its authority under Section 215 of the USA PATRIOT Act, *codified at* 50 U.S.C. § 1861(a)(1). The government's opening brief and supporting materials establish that public disclosure of the classified intelligence collection conducted pursuant to Section 215 would expose highly sensitive intelligence sources and methods to the United States' adversaries and, therefore, reasonably could be expected to cause serious or exceptionally grave damage to the security of the United States. The classified records withheld by the Department of Justice ("Department") National Security Division ("NSD") are therefore properly withheld from FOIA disclosure under FOIA Exemption 1, and those that discuss such intelligence sources and methods are also exempt under Section 102A of the National Security Act of 1947, as amended, *codified at* 50 U.S.C. § 403-1(i). The single disputed record withheld by the Office of Legal Counsel ("OLC") is a memo prepared for decisionmakers at the Department of Commerce which, as the government established, is confidential, deliberative process-privileged legal advice protected by Exemption 5. And the government further established that the withheld FBI records are protected by FOIA exemptions 1, 5, and/or 7(A). Plaintiff apparently agrees, and has withdrawn its challenge to the FBI's withholdings. *See* Plaintiff's Memorandum, ECF No. 41, at 5.

Likewise, in its opposition and cross-motion plaintiff does not seriously or credibly dispute the bases for the government's withholdings. Instead, plaintiff attacks the government's declarations as insufficient with novel but unavailing arguments.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment          1

Plaintiff's criticisms of the NSD declarations are meritless.  Plaintiff draws attention to FOIA's *de novo* standard of review without acknowledging the deference that is owed to the Executive Branch's unique expertise in assessing the harm to national security that could result from release of the information plaintiff seeks from NSD.  Plaintiff speculates that the NSD documents must contain segregable legal analysis, despite the government's showing that it has withheld properly classified material discussing an intelligence collection operation (and the fact that the government has processed and released hundreds of pages in response to plaintiff's FOIA request that are not at issue here).  The classified and unclassified declarations submitted by the government are all properly before the Court, and the Bradley declarations addressing the national security harms that would flow from disclosure of the NSD documents are due deference under well-established case law.  Those declarations establish that the classified NSD documents are properly withheld pursuant to Exemptions 1 and 3.  In opposition, plaintiff misapplies the "secret law" doctrine, which is inapplicable to and irrelevant in the context of Exemption 1 and 3 withholdings; it does not, as plaintiff would have it, compel disclosure of documents that are otherwise exempt under the FOIA, and that would cause grave damage to the security of the nation.

Plaintiff's argument concerning the single withheld OLC document, a memorandum providing legal analysis to Executive Branch policymakers, also fails.  That memorandum is confidential legal advice properly withheld pursuant to the deliberative process privilege under Exemption 5, not "secret law" subject to disclosure.

The Court should, accordingly, grant the government's motion for summary judgment and deny plaintiff's cross-motion.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    2

**ARGUMENT**

**I.    The Government Has Demonstrated as a Matter of Law that the Responsive Records in This Case are Exempt From Disclosure Under the FOIA.**

In its Motion for Summary Judgment and supporting materials, the Department demonstrated that the documents withheld by NSD and OLC that remain subject to litigation and summary judgment motions practice in this action are exempt from disclosure in their entirety under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), Exemption 3, *id.* § 552(b)(3), and/or Exemption 5, *id.* § 552(b)(5).  Due to strict limitations on what it could disclose on the public record about the bulk of the responsive records and the reasons for withholding them, the Department provided the Court *ex parte* with additional detail establishing the applicability of the FOIA exemptions to these records. *See* Def. Mem., ECF No. 40, at 2, 5, 11-12; *see also* Bradley Decl., ECF No. 40-1, ¶¶ 9-10, 13-14.  The government's *ex parte, in camera* submission fully describing the withheld records and the justifications for their withholding, while also further explaining why there is no segregable, non-exempt material beyond what has already been disclosed.  The government's filings demonstrate that there is no genuine issue of material fact as to whether the Department properly withheld the records at issue. The Department is thus entitled to judgment as a matter of law in this case.

Thus, the government's public and *ex parte, in camera* filings "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record or by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Based on that showing, and in view of the "deference to the executive in the context of FOIA claims which implicate national security,"

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                3

*Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 927-28 (D.C. Cir. 2003), this Court should

grant summary judgment to the Department.

As explained below, plaintiff's contrary arguments are meritless.

## II.   Plaintiff Misapplies the "Secret Law" Doctrine, Which Does Not Require Disclosure of Documents Subject to the Nine FOIA Exemptions.

Plaintiff repeatedly raises the specter of "secret law" in this case in an attempt to

argue that no legal analysis can be protected from public disclosure by any of the nine

FOIA exemptions, no matter whether it would otherwise qualify or, for that matter, how

damaging to national security its release may be.  But as another court recently held,

there is "no reason why legal analysis cannot be classified pursuant to E.O. 13526 if it

pertains to matters that are themselves classified."  *N.Y. Times Co. v. Dep't of Justice*, ---

F.Supp.2d ----, 2013 WL 20543, *20 (S.D.N.Y. January 02, 2013) (also citing cases that

"support the proposition that legal analysis can be withheld as classified pursuant to

Exemption 1").  Plaintiff is misinterpreting and misapplying the ample caselaw that has

elucidated the concept of "secret law," also referred to as agency "working law,"[1] which

as discussed in greater detail in Part IV, *infra*, arises in the Exemption 5 context and is

simply not applicable to the documents withheld by DOJ pursuant to Exemptions 1 and

3.[2]

Contrary to plaintiff's argument, "secret law" is manifestly *not* a carve-out that

trumps all FOIA exemptions.

