STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

  P.O. Box 883
  Washington, D.C.  20044
  Telephone:  (202) 305-0167
  Facsimile:  (202) 616-8470
  Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 4:11-cv-05221-YGR |
| Plaintiff, | Date: February 19, 2013 |
| v. | Time: 2:00 p.m. |
| | Place: Oakland U.S. Courthouse |
| UNITED STATES DEPARTMENT OF JUSTICE, | Judge: Hon. Yvonne Gonzalez Rogers |
| Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL ISSUES AND MATERIAL FACTS** |

     Defendant, the United States Department of Justice, submits the following response to plaintiff's separate statement of material facts pursuant to the Court's Standing Order in Civil Cases.

Case No. 4:11-cv-05221-YGR
Defendant's Response to Plaintiff's Separate Statement of Additional Material Facts     1

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 3:<br>Defendant properly applied FOIA Exemption 1 to withhold classified material. | Additional Fact 3:<br>Elected officials have accused Defendant of misleading the public concerning its interpretation and use of Section 215.<br><br>Rumold Decl., Exhibit 2 (*Letter from Sen. Ron Wyden and Sen. Mark Udall to Attorney General Eric Holder, September 21, 2011*) | This purported hearsay fact is not material. Plaintiff's characterization of the Senators' cited letter is disputed, except it is undisputed that the two Senators who signed the cited letter stated that they consider certain statements by employees of defendant concerning the government's interpretation of Section 215 to be misleading. Rumold Decl., Exhibit 2. |
| Issues 3, 4, 5:<br><br>Defendant properly applied FOIA Exemption 1 to withhold classified material.<br><br>Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute.<br><br>Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Additional Fact:<br><br>"[I]t is a matter of public record that Section 215 . . . has been the subject of secret legal interpretations. . . [contained in] opinions issued by the Foreign Intelligence Surveillance Court."<br><br>Rumold Decl., Ex. 3 (*Letter from Sen. Ron Wyden and Sen. Mark Udall to Attorney General Eric Holder*, Mar. 15, 2012) at 1. | This purported fact is not material. Undisputed that the quoted language appears in the Senators' letter. |
| Issue #8:<br>Defendant has released all non-exempt, segregable material. | Additional Fact #2:<br>Executive branch legal opinions concerning sensitive intelligence collection programs have been released with redactions in other circumstances.<br><br>Rumold Decl., Exhibit 6 (*Memorandum for the Attorney General, Review of the Legality of the [redacted] Program*, Mar. 2004) (OLC | This fact concerning "other circumstances" is not material. However, undisputed. |

| | | | |
|---|---|---|---|
| | | legal analysis of NSA's surveillance program)<br><br>Rumold Decl., Exhibit 7 (*Memorandum for the Attorney General*, Nov. 2, 2001) (preliminary OLC legal analysis of NSA's surveillance program) | |
| | | Additional Fact #3:<br>Opinions of the Foreign Intelligence Surveillance Court have been released in redacted form in the past.<br><br>Rumold Decl., Ex. 8 (*In re Motion for Release of Court Records*, Dkt. No. 07-01 (U.S. FISC Dec. 11, 2007))<br><br>Rumold Decl., Ex. 9 (*In re Directives [redacted] Pursuant to Section 105B of the Foreign Intelligence Surveillance Act*, 08-01 (U.S. FISC of Rev. Aug. 22, 2008)) | This fact is not material. However, undisputed. |
| | Issue #9:<br>FBI Improperly Refused to Grant EFF a Public Interest Fee Waiver for Production of Responsive Records | Fact #1:<br>EFF provided information to FBI concerning the significant contribution the information from the requested records would make to the public's understanding of government operations.<br><br>Rumold Decl., Ex. 10 (EFF FOIA Request to FBI) at 9-10. | This fact is not material as the government has informed plaintiff that FBI will not pursue processing fees from plaintiff related to this case. Bressler Decl. ¶ 3. However, defendant would dispute the legal conclusion that EFF established that information from the requested records would make a significant contribution to the public's understanding of government operations. Rumold Decl., Ex 10; Hardy Decl. ¶ 11. |
| | Issue #9 | Fact #2:<br>EFF does not have a commercial interest in the release of the requested records. | This fact is not material as the government has informed plaintiff that FBI will not pursue processing fees from plaintiff related to this case. |

| | | Bressler Decl. ¶ 3. |
|---|---|---|
| | Rumold Decl., Ex. 10 (EFF FOIA Request) at 10. | |
| Issue #9 | Fact #3: FBI denied EFF's request for a fee waiver, and EFF filed a timely appeal. Rumold Decl., Ex. 11 (FBI Fee Waiver Denial); Ex. 12 (EFF Fee Waiver Appeal) | This fact is not material as the government has informed plaintiff that FBI will not pursue processing fees from plaintiff related to this case. Bressler Decl. ¶ 3. |
| Issue #9 | Fact #4: DOJ-Office of Information Policy rejected EFF's appeal on the grounds that FBI's fee waiver denial was premature. Rumold Decl., Ex. 14 (OIP Appeal Determination) | This fact is not material as the government has informed plaintiff that FBI will not pursue processing fees from plaintiff related to this case. Bressler Decl. ¶ 3. |

I attest that the evidence cited in defendant's response to plaintiff's statement of additional facts fairly and accurately supports the facts as asserted.

Dated: January 4, 2013                    Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

MELINDA HAAG
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

   /s/ Steven Y. Bressler
STEVEN Y. BRESSLER D.C. Bar #482492
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone:    (202) 305-0167
Facsimile:    (202) 616-8470
Steven.Bressler@usdoj.gov
*Counsel for the U.S. Department of Justice*