STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-0167
Facsimile:  (202) 616-8470
Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | Case No. 4:11-cv-05221-YGR |
| ) | |
| Plaintiff, ) | **RESPONSE TO THE COURT'S ORDER** |
| v. ) | **RE: FURTHER SUBMISSION ON** |
| ) | **CROSS-MOTIONS FOR SUMMARY** |
| UNITED STATES DEPARTMENT OF ) | **JUDGMENT** |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In compliance with this Court's Order (ECF No. 49), defendant, the U.S. Department of

Justice, now provides the Court with further specific information describing documents withheld

by the National Security Division ("NSD") as exempt from disclosure under the Freedom of

Information Act.

In its Order, the Court instructed defendant to provide "a further public declaration of Mark Bradley, or other person with knowledge, which sets forth" certain information on a document-by-document basis, "or an explanation as to why that information cannot be provided on the public record." *Id.* at 2-3.  The Court specifically requested that the government provide, or explain why it cannot publicly provide, the number of pages of each withheld document; a description of the category of each document; the exemption or exemptions claimed; the basis for claiming the exemption or exemptions; and "an explanation of why there is no reasonably segregable portion of the document that can be disclosed." *Id.* at 2.

In response to the Court's Order, defendant is submitting a Supplemental Declaration of Mark A. Bradley accompanied by a *Vaughn* index that lists the page length of each document, the specific category of each document, and the exemption(s) claimed. *See Vaughn* index, Attachment A to Supp. Bradley Decl.; *Vaughn v. Rosen*, 484 F.2d 820, 823-25 (D.C. Cir. 1973).  In many cases, the *Vaughn* index also lists the dates of withheld documents.  *See Vaughn* index.  In his supplemental declaration, Mr. Bradley explains, to the extent possible without compromising the secrecy of the very information to be withheld, the bases for claiming the cited FOIA exemptions.  *See* Supp. Bradley Decl. at ¶¶ 5-6 (discussing bases of Exemption 1 withholdings), ¶ 7 (discussing bases of Exemption 3 withholdings); ¶¶ 14-20 (discussing bases of Exemption 5 withholding).  In further response to the Court's Order, Mr. Bradley also explains why there are no reasonably segregable portions of the withheld documents that may be released without compromising national security.  *Id.* ¶¶ 8-11.

The *Vaughn* index lists page totals and descriptions for all of the withheld records. While it also includes dates for most of the withheld records (when the date is known),

1  dates are not provided for certain records of the Foreign Intelligence Surveillance Court

2  ("FISC").  Mr. Bradley explains, to the extent possible on the public record, why the

3  dates of those FISC records cannot be provided consistent with, *inter alia*, national

4  security.  *See* Supp. Bradley Decl. ¶¶ 6, 12.  *See also Lewis v. IRS*, 823 F.2d 375, 378

5  (9th Cir. 1987) (declaration "need not specify its objections [to disclosure] in such detail

6  as to compromise the secrecy of the information") (citation omitted); *Church of

7  Scientology of Cal. v. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1980) (same).

8          Upon further careful review of one withheld document, Document No. 98 on the

9  *Vaughn* index, NSD determined that the document is properly withheld pursuant to FOIA

10  Exemption 5 as well as Exemption 1.  As defendant has explained, Exemption 5 protects

11  from disclosure "inter-agency or intra-agency memorandums or letters which would not

12  be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5).

13  Such a record is exempt from disclosure if it would be "normally privileged in the civil

14  discovery context."  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

15  Exemption 5 thus incorporates the privileges that are available to a government agency in

16  civil litigation, the three principal ones being the deliberative process privilege, the

17  attorney-client privilege, and the attorney work product doctrine.  *See id.* at 148-49.

18  Document No. 98 is an internal NSD legal memorandum prepared in anticipation of

19  litigation before the FISC.  Supp. Bradley Decl. ¶¶ 14-20.  It is therefore subject to the

20  deliberative process privilege and the attorney work product doctrine.

