**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ELECTRONIC FRONTIER FOUNDATION,

        Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
JUSTICE,

        Defendant.

11 Civ. 5221 (YGR)


**SECOND SUPPLEMENTAL PUBLIC DECLARATION OF MARK A. BRADLEY**

I, Mark A. Bradley, do hereby state and declare as follows:

    1.    I am the Director of the Freedom of Information Act ("FOIA") and

Declassification Unit of the Office of Law and Policy in the National Security Division ("NSD")

of the United States Department of Justice ("DOJ" or "Department").

    2.    In addition, under a written delegation of authority pursuant to section 1.3.(c) of

Executive Order 13526, I hold original classification authority at the TOP SECRET level.  I am

authorized, therefore, to conduct classification reviews and to make original classification and

declassification decisions.

    3.    I submit this additional supplemental declaration and unclassified Vaughn index,

attached as Exhibit A, in response to this Court's order dated March 26, 2013 (ECF No. 49).

The documents presently at issue in the parties' cross-motions for summary judgment in this

litigation are, generally, those which concern significant legal analysis or interpretation of

Section 215 of the USA PATRIOT Act, codified as part of the Foreign Intelligence Surveillance

Act ("FISA") at 50 U.S.C. § 1861.  As to this category, the Court ordered the Department of

Justice to file a further public declaration which sets forth for each responsive document in this category, on a document-by-document basis . . . :

> (1) the number of pages;
> (2) the specific category of the document . . .;
> (3) the exemption(s) claimed;
> (4) the basis for claiming the exemption(s), *i.e.*, an articulation of the harm to national security that would result from the disclosure of the information; and
> (5) an explanation of why there is no reasonably segregable portion of the document that can be disclosed.

Order, ECF No. 49 at 2-3. In the alternative, the Court ordered the government to provide "an explanation as to why that information cannot be provided on the public record." *Id.* at 3. In response to the Court's Order, Attachment A hereto is an unclassified, public index of documents withheld by the National Security Division which sets forth additional information requested by the Court for the withheld documents, including the total number of pages of each document; the specific category of the document; and the exemption(s) claimed. The dates of the vast majority of the individual documents are also included along with an overall date range for the rest.

4. For the balance of this Declaration, I will address the particular issues raised in the Court's Order as follows: (i) the harm to national security that would result from disclosure of the information being withheld; (ii) a further explanation as to why information is not reasonably segregable from withheld documents; (iii) a further explanation as to why only a general description of documents withheld can be provided for FISC materials, orders and opinions (as well as dates for those materials); (iv) the basis for withholding information pursuant to Exemption 3 of the FOIA (as applicable); and (v) the basis for withholding one particular document pursuant to Exemption 5 of the FOIA and, within that document, the names of two rank-and-file attorneys pursuant to Exemptions 6 and 7(c) of the FOIA.

## I. Harm to National Security that Would Result from Disclosure of Information Withheld Pursuant to FOIA Exemption 1.

5.     The Court's March 26 Order instructed the Government to provide a further "articulation of the harm to national security that would result from the disclosure of the information" at issue in this matter (significant legal analysis or interpretations of Section 215 of the FISA).   Order, ECF No. 49 at 3.   The articulation that I am able to provide publicly for the Exemption 1 withholding of each withheld document is the same in substance.   Specifically, all of the withheld NSD records at issue meet the criteria for classification as set forth in subparagraphs (c) and (g) of Section 1.4 of Executive Order 13526, which respectively authorize the classification of information concerning "intelligence activities (including covert action), intelligence sources or methods, or cryptology," and "vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to national security," which includes defense against transnational terrorism.   All of the records withheld by NSD are properly classified at the TOP SECRET or SECRET levels.

