STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

  P.O. Box 883
  Washington, D.C.  20044
  Telephone:  (202) 305-0167
  Facsimile:  (202) 616-8470
  Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br><br> Plaintiff, ) <br> v. ) <br><br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, ) <br><br> Defendant. ) <br> ) <br> ) <br> ) | Case No. 4:11-cv-05221-YGR <br><br> **REPLY MEMORANDUM IN FURTHER RESPONSE TO THE COURT'S ORDER RE: FURTHER SUBMISSION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>**TABLE OF CONTENTS**</u>

**PAGE**

PRELIMINARY STATEMENT ....................................................1

I.     The Government's Vaughn Index and Declaration Meet Ninth Circuit
       Requirements and Establish Defendant's Entitlement to Summary Judgment ...................1

II.    The Government Has Established That No Portions of the NSD Documents
       Withheld in Full Can Be Segregated From Exempt Material and Released.......................5

III.   The Court Need Not and Should Not Resort to In Camera Review of
       Hundreds of Pages of Withheld Documents.......................................8

IV.    CONCLUSION....................................................10

# TABLE OF AUTHORITIES

1

2 **CASES**                                                                **PAGE(S)**

3 *Amnesty Int'l v. CIA*,
4     728 F. Supp. 2d 479 (S.D.N.Y. 2010)...............................................................5

5 *Berman v. CIA*,
6     501 F.3d 1136 (9th Cir. 2007) ..................................................................2

7 *Campbell v. Dep't of Justice*,
    164 F.3d 20 (D.C. Cir. 1998)....................................................................9
8

9 *GTE Sylvania, Inc. v. Consumers Union of U.S.*,
    445 U.S. 375 (1980)...................................................................................8
10

11 *Gardels v. CIA*,
    689 F.2d 1100 (D.C. Cir. 1982) ...............................................................7
12

13 *Halkin v. Helms*,
    598 F.2d 1 (D.C. Cir. 1978).......................................................................7
14

15 *Halperin v. CIA*,
    629 F.2d 144 (D.C. Cir. 1980) ..................................................................7

16 *Hayden v. NSA*,
17     608 F.2d 1381 (D.C. Cir. 1979) ...............................................................5

18 *Hunt v. CIA*,
    981 F.2d 1116 (9th Cir. 1992) ..............................................................2, 4
19

20 *Lewis v. IRS*,
    823 F.2d 375 (9th Cir. 1987) ....................................................................4
21

22 *Lion Raisins v. Dep't of Agriculture*,
    354 F.3d 1072 (9th Cir. 2004) ..................................................................9
23

24 *United States v. Marchetti*,
    466 F.2d 1309 (4th Cir. 1972) ..............................................................5, 7

25 *McGehee v. Casey*,
26     718 F.2d 1137 (D.C. Cir. 1983)............................................................5, 7

27 *Mobley v. Department of Justice*,
    870 F. Supp. 2d 61 (D.D.C. 2012)............................................................5
28

*In re Mot. for Release of Court Records*,
    526 F. Supp. 2d 484 (FISC 2007) ...................................................................................8

*N.Y. Times Co. v. Dep't of Justice*,
    --- F.Supp.2d -- 2013 WL. 50209 (S.D.N.Y. January 02, 2013) .........................................7

*Pollard v. FBI*,
    705 F.2d 1151 (9th Cir. 1983) ....................................................................................5

*Quiñon v. FBI*,
    86 F.3d 1222 (D.C. Cir. 1996) ...................................................................................8

*Stillman v. CIA*,
    319 F.3d 546 (D.C. Cir. 2003) ...................................................................................5

*Vaughn v. Rosen*,
    484 F.2d 820 (D.C. Cir. 1973) ...................................................................................1

*Weiner v. FBI*,
    943 F.2d 972 (9th Cir. 1991) .....................................................................................4

**STATUTES**

5 U.S.C. § 552(a)(4)(B) ....................................................................................................8

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(h)(3)......................................................................................................8

## PRELIMINARY STATEMENT

In compliance with this Court's Order (ECF No. 49), defendant, the U.S. Department of Justice, publicly filed further specific information describing documents withheld by its National Security Division ("NSD") as exempt from disclosure under the Freedom of Information Act. The Government's filing included a *Vaughn* index that lists the page length of each document, the specific category of each document, and the exemption(s) claimed. *See Vaughn* index, Attachment A to Second Supplemental Bradley Declaration (ECF No. 55-1); *Vaughn v. Rosen*, 484 F.2d 820, 823-25 (D.C. Cir. 1973). The *Vaughn* index also lists the dates of the vast majority of withheld documents and date ranges when specific dates cannot be provided without risking the revelation of classified information. *See Vaughn* index. In his supplemental declaration also submitted to the Court (ECF No. 55-1) ("Supp. Bradley Decl."), senior NSD official and original classification authority Mark A. Bradley explains, to the extent possible without compromising the secrecy of the very information to be withheld, the bases for claiming the cited FOIA exemptions and why there are no reasonably segregable portions of the withheld documents that may be released without compromising national security.