---

[1] The terms "secret law" and "working law" are used interchangeably by the courts. *See*, *e.g.*, *Assembly of Cal. v. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).

[2] There is also a line of cases that refer to the term "secret law" in connection with the now-defunct FOIA exemption known as "High 2," which allowed agencies to withhold information the release of which would risk circumvention of regulations or statutes.  *See Crooker v. ATF*, 670 F.2d 1051, 1074 (D.C. Cir. 1981) (*en banc*), *overruled by Milner v. Dep't of Navy*, 131 S. Ct. 1259 (2011); *Hardy v. ATF*, 631 F.2d 653, 657 (9th Cir.1980).

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    4

### A. No "Secret Law" Exclusion Trumps the Otherwise Valid Invocation of a FOIA Exemption.

Plaintiff misrepresents the law by suggesting that in addition to an analysis of the relevant exemption itself, there is a separate "secret law" analysis, or a "secret law" exclusion, that would trump the otherwise valid invocation of a FOIA exemption. *See* Pl. Mem. 10-11. But there is no blanket carve-out from FOIA's nine exemptions. As the Supreme Court has explained, "every document generated by an agency is available to the public in one form or another, *unless* it falls within one of the [FOIA's] nine exemptions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975) (emphasis added). Thus, in a FOIA case, the only relevant inquiry as to whether a document must be disclosed is whether that document properly falls within the scope of one of those nine exemptions. Indeed, plaintiff has not cited a single case in which a court has found that a document that otherwise could have been withheld pursuant to one of the nine FOIA exemptions must instead be disclosed because it constitutes "secret law." Nor does plaintiff cite a single case in which a court has relied on a "secret law" rationale to order disclosure of documents otherwise subject to Exemptions 1 or 3. Rather, in considering whether a document is protected by Exemption 5 and particularly the deliberative process privilege, or the now-defunct Exemption "High 2," courts consider whether a document is truly predecisional and deliberative, as is required to qualify for the privilege, or whether the document is post-decisional and effectively operating as the agency's "working law." *See infra* Part IV.

Indeed, the cases relied upon by plaintiff to argue the concept of "secret law" would require disclosure of, *e.g.,* classified material, say nothing of the sort. For example, plaintiff cites *ACLU v. Dep't of Defense*, 396 F. Supp. 2d 459, 461 (S.D.N.Y.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    5

2005), to argue that the doctrine of "secret law" prevented the Department of Defense from asserting Exemption 3 over an OLC opinion, but that opinion does not even mention "secret law" or "working law."  Rather, the district court in *ACLU* rejected the CIA's *Glomar* response, refusing to confirm or deny that such a memorandum existed, on the merits.  *Id.*  And in subsequent litigation in that case the Second Circuit, reversing the district court, held that OLC memoranda providing legal advice to the CIA were properly classified and withheld from a FOIA requester pursuant to Exemption 1 because the legal memoranda would reveal intelligence methods.  *ACLU v. Dep't of Justice*, 681 F.3d 61, 70-71 (2d Cir. 2012).  Likewise, plaintiff's reliance on *Ctr. For Int'l Envtl. Law v. USTR*, 845 F. Supp. 2d 252 (D.D.C. 2012), is unavailing.  While the government does not agree with the holding of that case (which is now on appeal), it does not purport to apply the "secret law" or "working law" doctrine outside the context of Exemption 5.  Rather, it disagrees substantively with the USTR's decision that certain trade negotiation records are properly classified Confidential.  *Id.*

In none of the cases cited by plaintiff, or any other, did the courts conduct anything akin to plaintiff's suggested "secret law" analysis – that is, apply "secret law" as a freestanding rationale to require disclosure under FOIA regardless of the applicability of a FOIA exemption.  Rather, the courts "look[] to the need to prevent accumulation of secret law as additional support for the independent conclusion that postdecisional memoranda should be released because their publication would not interfere with the consultative process of government decisionmaking," *Afshar v. Dep't of State,* 702 F.2d 1125, 1142 (D.C. Cir. 1983) (describing the Supreme Court's decision in *Sears*), or

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                                    6

otherwise to inform the Court's judgment as to whether a document falls under Exemption 5.

### B. There Is No Legal or Logical Connection Between the Concept of "Secret Law" and Exemptions 1 or 3.

Despite plaintiff's attempts to conflate the meaning of the word "secret" in the phrase "secret law" with the use of the word "secret" for national security purposes, *see*, *e.g.*, Pl. Mem. at 1 (criticizing withholding of "the agency's secret legal analysis and interpretation"), the concept of "secret law" as defined in the case law described above and in Part IV, *infra*, is completely separate and distinct from national security information that has been classified as "Secret" or "Top Secret" in accordance with the Executive Order 13526.

While (as discussed below) the withholding of "secret law" is not compatible with the underlying purpose of the deliberative process privilege, it is wholly irrelevant to the underlying purpose of both Exemption 1, which is to keep secret information the disclosure of which would cause harm to national security, and Exemption 3, which "permits government agencies to maintain the secrecy of information that is specifically exempted from disclosure by certain statutes." *Berman v. CIA*, 501 F.3d 1136, 1140 (9th Cir. 2007) (internal citations omitted). In this case, the government has relied on the National Security Act, which requires the government to protect intelligence sources and methods. 50 U.S.C. § 403-1, as an Exemption 3 statute that prevents the disclosure of information sought by plaintiff.