21          Defendant discussed the deliberative process privilege in its prior filings, and

22  incorporates those discussions by reference here.  *See* Def. Summary Judgment Mem.,

23  ECF No. 40, at 12-17; Def. Summary Judgment Consolidated Opposition/Reply, ECF

No. 44, at 19-24.  As Mr. Bradley explains, the internal NSD legal memorandum is a

predecisional, deliberative document.  Supp. Bradley Decl. ¶¶ 14-18.  In particular:

> The memo considered whether to proceed with a certain argument before the
> FISC in connection with the submission of an application seeking tangible things,
> and recommended to the decision maker a course to take.  The memorandum is
> predecisional in that it preceded a final decision, and deliberative because it
> played a part in the process by which decisions were made in the relevant matter
> before the FISC.

*Id.* at ¶ 18.  The internal NSD legal memo is therefore properly withheld under

Exemption 5.  *E.g., Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1082, 1093-

95 (9th Cir. 1997).

Document No. 98 is also properly withheld pursuant to Exemption 5 under the

attorney work product doctrine, which protects materials prepared by an attorney or

others in anticipation of litigation, including government attorneys.  *See* Fed. R. Civ. P.

26(b)(3); *Sears, Roebuck & Co.*, 421 U.S. at 154; *Hickman v. Taylor*, 329 U.S. 495, 509-

10 (1947).  Document No. 98 is a memorandum prepared by attorneys within NSD

discussing whether and how to proceed with a certain argument before the FISC,

addressed to and making a recommendation for senior attorneys, including then-Deputy

Assistant Attorney General Matthew Olsen.  Supp. Bradley Decl. ¶¶ 14-16, 20.  The

internal memorandum analyzes "a particular legal question involving the FISA, discusses

the legal question, and makes a recommendation as to how the Department of Justice

should proceed in relevant litigation before the FISC."  *Id.* at ¶ 16.  The memo is

therefore subject to the attorney work product doctrine, and properly withheld in full

pursuant to Exemption 5 as well as Exemption 1.  *See Pac. Fisheries, Inc. v. United

States*, 539 F.3d 1143, 1148 (9th Cir.2008) (the attorney work product doctrine "shields

both opinion and factual work product from discovery.  Therefore, if a document is

covered by the attorney work-product privilege, the government need not segregate and disclose its factual contents.") (internal citations omitted); *Judicial Watch v. Dep't of Justice*, 432 F.3d 366, 370-72 (D.C. Cir. 2005) ("If a document is fully protected as work product, then segregability is not required.").[1]

## CONCLUSION

With this filing, the government respectfully submits that it has complied with the Court's Order (ECF No. 49).  Further, the government respectfully urges the Court to view its classified, *ex parte* submission *in camera* for a "fuller explanation of the highly significant intelligence sources, methods and activities at issue and the harm to national security that would result from the disclosure of this information."  Supp. Bradley Decl. ¶ 7.  *See Pollard v. FBI*, 705 F.2d 1151, 1153-54 (9th Cir. 1983) (*in camera* review of *ex parte* affidavit appropriate in FOIA case); *cf. Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (when classified national security information is at issue, "in camera review of affidavits, followed if necessary by further judicial inquiry, will be the norm.") (citation omitted).

---

[1] Defendant will not object to a timely request by plaintiff to file a memorandum discussing Exemption 5 in response to this filing.

1   Dated: April 18, 2013                     Respectfully submitted,

2                                             STUART F. DELERY
                                              Principal Deputy Assistant Attorney General
3

4                                             MELINDA HAAG
                                              United States Attorney
5

6                                             ELIZABETH J. SHAPIRO
                                              Deputy Director, Federal Programs Branch
7
                                                __/s/ Steven Y. Bressler_____
8                                             STEVEN Y. BRESSLER D.C. Bar #482492
                                              Senior Counsel
9                                             U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
10                                            P.O. Box 883
                                              Washington, D.C. 20044
11                                            Telephone:     (202) 305-0167
                                              Facsimile:     (202) 616-8470
12                                            Steven.Bressler@usdoj.gov
13
14                                            Counsel for the U.S. Department of Justice
15
16
17
18
19
20
21
22
23
24
25
26
27
28