6.     In more detailed (but still unclassified) terms, the withheld material contains specific descriptions of the manner and means by which the United States Government acquires tangible things for certain authorized investigations pursuant to Section 215.   The withheld information includes specific descriptions of highly sensitive intelligence activities, sources and methods.   Disclosure of this information would provide our adversaries and foreign intelligence targets with insight into the United States Government's foreign intelligence collection capabilities, which in turn could be used to develop the means to degrade and evade those collection capabilities.   I have therefore determined that the disclosure of the withheld material could reasonably be expected to cause serious or exceptionally grave damage to the national security of the United States and, thus, that the withheld material is therefore properly classified

at the SECRET and TOP SECRET levels, respectively.

7.  In addition, all of the withheld, classified material describes intelligence sources and methods and cannot be disclosed under the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004 which protects intelligence sources and methods from unauthorized disclosure. 50 U.S.C. § 403-1(i)(1).  Thus, in documents for which Exemption 3 is invoked in Exhibit A to this Declaration, the withheld information is also protected from disclosure by FOIA Exemption 3 which states that FOIA's disclosure provisions do not apply to material that is specifically exempt from disclosure by statute.  I respectfully refer the Court to the classified declaration I previously submitted for in camera, ex parte review, for a fuller explanation of the highly significant intelligence sources, methods and activities at issue and the harm to national security that would result from the disclosure of this information.

## II.  There Are No Reasonably Segregable Portions of the Documents Withheld In Full By NSD That Can Be Disclosed.

8.  The Court also instructed the government to "address the issue of segregability" in particular and specifically that a further explanation be provided as to why no reasonably segregable portion of a document responsive to the request may be disclosed.  Order, ECF No. 49, at 3.  FOIA requires that the Government release "any reasonably segregable portion of a record" after proper application of the FOIA exemptions.  5 U.S.C. § 552(b).  As set forth further below, after careful review, I have determined that none of the otherwise unclassified information in NSD's withheld documents can be reasonably segregated from this highly sensitive, classified information and released.  I have found, in particular, that the legal analysis in the withheld documents cannot reasonably be segregated and released without risking disclosure of the manner and means by which the United States Government acquires tangible

4

things for certain authorized investigations pursuant to Section 215. I have also determined that

segregating these documents would produce misleading and/or meaningless sets of words and

phrases which would have minimal or no informational content.

9.      As a general matter, the withheld documents are classified in full because they

discuss the use of the government's FISA authority in court-authorized intelligence collection

pursuant to Section 215. These applications of the FISA include descriptions of highly sensitive

intelligence collection sources, methods and activities by the United States that are properly

classified pursuant to subparagraphs (c) and (g) of Section 1.4 of Executive Order 13526 at   the

SECRET and TOP SECRET levels.

10.     Executive Order 13526 § 1.7(e) states, "[c]ompilations of items of information

that are individually unclassified may be classified if the compiled information reveals an

additional association or relationship that … meets the standards for classification under

[Executive Order 13526]." This provision of the Executive Order is a recognition that seemingly

mundane and non-sensitive material could, when viewed in the context of other available

information, reveal highly sensitive information to sophisticated adversaries of the United States.

For the FISC materials, opinions and orders at issue in this case, it is my judgment that any

information in those documents that, viewed in isolation, could be considered unclassified, when

combined with other information that might be available to the public, can reasonably be

expected to reveal (directly or by implication) classified national security information concerning

the timing or nature of intelligence activities. In these circumstances, the disclosure of even

seemingly mundane portions of the FISC materials, when considered in conjunction with other

publicly available information, could reasonably be expected to assist a sophisticated adversary

in deducing particular intelligence activities or sources and methods, and possibly lead to the use

of countermeasures that may deprive the United States of critical intelligence.