Mr. Bradley's supplemental declaration and the accompanying public *Vaughn* index comply with this Court's Order and establish that defendant is entitled to summary judgment as to the withheld documents. The Government's filing also offers as much detail as can be provided publicly, without compromising the very national security interests that the Government and Exemption 1 of the FOIA seek to protect. Plaintiff's various criticisms of the Government's filing are without merit.

**I.      The Government's Vaughn Index and Declaration Meet Ninth Circuit Requirements and Establish Defendant's Entitlement to Summary Judgment.**

When federal agencies assert FOIA Exemptions 1 and 3 for national security reasons, the Ninth Circuit has required the Government to "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions, and show that the justifications are not controverted by contrary evidence in the record or by evidence of CIA bad faith." *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992) (quoted in *Berman v. CIA*, 501 F.3d 1136, 1140 (9th Cir. 2007). Mr. Bradley's public declaration meets those standards. The declaration describes the kind of information at issue and the reasons for nondisclosure in specific detail and makes clear that the information withheld logically falls within the national security exemptions. The declaration notes the importance of keeping secret information concerning the manner and means by which the United States acquires tangible things for certain authorized national security investigations. Supp. Bradley Decl. ¶¶ 6, 8-9. The declaration also explains how disclosure of the requested information could compromise that secrecy, and details the significant harm that would result if information concerning these highly sensitive intelligence activities, sources, and methods was released to the public, *i.e.*, the use of countermeasures by adversaries of the United States that "may deprive the United States of critical intelligence." *Id.* ¶ 10.

Plaintiff implies (without support) that these legitimate concerns do not apply because, it claims, it has "made clear it does not seek disclosure of *specific* information concerning sources or methods" but only "*generalized* information." Plaintiff's Response Memorandum (ECF No. 55) ("Pl. Response") at 3. But the documents subject to summary judgment and responsive to plaintiff's FOIA request include such specific information, or include other information that would tend to reveal such specific

1    information.  Supp. Bradley Decl. ¶¶ 6, 9.  And as Mr. Bradley also testified, no

2    information in the documents can be segregated and released without revealing classified

3    information that is properly exempt from disclosure under FOIA.  *Id*. ¶¶ 8-11.[1]

4          Indeed, as plaintiff all but points out, to the extent such "generalized" information can be

5    made public, it has been:  the government has published general information concerning the use

6    of Section 215.  Pl. Response at 3.  Such statistics have been provided to plaintiff in response to

7    plaintiff's FOIA request, and therefore are no longer at issue in this litigation.  What remains

8    does not consist of such general (or properly releasable) information.  Moreover, plaintiff now

9    seeks documents containing "significant" legal interpretations of the government's Section 215

10   authority; revealing information about "when" and "how often" the government has employed

11   that authority in a manner that was related to such a "significant legal interpretation" would

12   disclose additional, and damaging, information.  *See* Supp. Bradley Decl. ¶ 11 (explaining why

13   legal reasoning cannot be segregated and released "particularly when viewed in the context of

14   this FOIA request," and that revealing such information "would tend to reveal the intelligence

15   capabilities and particular activities far beyond the general notion that the Government may be

16   using Section 215 to collect information").[2]

---

[1] Moreover, plaintiff ignores the fact that this Court ordered the Government to provide certain information, *or* to explain why further "information cannot be provided on the public record." Order, ECF No. 49 at 3. As discussed in Mr. Bradley's supplemental declaration and in this memorandum, that is what the Government did.