To find otherwise would allow the forced disclosure of information despite a court's own acknowledgement that such disclosure would cause the national security harm and expose sensitive intelligence sources and methods. However, the law is clear

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                7

that "[t]he Court's role with regard to Exemption 1 is only to review the sufficiency and reasonableness of the agency's explanation for its classification decision, giving the agency's determination the heightened deference it is due under the law." *People for the Am. Way Fund. v. NSA*, 462 F. Supp. 2d 21, 33 (D.D.C.  2006).  *See also ACLU v. Dep't of Justice*, 265 F. Supp. 2d  20, 31 (D.D.C. 2003) ("That the public has a significant and entirely legitimate desire for th[e] information simply does not, in an Exemption 1 case, alter the analysis.").  Similarly, "the sole issue for decision" on an Exemption 3 claim "is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Fitzgibbon v. CIA*, 911 F.2d 755, 761-62 (D.C. Cir. 1990)

Plaintiffs provide no support for the proposition that if a document could be considered secret or working law, the protections of Exemptions 1 and 3 are no longer available.  To the contrary, the Supreme Court has noted explicitly that if a document constitutes working law and therefore cannot be withheld under Exemption 5, it "may be withheld only on the ground that it falls within the coverage of some exemption other than Exemption 5." *Sears*, 421 U.S. at 161. *See also Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002) ("the District Court correctly determined that IRS need not segregate and release agency working law from [documents] withheld in their entirety pursuant to the attorney work product privilege").

Accordingly, the only relevant analysis as to documents withheld pursuant to Exemptions 1 and 3 is whether those exemptions in fact apply.  As set forth below and in the government's opening brief, they do.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    8

**III.**    **The Declarations of Mark Bradley Establish That the Government is Entitled to Summary Judgment on the Exemption 1 and 3 Withholdings of National Security Division Records, and Plaintiff's Attacks on Those Declarations are Without Merit.**

As explained above and in the government's opening brief, the public and classified Bradley Declarations submitted by the government in support of NSD's withholdings establish the government's entitlement to summary judgment as to the records in question.  Plaintiff's attacks on the adequacy of the Bradley Declarations are all unavailing.

**A.    The Court Should Accord Substantial Weight to the Government's National Security Classification Decisions.**

Plaintiff's suggestion that the Court should not grant deference to the government's national security classification of the NSD documents withheld pursuant to Exemption 1 is inconsistent with well-established law.  While plaintiff is correct that courts review *de novo* an agency's withholding of information in response to a FOIA request, *see* Pl. Mem. at 8, "*de novo* review in FOIA cases is not everywhere alike," *Assoc. of Retired R.R. Workers, Inc. v. U.S.R.R. Ret. Bd.*, 830 F.2d 331, 336 (D.C. Cir. 1987).  Plaintiff simply disregards the ample case law requiring that, in assessing the government's determination of whether disclosure would harm national security in cases involving Exemption 1, deference be given to agency affidavits.  *See Ctr. for Nat'l Sec. Studies*, 331 F.3d at 927; *Ray v. Turner*, 587 F.2d 1187, 1194 (D.C. Cir. 1978).  With respect to national security matters, while *de novo* review provides for "an objective, independent judicial determination," courts nonetheless defer to an agency's determination in the national security context, acknowledging that "the executive ha[s] unique insights into what adverse affects might occur as a result of public disclosure of a particular classified record."  *Ray*, 587 F.2d at 1194.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    9

Accordingly, the Ninth Circuit has "acknowledge[d] the need to defer to the Executive on matters of foreign policy and national security" and noted courts "cannot legitimately . . . second guess[] the Executive in this arena." *Mohamed v. Jeppesen Dataplan*, 614 F.3d 1070, 1081-82 (9th Cir. 2010) (upholding state secrets privilege assertion; citation omitted). Thus, "courts must accord *substantial weight* to an agency's affidavit concerning the details of the classified status" of a particular record. *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quotation marks omitted, emphasis in original); *Eslaminia v. FBI*, 2011 WL 5118520, *2 (N.D. Cal. October 28, 2011) (same).[3] Indeed, "the court is not to conduct a detailed inquiry to decide whether it agrees with the agency's opinions; to do so would violate the principle of affording substantial weight to the expert opinion of the agency." *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980); *see also Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990) (disapproving the district court's use of "its own calculus as to whether or not harm to the national security or to intelligence sources and methods would result from disclosure"). In other words, in FOIA cases involving Exemption 1, *de novo* review includes substantial deference to the Executive Branch with respect to the predicate national security findings underlying the classification of documents. *Ctr for Nat'l Sec. Studies*, 331 F.3d at 927; *Larson v. Dep't of State*, 565 F.3d 857, 865 (D.C. Cir. 2009).

---

[3] The primary rationale for judicial deference in this context is the underlying difference in institutional capacities between the Judicial Branch and the Executive Branch in making judgments about the risks to national security posed by the disclosure of particular confidential information. Federal courts have traditionally exercised great restraint in reviewing decisions by the government to withhold information in the interest of national security. *See*, *e.g.*, *Egan*, 484 U.S. at 529; *CIA v. Sims*, 471 U.S. 159, 179 (1985). For their part, "the Executive departments responsible for national defense and foreign policy have unique insights into what adverse effects might occur as a result of [disclosure of] a particular classified record." *McGehee*, 718 F.2d at 1148. Thus, as the Supreme Court has noted, "when it comes to collecting evidence and drawing factual inferences in th[e] area [of national security], 'the lack of competence on the part of the courts is marked,' and respect for the Government's conclusions is appropriate." *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2727 (2010).

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    10

**B. The Bradley Declarations Are Entitled to a Presumption of Good Faith.**

Moreover, the Government's declarations are entitled to a presumption of good faith. *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *Wilner v. NSA*, 592 F.3d 60, 69 (2d Cir. 2009). Plaintiffs suggest that the Court should not grant deference to the government's declarations, arguing that "it is possible that at least some of the information withheld under Exemption 1 has not been classified properly." Pl. Mem. 16. The basis for plaintiff's suggestion of this "possibility of bad faith or improper classification" is the statements of two Senators. *Id.* This argument is meritless, however.