11.     For example, in my judgment, although certain legal analysis set forth in the FISC materials at issue in this case would be unclassified when viewed in isolation, it is not reasonably segregable because, particularly when viewed in the context of this FOIA request, it would tend to reveal information about classified intelligence sources, methods, and activities at issue in the balance of the document.  In particular, legal analysis would tend to reveal the legal question being analyzed and the particular aspects of the statute being considered, and thus would reveal how statutory authority and judicial authority is being applied in a specific context to the use or application of a particular intelligence source and method.  Accordingly, while it is unclassified that the FISA authorizes the United States Government to acquire tangible things for certain authorized investigations pursuant to Section 215, the legal analysis set forth in a FISC application, order, or opinion could tend to reveal how that authority is being applied in a particular setting and, thus, the nature of the source and method being utilized by the Government.   Even something as seemingly innocuous as a particular case citation or statutory provision, when juxtaposed with the fact that the document in question contains significant legal analysis of an application of Section 215, could reveal the particular issue being examined and, thus, risks disclosure of the existence, nature, or scope of an underlying intelligence collection method, or other sensitive information concerning an intelligence method.  By the very nature of how the law is set forth and examined in a particular application or opinion of the FISC, the nature of how the Government has proposed to use FISA authority, and how the FISC has analyzed whether to approve that use, would tend to reveal the intelligence capabilities and particular activities far beyond the general notion that the Government may be using Section 215 to collect information. For these reasons, I have determined that the FISC materials, opinions and

orders are not reasonably segregable, including as to legal analysis they contain.[1]

### A. Revealing the Exact Dates of Certain Withheld Documents Would, Itself, Tend to Reveal Classified Information.

12.     Finally, although not specifically at issue in the Court's order, I have also

determined that providing further information regarding the particular dates for some of the

documents at issue in this request, including the FISC materials at issue (*i.e.,* those involving

significant legal analysis of interpretations of Section 215) would also tend to reveal classified

information.  In my prior, unclassified declaration, I provided date ranges for various categories

of withheld documents, such as stating that the withheld materials submitted to, or opinions

and/or orders issued by, the FISC were dated between February 2006 and February 2011.  In my

judgment, providing further information concerning the dates of withheld records that contain

significant legal interpretation or analysis of Section 215 would tend to reveal non-public

information about when the government was or was not using those authorities.  When combined

with information that is public or otherwise already known to adversaries of the United States,

such information could be used to extrapolate how and when, and how often, the government has

used its Section 215 authority and correlate the use of that authority to certain events that may be

public or otherwise known to adversaries of the United States.  Accordingly, I have determined

that the disclosure of further information as to the specific dates of some of the withheld

materials, particularly FISC materials, could tend to reveal information concerning an

intelligence collection method and could reasonably be expected to cause serious or

exceptionally grave damage to, *inter alia*, national security for the reasons I discussed above in

---

[1]It should also be noted that some of the material in the relevant portions of the responsive documents that could, when viewed in isolation, be unclassified, is so inextricably intertwined with the classified material that the release of that non-exempt information would produce only incomplete, fragmented, unintelligible sentences and/or phrases that are devoid of any meaning.  This unclassified material does not contain any meaningful information responsive to the plaintiff's FOIA request.

paragraph 7.

### B. The Rules and Procedures of the Foreign Intelligence Surveillance Court Restrict the Government From Disclosing FISC Records.

13.     As I have discussed above, some of the withheld documents are opinions or

orders issued by the FISC, a court established by statute but consisting of judges appointed

pursuant to Article III of the Constitution.   These opinions or orders are FISC records.   Section

1803(c) of FISA states, "[r]ecords of proceedings under this Act, including applications made

and orders granted, shall be maintained under security measures established by the Chief Justice

in consultation with the Attorney General and the Director of National Intelligence." 50 U.S.C.

§ 1803(c).   In addition, section 1861(f)(5) of FISA states, "All petitions under this subsection

shall be filed under seal." 50 U.S.C. § 1861(f)(5).   And under Rule 62(b) of the FISC rules, a

FISC order or opinion may not be released by the Clerk "without a Court order."   To date, the

FISC has not issued any orders releasing these opinions or orders.   Moreover, the FISC

procedures, at Rule 62(c)(1), provide that the "government may provide copies of [FISC] orders,

opinions, decisions, or other [FISC] records, to Congress, pursuant to . . . statutory requirement,

without prior motion to and order by the [FISC].   The government, however, must

contemporaneously notify the Court in writing whenever it provides copies of [FISC] records to

Congress and must include in the notice a list of the documents provided."   The FISC procedures

do not authorize the government to provide FISC records to any other entity, including another

Article III Court, without "prior motion to and order by" the FISC.   The Government

understands these FISC rules to prohibit the Government from releasing any portion of the

opinions, including any unclassified portions,[2] without a FISC order.   Thus, no portion of these

opinions can be segregated and released to plaintiffs for that reason, in addition to those I

---

[2] As I have explained, the FISC records withheld here are all properly classified.