[2] Similarly, plaintiff criticizes the Government for allegedly failing to explain why it has revealed the dates of only some of the withheld FISC materials.  It bears noting that this Court did not order the Government to provide such dates as part of the supplemental filing, and that the Government has provided dates for the vast majority of withheld documents.  *See* Order (ECF No. 49); *Vaughn* index.  In any event, Mr. Bradley explains that "providing further information" than defendant has done "concerning the dates of withheld [FISC] records that contain significant legal interpretation or analysis of Section 215 would tend to reveal non-public information about when the government was or was not using those authorities." Supp. Bradley Decl. ¶ 12.  Mr. Bradley notes that, when

1    Plaintiff also asserts that the Government violated the Court's Order because the

2  articulation of harm that would result from releasing the documents is stated once by Mr.

3  Bradley in his declaration, rather than repeated for each document in the index.  Pl. Response at

4  3 n.4.  Plaintiff's argument elevates form over substance to no end; as Mr. Bradley testified,

5  "[t]he articulation that I am able to provide publicly for the Exemption 1 withholding of each

6  withheld document is the same in substance."  Supp. Bradley Decl. ¶ 5; *see id.* ¶ 6 (same as to

7  Exemption 3).

8

9    In stark contrast to the generalized and unsupported claims of harm that the Court of

10  Appeals found insufficient to support a claimed national security exemption in *Weiner v. FBI*,

11  943 F.2d 972, 982 (9th Cir. 1991), the public declaration of Mr. Bradley in this case details the

12  harm to intelligence gathering activities that could reasonably be expected to result from release

13  of the withheld documents.  *Cf. Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) (declaration

14  "need not specify its objections [to disclosure] in such detail as to compromise the secrecy of the

15  information") (citation omitted).  The National Security Division's judgment with respect to the

16  sensitivity of the documents in question, and the harm that could reasonably be expected to result

17  from their release, falls squarely within the area of agency expertise to which this Court must

18  grant substantial deference.  *See Hunt*, 981 F.2d at 1119.

19

20

21

22

23  combined with information available to enemies of the United States, such information
24  could be used to determine when the Government has used its Section 215 authority "and
25  correlate the use . . . to certain events that may be . . . known to adversaries of the United
26  States."  *Id.*   In light of that, and the contents of the *Vaughn* index, it is obvious why
defendant was able to provide dates for some FISC materials, but not others:  the FISC
documents noted by plaintiff (Pl. Response at 4) for which defendant provided dates are
materials such as briefings and statutorily-required filings of standard minimization
procedures that do not directly relate to or coincide with particular applications to the
FISC for use of Section 215 authority.

Moreover, it is important to note that defendant's submission is not limited to its public affidavits nor, in a case involving protection of extremely sensitive national security information, is the Government limited to relying only on what it can say publicly.  Plaintiff is thus wrong when it implies without foundation that the Government has failed to produce "a properly detailed *Vaughn* Index"  because the Government seeks to shirk a "considerable burden."  Pl. Response  at 2 (citation omitted).  Plaintiff ignores the point of the supplemental filing and the fact that defendant has provided a lengthy and detailed classified *Vaughn* index accompanied by a detailed, classified declaration.  The Court directed defendant to make its supplemental filing because the Court was "not satisfied that the public record has been made as complete as possible."  Order, ECF No. 49 at 2.  With its detailed, public *Vaughn* index, the Government has made the public record as complete as possible.  *See* Supplemental Bradley Declaration ¶¶ 5, 7, 8-13 (explaining why further detailed information cannot be provided publicly without risking disclosure of properly classified information).

Defendant's public filings establish that it is entitled to summary judgment as a matter of law.  To the extent the Court agrees with plaintiff that further detail is required, however, the Court may find such detail in the government's classified submission.  *E.g., Mobley v. Department of Justice*, 870 F. Supp. 2d 61, 69 (D.D.C. 2012); *Amnesty Int'l v. CIA*, 728 F. Supp. 2d 479, 507-08 (S.D.N.Y. 2010).  Indeed, when classified national security information is at issue, "in camera review of affidavits, followed if necessary by further judicial inquiry, will be the norm."  *Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (quoting *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983)).  *See Pollard v. FBI*, 705 F.2d 1151, 1153-54 (9th Cir. 1983) (approving of *in camera* consideration of classified affidavit in FOIA case); *Hayden v. NSA,* 608 F.2d 1381, 1385 (D.C. Cir. 1979)

1

2

3

(in a FOIA case where "public itemization and detailed justification would compromise legitimate secrecy interests," it is "appropriate to receive affidavits in camera rather than in public."). *See also* Supp. Bradley Decl. ¶ 7.