The cases relied on by plaintiff do not support plaintiff's argument. In *Jones v. FBI*, 41 F.3d 238, 242-243 (6th Cir. 1994), the Sixth Circuit held that "where [] evidence [of underlying illegal conduct] is strong," the Government's affidavits would not be entitled to deference. But the *Jones* Court required actual (and strong) *evidence* of illegal conduct, not mere speculation that improper classification was "possible." And in *Goldberg v. Dep't of State*, 818 F.2d 71 (D.C. Cir. 1987), there was no question of bad faith; rather, the plaintiff FOIA requester disagreed with the classification of State Department cables based upon evidence that the cables had once been considered unclassified.[4] The *Goldberg* Court rejected the plaintiff's attempt to question the proper

---

[4] The two district court cases plaintiff cites are both also inapposite. Indeed, plaintiff's parenthetical description of *ACLU v. Dep't of Defense*, 389 F. Supp. 2d 547 (S.D.N.Y. 2005), is itself incorrect and misleading. See Pl. Mem. 17. Plaintiff characterizes the Court as "noting that inadequate supporting affidavits 'raise concern'" that classification was made to conceal illegal conduct or embarrassing information, Pl. Mem. 17, but in fact the district court stated in dicta that it was press accounts of the requested documents that "raise[d such] concern" over the government's refusal to confirm or deny the existence of the requested records. 389 F. Supp. 2d at 564-65. In any event, the *ACLU v. Dep't of Defense* Court concluded that the government's response was, in fact, proper, based on the government's declarations and without further inquiry. *Id.* at 565. And in *ACLU v. ODNI*, No. 10 Civ. 4419(RJS), 2011 WL 5563520

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment          11

classification of the documents because the plaintiff lacked any *evidence* that would

"undermine or call into question the correctness of the classification status of the

withheld information, or the agency's explanation for the classification." *Id.* at 81.

But plaintiff has provided *no evidence* that the government is withholding

documents for the purpose of concealing illegal conduct.  Plaintiff does not even claim

that the two U.S. Senators have asserted that any illegal conduct has occurred.  Rather,

plaintiff relies on statements that the government is "misleading" and "misinform[ing]"

the public, Pl. Mem. 16, and that the Senators disagree with legal interpretations of the

Executive Branch.  These statements simply do not constitute evidence that the

government has classified any documents responsive to plaintiff's FOIA request in order

to conceal illegal conduct.[5]

---

(S.D.N.Y. November 15, 2011), the district court merely required the government to submit supplemental declarations because it found those submitted already did not identify why the disclosure of the requested information (such as the number of U.S. persons targeted by National Security Agency surveillance) would harm national security.  *Id.* at *8.  Following submission of supplemental declarations, the *ACLU v. ODNI* court ruled for the government.  *ACLU v. ODNI*, No. 10 Civ. 4419 (RJS), 2012 WL 1117114 (S.D.N.Y. Mar 30, 2012).

[5] With respect to the statements of the Senators cited by the plaintiff more generally, it also bears noting that courts have held that contrary views of the Legislative Branch, and even of former Executive Branch officials, regarding harm to national security are not sufficient to undermine an agency's affidavit even when, unlike here, those views are directly presented to the court in declarations.  For example, in *Wash. Post v. Dep't of Defense*, No. 84-2949, 1987 U.S. Dist. LEXIS 16108, at *19-20 (D.D.C. Feb. 25, 1987), the Washington Post sought a classified report describing certain military operations.  In support of its request, the Washington Post submitted a declaration from Senator Edward Zorinsky.  Senator Zorinsky had reviewed the report, and claimed in his declaration that release of the information contained in the report would not present a threat to national security. *Id.*  The district court rejected this attempt to undermine the government's declarations in support of its classification of the report, stating "[a]n affidavit that gives a view of national security harm differing from that presented by the government is alone not sufficient to undermine an agency's affidavit, even when submitted by an individual knowledgeable in the agency's area of expertise." *Id.  See also Gardels v. CIA*, 689 F.2d 1100, 1106 n. 5 (D.C. Cir. 1982) (affidavit of former CIA official attesting to lack of harm to national security did not undermine agency's affidavits).

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    12

Accordingly, in the absence of actual evidence of bad faith, where a court has enough information to understand why an agency classified information, it should not second-guess the agency's facially reasonable classification decisions. *E.g.*, *Wilner,* 592 F.3d at 75 (according deference to agency declarations and stating that it "[could] not base [its] judgment on mere speculation that the NSA was attempting to conceal [] purported illegality . . . .").

### C. The Bradley Declarations Offer Ample and Sufficient Detail to Support Withholding of Classified Materials Under Exemption 1.

Plaintiff contends that the Bradley declarations are not sufficiently detailed to justify withholding the NSD documents as classified. Pl. Br. at 12. But plaintiff demands far more specificity than the law requires. Moreover, defendant's classified submission offers much greater detail.

"Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." *Lion Raisins v. Dep't of Agriculture*, 354 F.3d 1072, 1082 (9th Cir.2004) (citation omitted). "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." *Lane v. Dep't of the Interior*, 523 F.3d 1128, 1135-36 (9th Cir. 2008) (internal quotation and citation omitted). Although the government "may not rely upon conclusory and generalized allegations of exemptions," it "need not specify its objections in such detail as to compromise the secrecy of the information." *See Church of Scientology of Cal. v. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1980) (internal quotation omitted).