8

discussed above.

### C. Document No. 98 is an Internal Legal Memorandum Properly Withheld Pursuant to Exemption 5 As Well As Exemption 1.

14.    Document No. 98 is a memorandum prepared by, and addressed to, attorneys

within NSD discussing whether and how to proceed with a certain argument before the FISC,

and making a recommendation to a senior attorney.  Upon review, NSD has determined that this

record is exempt from disclosure pursuant to the attorney work product doctrine and deliberative

process prongs of FOIA Exemption 5, 5 U.S.C. § 552(b)(5).

15.    Exemption 5 protects documents which would normally be privileged in the civil

discovery context.  The attorney work product doctrine is incorporated into the protection of

Exemption 5.  The attorney work product doctrine protects documents prepared by an attorney as

part of, or in reasonable anticipation of, litigation.

16.    The internal NSD memorandum in question here, Document No. 98 in

Attachment 1, is a memorandum prepared by NSD attorneys in reasonable anticipation of a

submission of an application seeking tangible things litigation before the FISC.  The

memorandum analyzed a particular legal question involving the FISA, discusses the legal

question, and makes a recommendation as to how the Department of Justice should proceed in

advancing an application seeking tangible things to the FISC.  Because this memorandum would

be protected in civil discovery pursuant to the attorney work product doctrine, it is protected

from disclosure by FOIA Exemption 5.  Morever, because the attorney work product doctrine

applies to an attorney's work product in its entirety, including factual material, there are no

segregable portions of the memorandum that are not protected by the attorney work product

doctrine and Exemption 5.

17.    The deliberative process privilege is also incorporated into the protection of Exemption 5.  The deliberative process privilege is intended to prevent injury to the quality of agency decisions.  Thus, material that contains or was prepared in connection with the formulation of opinions, advice, evaluations, deliberations, policies, proposals, conclusions, or recommendations may properly be withheld.  Disclosure of this type of information would have an inhibiting effect upon agency decision-making and the development of policy because it would chill full and frank discussions between agency personnel and decision makers regarding a decision.  If agency personnel know that their preliminary recommendations, impressions, opinions, evaluations, or comments would be released for public consumption, they would be less candid and more circumspect in expressing their thoughts, which would impede the fulsome discussion of issues necessary to reach a well-reasoned decision.

18.    The deliberative process privilege applies to information that is both "predecisional" and "deliberative."  Information is "predecisional" if it temporally precedes the decision or policy to which it relates.  It is "deliberative" if it played a direct part in the decision-making process because it consists of recommendations or opinions on legal or policy matters, or reflects the give-and-take of the consultative process.  The deliberative process privilege applies to Document No. 98, an internal NSD legal recommendation memo.  The memo considered whether to proceed with a certain argument before the FISC in connection with the submission of an application seeking tangible things, and recommended to the decision maker a course to take.  The memorandum is predecisional in that it preceded a final decision, and deliberative because it played a part in the process by which decisions were made in the relevant matter before the FISC.  The decision maker did not expressly adopt or incorporate the memorandum, Document No. 98.

19.     Document No. 98 is also properly withheld in its entirety under exemption 1 because it is properly classified as SECRET.  As explained in paragraph 7 above, the withheld memorandum includes specific descriptions of highly sensitive intelligence activities, sources and methods.  Disclosure of this information would provide our adversaries and foreign intelligence targets with insight into the United States Government's foreign intelligence collection capabilities, which in turn could be used to develop the means to degrade and evade those collection capabilities.  And for the reasons discussed above in paragraph 12, there are no portions of Document No. 98 that may be reasonably segregated from classified information and released.