4

5

6

II. **The Government Has Established That No Portions of the NSD Documents Withheld in Full Can Be Segregated From Exempt Material and Released.**

7

8

9

10

11

12

13

14

In compliance with the Court's Order, in his supplemental public declaration Mr. Bradley explained, in as much detail as possible on the public record, why there are no portions of the withheld records that can be segregated from exempt (*i.e.,* classified and properly withheld pursuant to statute) material and released.  Supp. Bradley Decl. ¶¶ 8-13.  To the extent NSD found releasable, responsive material, it was released and is no longer at issue in this litigation.  Plaintiff's criticisms of the Government's segregability determination amount to sophistry.

15

16

17

18

19

20

21

22

23

First, plaintiff argues, without citation to any legal authority, that there must be something segregable when a document is large.  Pl. Response at 4.  Plaintiff also asserts without explanation that a segregability analysis cannot apply equally to a long document and a shorter one.  *Id.*  But this is nonsense:  Mr. Bradley has testified and explained that there is no segregable, non-exempt information in the documents withheld in full.  Supp. Bradley Decl. ¶¶ 8-13.  Where, as here, there is no reasonably segregable information on any page of a document, it is of no moment how long the document may be.

24

25

26

27

Plaintiff then blatantly misconstrues Mr. Bradley's declaration with repeated assertions that the Government is withholding as classified information that is not classified, *i.e.*, that is "innocuous," "does not fall within Section 1.4 [of E.O. 13526]'s classification categories," or is "mundane."  Pl. Resp. 5-6.  Of course, this is not the

28

1   Government's position nor is it what Mr. Bradley stated in his declaration.  Rather, Mr.

2   Bradley explained that "*seemingly* innocuous" information, when "juxtaposed with the

3   fact that the document in question contains significant legal analysis of an application of

4   Section 215," or "when combined with other information that might be available to the

5   public . . . can reasonably be expected to reveal . . . classified national security

6   information."  Supp. Bradley Decl. ¶¶ 10, 11 (emphasis added).  This is simply a

7   recognition of the well-established proposition that "each individual piece of intelligence

8   information, much like a piece of jigsaw puzzle, may aid in piecing together other bits of

9   information even when the individual piece is not of obvious importance itself."  *Gardels*

10  *v. CIA*, 689 F.2d 1100, 1106 (D.C. Cir. 1982) (quoting  *Halperin v. CIA*, 629 F.2d 144,

11  150 (D.C. Cir. 1980)).  Courts commonly refer to this as the "mosaic theory" of

12  intelligence:

> It requires little reflection to understand that the business of foreign intelligence
> gathering in this age of computer technology is more akin to the construction of a
> mosaic than it is to the management of a cloak and dagger affair.  Thousands of
> bits and pieces of *seemingly innocuous* information can be analyzed and fitted
> into place to reveal with startling clarity how the unseen whole must operate . . . .
> "The courts, of course, are ill-equipped to become sufficiently steeped in foreign
> intelligence matters to serve effectively in the review of secrecy classifications in
> that area."

21  *Halkin v. Helms*, 598 F.2d 1, 8 (D.C. Cir. 1978) (quoting *United States v. Marchetti*, 466

22  F.2d 1309, 1318 (4th Cir. 1972) (emphasis added); *see McGehee*, 718 F.2d at 1149.  This

23  concept, long-recognized by the courts, is the gravamen of Mr. Bradley's segregability

24  discussion – not plaintiff's straw-man of a "justification for the classification of

25  innocuous information."  Pl. Response 5.

26      The balance of plaintiff's segregability discussion consists of plaintiff's meritless

27  argument that legal analysis cannot be properly classified.  As defendant has explained,

1    plaintiff is mistaken and, in any event, "the legal analysis in the withheld documents

2    cannot reasonably be segregated and released without risking disclosure of the manner

3    and means by which the United States Government acquires tangible things for certain

4    authorized investigations pursuant to Section 215."  Supp. Bradley Decl. ¶ 8.  *See*

5    Defendant's Reply Memorandum in Support of Summary Judgment (ECF No.45) at 4-8;

6    *N.Y. Times Co. v. Dep't of Justice*, --- F.Supp.2d ----, 2013 WL 50209, *20 (S.D.N.Y.