Here, Mr. Bradley has described the contents of the withheld documents and the justification for withholding it with sufficient detail to allow the Court to evaluate

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment          13

1  whether the documents are properly classified.  In his public declaration, Mr. Bradley

2  explains that NSD's responsive records consist of Congressional reporting and supporting

3  documentation, including materials sent to the House and Senate Judiciary and

4  Intelligence Committees; legal memoranda submitted by the government to, and opinions

5  and/or orders issued by the Foreign Intelligence Surveillance Court; internal Executive

6  Branch communications and analysis; and internal government guidelines, procedures

7  and training materials for government personnel on implementation of the government's

8  authority under Section 215.  Bradley Decl. ¶ 8.  In his supplemental declaration, Mr.

9  Bradley provides additional detail that was inadvertently omitted from his first

10  unclassified declaration regarding the number and dates of relevant documents.  Supp.

11  Bradley Decl. ¶ 4.  Mr. Bradley further explains that these documents "contain[] specific

12  descriptions of the manner and means by which the United States Government acquires

13  tangible things for certain authorized investigations pursuant to Section 215," and

14  therefore, the withheld information "describes highly sensitive intelligence activities,

15  sources and methods."  Bradley Decl. ¶ 10.  Mr. Bradley then sets forth a "logical and

16  plausible" basis, *see ACLU v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011), for

17  his conclusion that harm would result from the disclosure of the documents.  Indeed, it is

18  unsurprising that, as Mr. Bradley explains, the disclosure of the withheld information

19  about Section 215 information collection would provide adversaries of the United States

20  "and foreign intelligence targets with insight into the United States Government's foreign

21  intelligence collection capabilities, which in turn could be used to develop the means to

22  degrade and evade those collection capabilities."  *Id.*

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment          14

To the extent that the government's unclassified filings do not provide more extensive detail of the national security harm involved here, a more detailed discussion cannot be provided on the public record. *See Hayden,* 608 F.2d 1381, 1384-85 (D.C. Cir. 1979); *Church of Scientology*, 611 F.2d at 742.  The government has, however, provided significantly greater detail in its classified submission, including explanation of why there is no segregable, non-exempt material that can be released beyond what has already been released, should the Court require further information to rule.

**D.  Submission of Classified Declarations *Ex Parte* and *In Camera* is Proper, Permissible, and Necessary to Protect National Security Information in This Case**

It is inarguable that the government has a clear and compelling interest in preventing public disclosure of sensitive and classified information. *Hamdan v. Rumsfeld*, 548 U.S. 557, 634-35 (2006) ("That the Government has a compelling interest in denying [opposing party] access to certain sensitive information is not doubted."); *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988).  And because that compelling interest overrides even the public's interest in open proceedings and plaintiffs' interest in an adversarial process, courts have consistently recognized (and exercised) their "inherent authority to review classified material ex parte, in camera as part of [their] judicial review function." *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004).  Indeed, in sensitive national security cases, "it is simply not possible to provide for orderly and responsible decisionmaking about what is to be disclosed, without some sacrifice to the pure adversary process," and "Congress has acknowledged that judges must sometimes make these decisions without full benefit of adversary comment on a complete public record."  *Hayden*, 608 F.2d at 1385; *see Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) (declaration "need not specify

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    15

its objections [to disclosure] in such detail as to compromise the secrecy of the

information") (citation omitted); *Sterling v. Tenet*, 416 F.3d 338, 348 (4th Cir. 2005).

Therefore, when classified national security information is at issue, "in camera review of

affidavits, followed if necessary by further judicial inquiry, will be the norm." *Stillman v.

CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (quoting *McGehee v. Casey*, 718 F.2d 1137,

1149 (D.C. Cir. 1983)).  That is true in a wide variety of contexts, including FOIA.

*Pollard v. FBI*, 705 F.2d 1151, 1153-54 (9th Cir. 1983).

Accordingly, in a FOIA case where "public itemization and detailed justification

would compromise legitimate secrecy interests," it is "appropriate to receive affidavits in

camera rather than in public." *Hayden*, 608 F.2d at 1385.

## E.  Submission of the Classified Declaration at the Time of the Government's Motion Was Appropriate

Plaintiff, however, argues that the Court should not consider the government's

classified submission "at this stage in the litigation," Pl. Mem. 6-7.  Plaintiff would

presumably have the Court order supplemental filings if necessary later, but there is

nothing improper about the government providing classified material now, which the

Court may review if it deems such review necessary.

Defendant does not dispute that the Court should "require the government to

justify FOIA withholdings in as much detail as possible on the public record before

resorting to in camera review."  *Lion Raisins*, 354 F.3d at 1084 (requiring government to

submit public declarations where it had previously submitted none, but had relied solely

on an *in camera* submission); *see also Weiner v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991)

(noting in camera review "appropriate only after the government has submitted as

detailed public affidavits and testimony as possible").  Indeed, the government has

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    16

provided as much detail as possible on the public record.  *See* Supp. Bradley Decl. ¶ 4.

But plaintiffs wrongly extrapolate from that principle to say that the Court should not

permit the government to submit classified evidence for *in camera, ex parte*

consideration until some later time.  To the contrary, there was nothing improper about

the government's filing of the classified declarations in support of its Motion for

Summary Judgment at the time that motion was made.  Should the Court find the public

declarations sufficient, it need not consider the classified submission, but if additional

justification is needed, the Court may then find it in the classified declarations.  *E.g.,*

*Mobley v. Department of Justice*, 870 F. Supp. 2d 61, 69 (D.D.C. 2012); *Amnesty Int'l v.*

*CIA*, 728 F. Supp. 2d 479, 507-08 (S.D.N.Y. 2010).

## F. Documents That Reveal Intelligence Sources and Methods Are Exempt From FOIA Disclosure Under the National Security Act of 1947.