20.     Finally, while Attachment A notes that Document No. 98 was addressed to senior NSD/OI officials Matthew Olsen, Charles Steele, and Lionel Kennedy, the names of the rank-and-file attorneys who prepared the memorandum are properly withheld pursuant to FOIA Exemptions 6 and 7(c).  Plaintiff has informed the government, through counsel, that it does not contest these Exemption 6 and 7(c) withholdings.

## CONCLUSION

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 18th day of April 2013

Mark A. Bradley

11

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 1 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 1 | 6/25/2009 | Report regarding implementation of Section 215 authority | (b)(1); (b)(3) | 46 | TOP SECRET |
| 2 | 7/2/2009 | Transmittal letter to Foreign Intelligence Surveillance Court ("FISC") enclosing copy of report dated 6/25/2009 regarding implementation of section 215 authority | (b)(1); (b)(3) | 1 | TOP SECRET |
| 3 | 1/8/2007 | Briefing Paper for Congress regarding June 25, 2009 Report regarding implementation of Section 215 authority | (b)(1); (b)(3) | 5 | TOP SECRET |
| 4 | 6/29/2009 | Congressional notification regarding implementation of certain acquisition authorities, including Section 215 authority | (b)(1); (b)(3) | 5 | TOP SECRET |
| 5 | 2/25/2009 | Congressional notification regarding implementation of certain acquisition authorities, including Section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |
| 6 | 5/7/2009 | Congressional notification regarding implementation of section 215 authority | (b)(1); (b)(3) | 4 | TOP SECRET |
| 7 | 4/10/2009 | Congressional notification regarding implementation of section 215 authority | (b)(1); (b)(3) | 6 | TOP SECRET |
| 8 | 9/1/2011 | Congressional notification regarding implementation of section 215 authority | (b)(1); (b)(3) | 4 | TOP SECRET |
| 9 | 1/8/2007 | Note to Congressional staffer regarding implementation of Section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |
| 10 | 12/1/2010 | Memorandum to Congressional staffer regarding certain acquisition authorities, including Section 215 | (b)(1); (b)(3) | 2 | TOP SECRET |
| 11 | 9/10/2009 | Notification to a Congressional Committee regarding implementation of section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 2 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 12 | 9/3/2009 | Submission to Congressional Committees regarding various matters, including implementation of section 215 authority | (b)(1); (b)(3) | 164 | TOP SECRET |
| 13 | 3/5/2009 | Submission Congressional Committees from AAG for Legislative Affairs | (b)(1); (b)(3) | 183 | TOP SECRET |
| 14 | 10/3/2008 | 50 U.S.C. 1871(c)(1) Production to Congressional Committees filed October 3, 2008, including FISC submissions and a FISC opinion | (b)(1); (b)(3) | 31 | TOP SECRET |
| 15 | 10/21/2009 | Statement for the record before a Congressional Committee Closed Hearing on PATRIOT Act Reauthorization | (b)(1); (b)(3) | 7 | TOP SECRET |
| 16 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 81 | TOP SECRET |
| 17 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 76 | TOP SECRET |
| 18 | 1/8/2007 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |
| 19 | 8/29/2008 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 17 | TOP SECRET |
| 20 | undated | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 1 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 3 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|--------|------|------------------------|-----------|------------|------------------------|
| 21 | undated | Training materials for government personnel pertaining to implementation of various collection authorities including section 215 authority | (b)(1); (b)(3) | 223 | SECRET |
| 22 | 1/8/2007 | Training materials for government personnel pertaining implementations of various acquisition authorities, including section 215 | (b)(1); (b)(3) | 141 | SECRET |
| 23 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 17 | TOP SECRET |
| 24 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 12 | TOP SECRET |
| 25 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 17 | TOP SECRET |
| 26 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 39 | TOP SECRET |
| 27 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 10 | TOP SECRET |
| 28 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 13 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 4 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 29 | 5/11/2011 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 30 | TOP SECRET |
| 30 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 5 | TOP SECRET |
| 31 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 20 | TOP SECRET |
| 32 | 1/8/2007 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 39 | TOP SECRET |
| 33 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 5 | TOP SECRET |
| 34 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 3 | TOP SECRET |
| 35 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 5 | TOP SECRET |
| 36 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 29 | TOP SECRET |
| 37 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 26 | TOP SECRET |
| 38 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 18 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 5 of 11)