7    January 02, 2013) (stating there is "no reason why legal analysis cannot be classified

8    pursuant to E.O. 13526 if it pertains to matters that are themselves classified;" also citing

9

10   cases that "support the proposition that legal analysis can be withheld as classified

11   pursuant to Exemption 1"). [3]

12

13       **III.    The Court Need Not and Should Not Resort to *In Camera* Review of
                    Hundreds of Pages of Withheld Documents.**

14

15           As defendant has explained, the Government has established with its public

16   filings that it is entitled to summary judgment.  However, should the Court require a

17   "fuller explanation of the highly significant intelligence sources, methods and activities at

18   issue and the harm to national security that would result from the disclosure of this

19

20

21   ─────────────────────
     [3] In a footnote, plaintiff argues that the Government cannot assert that the FISC rules prohibit

22   release by the Government of FISC materials without an authorizing Order by the FISC.  Pl.
     Response 7-8 n.6.  Plaintiff is correct that Mr. Bradley discussed that application of the FISC's

23   rules and procedures in his Second Supplemental Public Declaration, and it was not raised in
     defendant's earlier memoranda.  Suppl. Bradley Decl. ¶ 13.  But the FISC procedures present a

24   *jurisdictional* bar to an order for disclosure of FISC materials under FOIA.  *See GTE Sylvania,
     Inc. v. Consumers Union of U.S.*, 445 U.S. 375, 384, 387 (1980); 5 U.S.C. § 552(a)(4)(B).  That

25   argument therefore cannot be waived.  Fed. R. Civ. P. 12(h)(3).  Nor, as plaintiff implies, has the
     FISC ever held that FISC records are properly disclosable under FOIA; rather, the FISC

26   expressed no view on "whatever remedies may be available" in a district court under FOIA.  *In
     re Mot. for Release of Court Records*, 526 F. Supp. 2d 484, 496 (FISC 2007).  Indeed, plaintiff

27   cites to no case in which a court has ordered release under FOIA of FISC records, particularly
     those that had not been authorized for release by the FISC itself.

28

information," the Government urges the Court to view its classified, *ex parte* submission *in camera*. *See* Supp. Bradley Decl. ¶ 7.

Perhaps on the theory that extra time spent by the Court "can't hurt," plaintiff suggests the Court conduct *in camera* review of hundreds of pages of withheld documents. Pl. Response 7. But *in camera* document review burdens the resources of the Court, is contrary to judicial economy, and should not be "resorted to as a matter of course, simply on the theory that 'it can't hurt.'" *Quiñon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996)). For that reason, *in camera* inspection of documents withheld under a FOIA exemption should "not be resorted to lightly" and is disfavored where, as here, "the government sustains its burden of proof by way of its testimony or affidavits." *See Lion Raisins v. Dep't of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004).

Moreover, the relevant "testimony or affidavits" includes the Government's classified submission. Should the Court direct defendant to provide withheld documents for *in camera* review, the Government will, of course, promptly arrange to make the documents in question available consistent with procedures for the handling of classified information. In the interests of judicial economy, however, and consistent with the law of this Circuit, the Government urges the Court to fully consider defendant's *ex parte*, classified submission before resorting to time-consuming *in camera* review of the withheld documents.[4]

---

[4] Defendant believes its classified, *ex parte* submission will be of great assistance to the Court should the Court require a fuller explanation, and that it further establishes the Government's entitlement to summary judgment. However, if the Court has further questions after reviewing the classified submission, the Court should direct the Government to supplement that classified submission before resorting to in camera review of withheld documents. *E.g., Campbell v. Dep't of Justice*, 164 F.3d 20, 31 (D.C. Cir. 1998) (the preferred course when agency affidavits are inadequate is to order the agency to submit a new declaration).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For all the foregoing reasons, as well as those set forth in defendant's memorandum and reply memorandum in support of its motion for summary judgment and its earlier response to the Court's Order, the Court should grant summary judgment for defendant.

Dated: May 23, 2013                          Respectfully submitted,

                                             STUART F. DELERY
                                             Principal Deputy Assistant Attorney General

                                             MELINDA HAAG
                                             United States Attorney

                                             ELIZABETH J. SHAPIRO
                                             Deputy Director, Federal Programs Branch

                                               /s/ Steven Y. Bressler
                                             STEVEN Y. BRESSLER D.C. Bar #482492
                                             Senior Counsel
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             P.O. Box 883
                                             Washington, D.C. 20044
                                             Telephone:     (202) 305-0167
                                             Facsimile:      (202) 616-8470
                                             Steven.Bressler@usdoj.gov

                                             *Counsel for the U.S. Department of Justice*