Exemption 3, 5 U.S.C. § 552(b)(3) shields records "that are specifically exempted

from disclosure by other federal statutes 'provided that such statute affords the agency no

discretion on disclosure, establishes particular criteria for withholding the information, or

refers to the particular types of material to be withheld.'"  *Minier v. CIA*, 88 F.3d 796,

800 (9th Cir. 1996) (quoting *Hunt v. CIA*, 981 F.2d 1116, 1118 (9th Cir. 1992)).  The

statutory directive to protect "intelligence sources and methods from unauthorized

disclosure," has long been held to trigger the protections of FOIA Exemption 3.  *CIA v.*

*Sims*, 471 U.S. 159, 167 (1985); *Minier*, 88 F.3d at 801.  Plaintiff does not dispute this.

The Intelligence Reform and Terrorism Prevention Act of 2004 created a new Director of

National Intelligence and conferred on him the authority to protect "intelligence sources

and methods from unauthorized disclosure," the same language that has shielded

intelligence sources and methods since enactment of the National Security Act in 1947.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    17

1    *See* Pub. L. No. 108-458, 118 Stat. 3638, 3651 (Dec. 17, 2004), *codified at* 50 U.S.C.

2    § 403-1(i).

3          Plaintiff does not credibly argue that the relevant withheld records are not covered

4    by the asserted exemption, but argues that, for some reason, the Department of Justice

5    cannot assert the exemption here.  Plaintiff is mistaken.  First, FOIA does not require that

6    agency withholdings be justified by a specific official within the government.  Rather, to

7    justify an Exemption 3 withholding, an agency need show only that: (1) it relies on a

8    statute of exemption under FOIA; and (2) the withheld material satisfies the criteria of the

9    exemption statute.  *See Sims*, 471 U.S. at 167; *cf. Lardner v. Dep't of Justice*, Civ. A. 03-

10   0180, 2005 WL 758267 at *7-9 (D.D.C. Mar. 31, 2005) (Exemption 5 withholdings turn

11   only on the content or nature of the record withheld, and not on the official who raises the

12   exemption, as Congress could not have intended to "shift a substantial portion of FOIA

13   responsibilities onto the shoulders of senior agency.").  Moreover, other agencies have

14   routinely invoked the NSA to withhold sources and methods information in FOIA cases.

15   *See, e.g., Krikorian v. Dep 't of State*, 984 F.2d 461 (D.C. Cir. 1993) (State Department

16   invokes NSA); *Larson v. Dep't of State*, 02 CV 1937, 2005 WL 3276303, at *19 (D.D.C.

17   Aug. 10, 2005) (National Security Agency invokes NSA).  There is no reason the

18   Department of Justice, which houses the FBI and NSD, cannot assert this exemption and

19   demonstrate it applies under *Sims*, as the government has done here.  For the reasons

20   stated in the government's opening memoranda and the classified and unclassified

21   Bradley Declarations, NSD has properly withheld records pursuant to Exemption 3.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    18

**IV.** **The Government Properly Withheld an OLC Legal Advice Memorandum Pursuant to Exemption 5.**

Plaintiff invokes the specter of "secret law" as a justification for requiring disclosure of the sole OLC document at issue. Pl. Mem. 20. Plaintiff's argument confuses "secret law" with confidential predecisional legal advice, which is routinely and properly shielded from FOIA disclosure by the deliberative process privilege.

**A. "Secret Law" Describes Agency Rules That are Post-Decisional and Final, and Therefore Not Subject to FOIA Exemption 5.**

The terms "secret law" and "working law" describe agency rules or procedures embodied in non-public decisional or post-decisional documents that reflect or explain an agency's final disposition or policy and that could have an impact on the substantive or procedural rights of members of the public. Thus, whether a document constitutes "secret law" or "working law" turns on whether it is predecisional and deliberative, and therefore protected from disclosure under Exemption 5, or is actually post-decisional and final, and therefore non-exempt.

In *NLRB v. Sears, Roebuck & Co.*, the Supreme Court noted that FOIA "represents a strong congressional aversion to secret agency law," and requires disclosure of "documents which have 'the force and effect of law.'" 421 U.S. at 153 (quoting H.R. REP. NO. 89-1497, *reprinted at* 1966 U.S.C.C.A.N. 2418, 2424; other quotation marks and alterations omitted). *Sears* thus drew a sharp contrast between the agency's "working law," which is not protected by the deliberative process privilege under Exemption 5, and Exemption 5's provision for "the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *Id.*

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    19

Construing *Sears*, the D.C. Circuit has explained that "working law" means "those policies or rules, and the interpretations thereof, that either create or determine the extent of the substantive rights and liabilities of a person," *Afshar,* 702 F.2d at 1141 (internal quotation marks and citations omitted), *i.e.*, those policies and rules that a private party may have cause to rely on to guide his or her conduct. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 869 (D.C. Cir. 1980) ("working law" or "secret law" consists of agency guidance or precedent applied by agency staff in their dealings with the public). This conception of secret law helps to distinguish between the types of records that are entitled to the protections of the privilege, *i.e.*, non-final deliberations within the Executive Branch, and those that are not, *i.e.*, final agency dispositions or policies used in the agency's dealings with the public. Only the latter constitutes an agency's "working law."[6]

### B. The Memorandum Withheld by OLC Constitutes Confidential Predecisional Legal Advice That is Exempt From FOIA Disclosure Pursuant to the Deliberative Process Privilege Under Exemption 5 .