| Doc# | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 39 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 21 | TOP SECRET |
| 40 | 3/26/2009 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 8 | TOP SECRET |
| 41 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 5 | TOP SECRET |
| 42 | 9/1/2009 | Briefing materials for the FISC | (b)(1); (b)(3) | 15 | TOP SECRET |
| 43 | 4/10/2009 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 8 | TOP SECRET |
| 44 | 1/8/2007 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 3 | TOP SECRET |
| 45 | 7/17/2006 | Internal Executive Branch report regarding implementation of section 215 authority | (b)(1); (b)(3) | 4 | TOP SECRET |
| 46 | 8/29/2008 | Internal Executive Branch memorandum regarding implementation of section 215 authority | (b)(1); (b)(3) | 11 | TOP SECRET |
| 47 | 1/8/2007 | Training materials for government personnel pertaining to implementation of certain acquisition authorities, including section 215 | (b)(1); (b)(3) | 41 | TOP SECRET |
| 48 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 12 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 6 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|--------|------|------------------------|-----------|-----------|------------------------|
| 49 | 1/8/2007 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 18 | TOP SECRET |
| 50 | 8/27/2009 | Draft internal Executive Branch memorandum regarding implementation of section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |
| 51 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) for production to Congress | (b)(1); (b)(3) | 5 | TOP SECRET |
| 52 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 6 | TOP SECRET |
| 53 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 7 | TOP SECRET |
| 54 | 8/17/2006 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 5 | TOP SECRET |
| 55 | 9/18/2009 | FISC briefing materials regarding implementation of section 215 authority | (b)(1); (b)(3) | 16 | SECRET |
| 56 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 7 | SECRET |
| 57 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 8 | SECRET |
| 58 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 9 | SECRET |
| 59 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 5 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 7 of 11)

| Doc# | Date | Description of Document | Exemption | # of pages | Classification Marking |
|------|------|------------------------|-----------|-----------|------------------------|
| 60 | undated | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 8 | SECRET |
| 61 | 12/14/2006 | Internal Executive Branch report regarding implementation of section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |
| 62 | 11/2010 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 10 | SECRET |
| 63 | 3/9/2007 | Internal Executive Branch e-mail message and attached document regarding implementation of section 215 authority | (b)(1); (b)(3) | 4 | TOP SECRET |
| 64 | 8/2006 | Internal Executive Branch draft memorandum regarding implementation of section 215 authority | (b)(1); (b)(3) | 9 | TOP SECRET |
| 65 | undated | Training Materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 4 | SECRET |
| 66 | 1/25/2007 | Congressional notification regarding implementation of section 215 authority | (b)(1); (b)(3) | 2 | TOP SECRET |
| 67 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 7 | SECRET |
| 68 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 9 | SECRET |
| 69 | 12/2007 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3); (b)(5) | 3 | TOP SECRET |
| 70 | 11/18/2009 | Briefing materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 16 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 8 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 71 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 1 | TOP SECRET |
| 72 | 4/2008 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 10 | TOP SECRET |
| 73 | undated | Training Materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 25 | TOP SECRET |
| 74 | 3/29/2011 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 17 | SECRET |
| 75 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 9 | SECRET |
| 76 | undated | Briefing Materials for FISC | (b)(1); (b)(3) | 16 | SECRET |
| 77 | 10/2009 | Briefing Materials for FISC | (b)(1); (b)(3) | 16 | SECRET |
| 78 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 3 | TOP SECRET |
| 79 | 3/29/2011 | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 17 | SECRET |
| 80 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 8 | SECRET |
| 81 | 7/20/2009 | Training materials for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 23 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 9 of 11)