Here, the Department of Commerce faced a decision on the formulation of a policy on how to respond to potential requests from government officials for census information. Unlike documents viewed by the courts as constituting agency "working law," the withheld memorandum addressed internal government sharing of information rather than dictating rules or policies that determine the substantive rights and liabilities of private parties. Moreover, and as Mr. Colborn of OLC explained in his uncontroverted

---

[6] *See also Federal Open Market Committee v. Merrill*, 443 U.S. 340, 352–53 (1979) (distinguishing "rules that govern the adjudication of individual rights, [or] require particular conduct or forbearance by any member of the public" from material covered by Exemption 5); *Tax Analysts v. IRS*, 117 F.3d 607, 617, 618 (D.C. Cir. 1997) (field service advice memoranda reflect "the law the government is actually applying in its dealings with the taxpaying public" and thus "cannot be viewed as predecisional").

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    20

declaration, "OLC does not purport to make policy decisions, and in fact lacks authority to make such decisions.  OLC's legal advice and analysis may inform the decision-making of Executive Branch officials on matters of policy, but OLC's legal advice does not dictate the policy choice to be made."  Colborn Decl. ¶ 2.  Therefore, as Mr. Colborn states,

> [t]he Memorandum is pre-decisional because it was prepared by OLC to aid the Department of Commerce in considering what actions to take, consistent with the agency's legal obligations, with respect to the potential disclosure of census information to federal law enforcement or national security officers.  The Memorandum is deliberative because it constitutes legal advice from OLC to the Department of Commerce for use in the agency's deliberations regarding how to comply with its legal obligations regarding the confidentiality of census information.

*Id.* ¶ 13.  *See also, e.g., Elec. Privacy Info. Ctr. v. DOJ*, 584 F. Supp. 2d 65, 75 (D.D.C. 2008) ("If OLC provides legal advice as part of a decision-making process, this legal advice is protected under the deliberative process privilege."); *CREW v. Office of Admin.*, 249 F.R.D. 1, 6-7 (D.D.C. 2008) (rejecting "secret law" argument and refusing to compel disclosure of OLC legal memorandum); *Cal. State Foster Parent Ass'n v. Wagner*, 2008 WL 2872775 at * 2 (N.D. Cal. July 23, 2008) (legislative analyses prepared by state agency, analyzing pending legislation and enrolled bills, ultimately forwarded to Governor's office, were predecisional because they preceded ultimate decision on legislation made by Governor).

Confidential and predecisional legal advice is just that, and is protected from mandatory disclosure.  That rule applies so long as the predecisional advice has not been *expressly* adopted by the decisionmaker.  To have been expressly adopted under *Sears*, "[t]here 'must be evidence that an agency has actually adopted or incorporated by reference the document at issue'" to prove express adoption.  *Elec. Privacy Info. Ctr.*,

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                                        21

584 F. Supp. 2d at 78 (citing *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 359 (2d Cir. 2005)).[7]  Plaintiff endeavors to circumvent this requirement by arguing that the Department's withholding of the OLC memorandum under Exemption 5 is improper because "the document constitutes the binding legal interpretation of the Executive Branch."  (Pl. Mem. 19).  In support, plaintiff cites only OLC's generic "Best Practices" memo, available on the Department of Justice website,

http://www.justice.gov/olc/pdf/olc-legal-advice-opinions.pdf, which states broadly that final OLC legal opinions are "controlling" on questions of law.  That the Census memorandum may be controlling in this respect does not alter the reality that it presents confidential legal advice that is predecisional as to the relevant decision to be made by the Department of Commerce policymaker.  *See, e.g.*, *Bureau of Nat'l Affairs, Inc. v. Dep't of Justice*, 742 F.2d 1484, 1497 (D.C. Cir. 1984) (noting that "views submitted by one agency to a second agency that has final decisional authority are predecisional materials exempt from disclosure under FOIA" (*citing Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975))); *Taxation With Representation Fund v. IRS*, 646 F.2d 666, 679 (D.C. Cir. 1981) (looking to decision-making authority vested in

---

[7] *See also, e.g.*, *Afshar*, 702 F.2d at 1143 n.22 (concluding that, under the circumstances there, "only express adoption in a nonexempt memorandum explaining a final decision will serve to strip [the] memoranda [in question] of their predecisional character"); *Shermco Indus., Inc. v. Sec'y of the Air Force*, 613 F.2d 1314, 1320 (5th Cir. 1980) (legal memoranda prepared to advise Air Force contracting officer regarding award of a contract remained privileged because they "were not expressly incorporated by reference" into the contracting officer's decision.); *Swisher v. Dep't of the Air Force*, 660 F.2d 369, 371 (8th Cir. 1981) (non-factual portions of an investigative report remained privileged despite references in a final decision by the Air Force Inspector General because the decision did not "expressly adopt or incorporate" the report's rationale and conclusions) *N.Y. Times Co.*, 2013 WL 20543, *34 (rejecting adoption argument where "there is no evidence that the Government 'continually relied upon and repeated in public the arguments made' *specifically* in [an] OLC . . . Memo" (citation omitted; emphasis in original)).

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    22

author of challenged document to determine whether document is predecisional); *Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) ("There can be no doubt that . . . legal advice, given in the form of intra-agency memoranda prior to any agency decision on the issues involved, fits exactly within the deliberative process rationale for Exemption 5."); *cf. Brennan Ctr. for Justice at N.Y. Univ. School of Law v. Dep't of Justice*, 697 F.3d 184, 204-5 (2d Cir. 2012) (OLC memo lost its predecisional, confidential status only when it was expressly and publicly referenced as a basis for the agency's decision).[8]

Thus, courts have rejected plaintiff's apparent argument that OLC opinions are not subject to the deliberative process privilege because they may provide authoritative legal advice.  As one court explained, such an

> argument is utterly without merit.  It is nonsensical to state that legal opinions can never be protected by the deliberative process privilege because of their authoritative nature.  If legal opinions are disclosable simply because they are authoritative or conclusive, this 'would mean that virtually all legal advice OLC provides to the executive branch would be subject to disclosure.'  This would significantly chill the ability of the executive branch to obtain legal advice."