| Doc# | Date | Description of Document | Exemption | # of pages | Classification Marking |
|------|------|------------------------|-----------|-----------|------------------------|
| 82 | 11/13/2007 | Production to Congressional Committee of FISC orders, submissions, and supporting materials regarding implementation of section 215 authority | (b)(1); (b)(3) | 234 | TOP SECRET |
| 83 | 8/30/2007 | Internal Executive Branch e-mail message about Congressional inquiry for the record regarding implementation of section 215 authority | (b)(1); (b)(3) | 8 | TOP SECRET |
| 84 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) as produced to a Congressional Committee | (b)(1); (b)(3) | 15 | SECRET |
| 85 | undated | Guidelines for government personnel pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 7 | SECRET |
| 86 | 12/1/2008 | Production to Congress of FISC opinions and underlying documents pursuant to 50 USC § 1871(c)(2) on multiple matters, including implementation of section 215 authority | (b)(1); (b)(3) | 378 | TOP SECRET |
| 87 | 10/3/2008 | Production to Congress of FISC opinion and underlying documents pursuant to 50 U.S.C. § 1871(c)(1) | (b)(1); (b)(3) | 31 | TOP SECRET |
| 88 | 2/4/2011 | Production to Congress of FISC opinion and underlying documents pursuant to 50 U.S.C. § 1871(c) | (b)(1); (b)(3) | 39 | TOP SECRET |
| 89 | 8/16/2010 | Production to Congress of FISC opinions and underlying documents pursuant to 50 U.S.C. § 1871(c)(2) on multiple matters, including implementation of section 215 authority | (b)(1); (b)(3) | 236 | TOP SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 10 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 90 | 6/2006 | Attorney General's Semiannual Report to Congress pursuant to Intelligence Reform and Terrorism Prevention Act for July to December 2005 | (b)(1); (b)(3) | 5 | TOP SECRET |
| 91 | December-06 | Attorney Generals Semiannual Report to Congress pursuant to Intelligence Reform and Terrorism Prevention Act for January to June 2006 | (b)(1); (b)(3) | 6 | TOP SECRET |
| 92 | 6/2007 | Attorney General's Semiannual Report to Congress pursuant to Intelligence Reform and Terrorism Prevention Act for July to December 2006 | (b)(1); (b)(3) | 7 | TOP SECRET |
| 93 | 6/2006 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2005 (selected pages discussing use of Section 215) | (b)(1); (b)(3) | 4 | TOP SECRET |
| 94 | 12/2006 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2006 (selected pages discussing use of Section 215) | (b)(1); (b)(3) | 3 | TOP SECRET |
| 95 | 9/5/2006 | Submission to FISC of standard minimization procedures regarding implementation of section 215 authority | (b)(1); (b)(3) | 48 | SECRET |
| 96 | undated | Guidelines pertaining to implementation of section 215 authority | (b)(1); (b)(3) | 3 | TOP SECRET |
| 97 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 114 | SECRET |

UNCLASSIFIED

UNCLASSIFIED

Electronic Frontier Foundation v. U.S. Department of Justice, Case No.: 11-cv-5221 (YGR) (page 11 of 11)

| Doct # | Date | Description of Document | Exemption | # of pages | Classification Marking |
|---|---|---|---|---|---|
| 98 | 6/6/2008 | Internal Executive Branch legal memorandum drafted in anticipation of a filing to the FISC which analyzes an issue pertaining to section 215 authority | (b)(1); (b)(5) | 23 | SECRET |
| 99 | 2/2006 - 2/2011 | Government submission(s) to the FISC related to section 215 | (b)(1); (b)(3) | 268 | TOP SECRET |
| 100 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 20 | TOP SECRET |
| 101 | 2/2006 - 2/2011 | FISC order(s) and/or opinion(s) | (b)(1); (b)(3) | 8 | TOP SECRET |

UNCLASSIFIED