*Elec. Privacy Info. Ctr.*, 584 F.Supp.2d at 75-76 (quoting *CREW*, 249 F.R.D. at 6).

Plaintiff's argument thus "flies in the face of cases concluding that OLC memoranda may properly be withheld from disclosure under the deliberative process privilege."  *CREW,*

---

[8] Plaintiff also maintains that the distribution of the Census Memorandum in confidence to the Foreign Intelligence Surveillance Court ("FISC") and the U.S. Senate Select Committee on Intelligence ("SSCI") strongly suggests "Executive Branch reliance on the memorandum" and thus that the memorandum constitutes the "working law" of "the agency."  (Pl. Mem. 20).  Because the OLC memorandum provided legal advice to the *Department of Commerce*, intra-governmental distribution of the memorandum by the *Department of Justice* has little bearing on the use to which the Commerce Department, as the relevant policymaker, put the legal advice.  In any event, there are many circumstances in which the Department of Justice might provide an OLC opinion to the FISC (with appropriate confidential notice to the SSCI), and thus, it is not correct to infer, as plaintiff does, that the Department would only provide the opinion to the FISC in direct support of an application by the Department to the FISC.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                   23

249 F.R.D. at 6-7 (also collecting cases).  *See also, e.g.*, *N.Y. Times Co.*, 2013 WL 20543

at *23 (holding "Exemption 5 plainly applies" to, *inter alia*, OLC memo); *Elec. Frontier*

*Found. v. Dep't of Justice*, 2012 WL 4319901, at *7 (D.D.C. Sept. 21, 2012) (OLC

opinion protected by deliberative process privilege because it constitutes advice used by

agency decisionmakers); *Southam News v. INS*, 674 F. Supp. 881, 886 (D.D.C.1987)

(OLC opinion letters "generated in the course of formulating policies and positions that

were being considered" fall within the deliberative process privilege).[9]

        In sum, assuring the confidentiality of legal advice provided to government

"officials responsible for formulating, implementing and monitoring governmental policy

is fundamental to 'promot[ing] broader public interests in the observance of law and

administration of justice.'"  *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)

(*quoting Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  Indeed, a central

purpose for Exemption 5 is to protect the government's ability to obtain confidential

---

[9] The Second Circuit in *Brennan Center* described in dicta its view that a concededly predecisional and deliberative memorandum conveying legal advice could lose its Exemption 5 protection if it was "effectively binding" on the receiving agency because then it would become, in the court's view, the agency's "working law."  697 F.3d at 202, 203.  Although the court, relying on OLC's declaration attesting to the fact that OLC does not make policy decisions, found that a requested OLC memorandum was not "working law," *id.* at 203, the government nonetheless believes that the Second Circuit's analysis of "working law" is fundamentally flawed.  As discussed above, the concept of "working law" is not a "path" by which a predecisional and deliberative document may lose its protection under the deliberative process privilege, *see id.* at 198, 201, but rather characterizes decisional or post-decisional agency documents that effect an agency's final disposition or policy and thus were *never* protected under the deliberative process privilege.  The quality of agency decisionmaking, as the Supreme Court has emphasized, should not be negatively affected by forced disclosure of communications with respect to a decision "occurring after the decision is finally reached," but only "as long as prior communications and the ingredients of the decisionmaking process are not disclosed."  *Sears*, 421 U.S. at 151; *see also Grumman*, 421 U.S. at 186 (predecisional deliberative advice "must remain uninhibited and thus undisclosed in order to supply maximum assistance to the [agency] in reaching its decision).  These cases make clear that the only "path" by which a predecisional and deliberative document loses the protection of the deliberative process privilege and becomes agency policy is the agency policymaker's express adoption of the document's conclusion and rationale as agency policy.  *Sears*, 421 U.S. at 161; *Grumman*, 421 U.S. at 184-85, 189.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment     24

advice. *Sears*, 421 U.S. at 150-51. That protection would be illusory if, as plaintiff suggests, such legal advice were held to be "secret law," the disclosure of which is compelled by FOIA.

The OLC Census Memorandum is confidential, predecisional legal advice subject to the deliberative process privilege and, therefore, exempt from disclosure under FOIA Exemption 5.

## CONCLUSION

For all of the foregoing reasons, the Court should grant defendant's Motion for Summary Judgment, deny plaintiff's cross-motion, and enter judgment for the Department of Justice.[10]

Dated: January 4, 2013                     Respectfully submitted,

                                           STUART F. DELERY
                                           Principal Deputy Assistant Attorney General

                                           MELINDA HAAG
                                           United States Attorney

                                           ELIZABETH J. SHAPIRO
                                           Deputy Director, Federal Programs Branch


                                             /s/ Steven Y. Bressler
                                           STEVEN Y. BRESSLER D.C. Bar #482492
                                           Senior Counsel
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           P.O. Box 883
                                           Washington, D.C. 20044
                                           Telephone:     (202) 305-0167
                                           Facsimile:     (202) 616-8470
                                           Steven.Bressler@usdoj.gov

                                           Counsel for the U.S. Department of Justice

---

[10] The government has not addressed plaintiff's claim concerning FBI's denial of a FOIA processing fee waiver (Pl. Mem. 22-23) because the parties have settled that claim and defendant has informed plaintiff that the FBI will not pursue such fees for the relevant FOIA request. *See* Declaration of Steven Y. Bressler ¶ 3.

Case No. 4:11-cv-05221-YGR
Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply
in Further Support of Defendant's Motion for Summary Judgment                    25