STUART F. DELERY
Principal Deputy Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-0167
Facsimile:  (202) 616-8470
Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | Case No. 4:11-cv-05221-YGR |
| ) | |
| Plaintiff, ) | **JOINT STATUS REPORT** |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

The parties, plaintiff Electronic Frontier Foundation and defendant the United States Department of Justice, by and through their undersigned counsel, provide this Status Report in response to the Court's Order dated June 11, 2013 (Dkt. No. 60).  Counsel for the parties have

Case No. 4:11-cv-05221-YGR
Joint Status Report

conferred and were unable to agree on the appropriate next steps.  The parties' respective positions are set forth below.

**I.     The Government's Position**

As noted in the parties' Stipulated Request, dated June 10, 2013 (Dkt. No. 59), in response to the unauthorized disclosure of a top secret U.S. court document, the Director of National Intelligence ("DNI") directed that certain information related to Section 215 of the USA PATRIOT Act of 2001, codified at 50 U.S.C. § 1861 ("Section 215"), the "business records" provision of the Foreign Intelligence Surveillance Act, be declassified and immediately released to the public.  *See* DNI Statement on Recent Unauthorized Disclosures of Classified Information, *available at* http://www.odni.gov/index.php/newsroom/press-releases/191-press-releases-2013/868-dni-statement-on-recent-unauthorized-disclosures-of-classified-information.  As the Court is aware, in this lawsuit brought pursuant to the Freedom of Information Act ("FOIA"), plaintiff seeks certain records relating to Section 215.

While the Government's previous withholdings of classified information in this case were appropriate, in light of subsequent developments, the Government is currently engaged in an inter-agency review process designed to assess what additional information, if any, can be declassified consistent with the protection of national security.[1]  The review process involves coordination among the Office of the Director of National Intelligence and affected elements of the intelligence community, as well as the Department of Justice, and includes review of information in addition to that pertaining to Section 215.  Because of the broad national security interests at stake, the Government can neither review the records at issue in this lawsuit in

---

[1] Should the Court find it helpful, the Government is prepared to submit *ex parte* a classified declaration in further support for the Government's request for an abeyance until September 6, 2013.

Case No. 4:11-cv-05221-YGR
Joint Status Report                                                                                                                                      2

isolation nor rush to judgment on their disclosure pursuant to FOIA. Rather, once the inter-agency review process has reached a stage when updated judgments can reasonably be made regarding the documents at issue, the Government will need to re-review the documents in order to determine what, if any, information in these particular documents is no longer classified or otherwise exempt from disclosure, and therefore will be released to the plaintiff pursuant to the FOIA. Moreover, because of the equities involved, and national security interests at stake, all of the documents potentially impacted by the process described above will require close scrutiny. This will include line-by-line review and further inter-agency consultation. Until this process is complete the Government cannot predict whether or how much information may ultimately be released to the plaintiff. However, once the documents have been re-reviewed, the Government anticipates that it will withdraw its current motion for summary judgment, and file a new motion for summary judgment, supported by new declarations that take into account, as appropriate, relevant information related to declassifications regarding the Government's program under Section 215.

    Accordingly, the Government respectfully requests that the Court continue to hold the pending cross-motions for summary judgment in abeyance until September 6, 2013, at which time the Government will file another status report and will set forth a proposal for further proceedings.[2] In the interim, the Government will continue to assess the impact of the

---

[2] Plaintiff suggests this Court instead adopt the schedule ordered by the Court in *EFF v. Dep't of Justice*, Civ. No. 12-1441 (D.D.C.), which requires any further disclosure be made by August 12, 2013. The Government did not consent to entry of that schedule and respectfully submits it should not serve as a model here. That case involves five, related documents, including a FISC order, a redacted version of that same order, a white paper containing one responsive paragraph, and two statements presented at Congressional hearings. By contrast, the Government's unclassified *Vaughn* index in this case identified 101 separate documents including nineteen that contain one or more of the opinions and/or orders of the FISC that plaintiff asks be reviewed by August 12, as well as 82 other documents that may include an undetermined number of records that would also be subsumed by plaintiff's request for an

Government's recent declassification of information concerning intelligence collection pursuant to Section 215 on both the arguments in the Government's pending Motion for Summary Judgment and the underlying withholdings in this case. The requested period of abeyance attempts to strike the appropriate balance between, on the one hand, moving this case forward to a prompt final resolution and, on the other, affording the Government sufficient time to coordinate the inter-agency review process described above in light of the significant equities and public interests involved. While the Government anticipates that the re-review of documents at issue in this case will extend beyond September 6, 2013, the Government anticipates that, by that date, it will be better able to estimate the time for completing the re-review and for filing briefs in support of renewed motions for summary judgment.

**II.     The Electronic Frontier Foundation's Position**

In 2011, Senator Ron Wyden warned: "When the American people find out how their government has secretly reinterpreted [Section 215 of the] PATRIOT Act, they are going to be stunned and they are going to be angry." 157 Cong. Rec. S3386 (daily ed. May 26, 2011). On June 6, the American people learned of the consequences of that secret reinterpretation — a records collection program that gathers the private communications records of millions of Americans. Now, Defendant asks this Court to allow a further, seemingly limitless delay in releasing the legal interpretation that purportedly justify such a program. EFF urges this Court to reject that request.

The ongoing, public debate on the scope and propriety of the government's surveillance activities vitally depends on the public's access to the records at issue in this case — documents

---

August 12 production. Moreover, many of the officials who are reviewing documents as part of the inter-agency review process discussed herein are the same officials required to re-review the documents at issue in the D.D.C. litigation, and would also be the same officials required to re-review documents in this case should the Court grant plaintiff's request. As noted in footnote 1, *supra*, the Government is prepared to submit *ex parte* for *in camera* review a declaration containing a further, classified discussion of the reasons the Government asks the Court to continue to hold the cross-motions in abeyance until September 6.

Case No. 4:11-cv-05221-YGR
Joint Status Report                                                                                                           4

containing "significant legal analysis or interpretation of Section 215." Pl.'s Cross Mot. for Summ. J. at 5 (ECF No. 41). Now that the records collection program supported by Section 215 has been publicly disclosed and confirmed by the government, *see* DNI Statement on Recent Unauthorized Disclosures of Classified Information (June 6, 2013),[3] there is no valid basis for withholding the *legal analysis* on which that program rests.

Accordingly, EFF respectfully requests an order requiring Defendant, on or before August 12, 2013, to:

(1)  Finalize any declassification determinations for the following responsive records at issue in this case:

   a) Significant opinions or orders of the FISC,[4] and;

   b) Any significant documents, procedures, or legal analyses incorporated into FISC opinions or orders and treated as binding by the Department of Justice or the National Security Agency;[5]

(2)  Release to Plaintiff any non-exempt portions of those records identified in (1)(a) and (b), and;

(3)  Provide a schedule for the declassification review and production of the remaining responsive records at issue in this case.

EFF's suggested course in this case is identical to the approach taken by Judge Jackson in *EFF v. Dep't of Justice*, 12-cv-1441 (D.D.C. filed August 30, 2012), another EFF FOIA case concerning a separate aspect of the NSA's domestic surveillance program. There, the government requested an identical, months-long and indeterminate stay of proceedings, which EFF opposed. *Id.* (ECF No. 14). By minute order on July 9, 2013, Judge Jackson rejected the government's request, ordering it to "assess its position and make any additional disclosures it intends to make" by August 12, 2013. The same approach is equally justified here.

---

[3] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/868-dni-statement-on-recent-unauthorized-disclosures-of-classified-information

[4] EFF believes this includes, but may not be limited to, the following document numbers: 30, 33, 35, 36, 39, 48, 51, 52, 53, 100, 101. *See* Second Supp. Decl. of Mark Bradley, 15-17, 22 (ECF No. 51-1).

[5] EFF believes this includes, but may not be limited to, the following document numbers: 16, 17, 31, 34, 37, 38, 42, 55, 76, 77, and 95. *See id.* at 13, 15-17, 19, 21 (ECF No. 51-1).

EFF respectfully urges this Court to reject the government's attempt to stifle public debate on its domestic surveillance operations by delaying access to the documents at issue in this case. The nation is in the midst of the most far-reaching public debate on surveillance since the 1970s and the proceedings of the Church Committee. Further delay in this case curtails the public's ability to make informed judgments about the legality and propriety of the NSA's spying program. Such restriction is inconsistent with the principles animating FOIA and the significant public interest in disclosure that exists here. If FOIA's fundamental purpose — "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed," *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) — is to have any effect, it is in precisely these circumstances that the law must be forcefully applied.

<u>Defendant Has Had Ample Opportunity to Reconsider Its Position in This Case</u>

On June 10, 2013, EFF agreed to a stipulated request of this Court to hold the summary judgment motions in abeyance, (ECF No. 59), solely to provide Defendant the time and opportunity to consider the effect of the government's declassification decisions on this case. By August 12, 2013, the date EFF proposes for further action here, Defendant will have had over two months to assess that effect. Defendant cannot blame disclosures of classified information that occurred over a month ago to justify an indefinite delay in these proceedings. Two months provides Defendant ample opportunity to review and release approximately twenty documents providing the legal basis for an already-publicly disclosed and confirmed records collection program.

In contrast, Defendant asks this Court to countenance an extension without end — suggesting a vague and amorphous "inter-agency review process" must take place, followed by "re-review" of the records at issue in this case, followed by a further "line-by-line" review of records, then followed by yet *another* inter-agency review process. In effect, Defendant asks this

Court to let public scrutiny and controversy subside before it takes action. Defendant provides no valid justification for such a delay.[6]

Indeed, and in contrast to the extended delay proposed by Defendant, the government has been able to marshal rapid — and public — responses to disclosures in the face of public criticism, often taking steps to *immediately* declassify information. Defendant provides no reason that the government may not proceed with similar promptness here. For example, on June 6, 2013, the *Guardian* and *Washington Post* published previously classified documents —the Section 215 FISC order as well as records concerning surveillance under Section 702 of the FISA Amendments Act. That *same day*, the Director of National Intelligence ("DNI") released two statements confirming and addressing the recent disclosures. *See* DNI Statement on Recent Authorized Disclosures of Classified Information (June 6, 2013); DNI Statement on Activities Authorized under Section 702 of FISA (June 6, 2013).[7]

Two days later, on June 8, the DNI posted a statement and accompanying three-page "fact sheet," providing further description of surveillance activities under Section 702 of FISA. *See* DNI Statement on the Collection of Intelligence Pursuant to Section 702 of the Foreign Intelligence Surveillance Act (June 8, 2013);[8] DNI, *Facts on the Collection of Intelligence Pursuant to Section 702 of the Foreign Intelligence Surveillance Act* (June 8, 2013).[9] The DNI's statement specifically noted that information within the fact sheet had been "declassified for release" in order to "add necessary context to what has been published." *Id*. Additionally,

---

[6] Making matters worse, Defendant offers to explain its request for an open-ended delay through an *in camera*, *ex parte* filing. Defendant provides *no* reason — let alone a reason sufficient to overcome the normal practice of public filings in the courts — for its inability to explain itself on the public record.

[7] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/869-dni-statement-on-activities-authorized-under-section-702-of-fisa

[8] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/872-dni-statement-on-the-collection-of-intelligence-pursuant-to-section-702-of-the-foreign-intelligence-surveillance-act

[9] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/872-dni-statement-on-the-collection-of-intelligence-pursuant-to-section-702-of-the-foreign-intelligence-surveillance-act

administration officials have provided more detail on the NSA's programs in press briefings, interviews, and sworn Congressional testimony over the past month. Administration officials have thus shown an ability to rapidly and publicly responded to recent disclosures in an attempt to quell public criticism: Defendant provides no reason that it cannot act with similar immediacy here.

And, in other litigation, the government has been able to promptly address the effect of the government's confirmations and, accordingly, has declassified information in light of those confirmations. On June 14, 2013, a communications provider filed a motion with the FISC seeking publication of a decision to which it was a party. *See Provider's Unclassified Motion Under FISC Rule 62 for Publication of this Court's Decision and Other Records*, Dkt. No. 105B(g07-01) (filed June 14, 2013).[10] A mere eleven days later, the government was able to respond and confirm that information the provider sought to disclose had been declassified:

> The Government has already determined that, pursuant to EO 13526 section 3.1(d) and the public interest in disclosure of the information in the Motion and due to specific facts related to Movant and to statements that the Government has made in response to recent unauthorized disclosures, the identity of Movant and its association with this case can now be declassified.

*United States' Response to Provider's Motion Under FISC Rule 62 for Publication of this Court's Decision and Other Records*, Dkt. No. 105B (g07-01), at 1-2 (filed June 25, 2013).[11]

The government has thus demonstrated that, when it serves its perceived interests, it can conduct prompt declassification reviews. *See* DNI Statement on Recent Authorized Disclosures of Classified Information (June 6, 2013). It has also demonstrated its ability to act quickly in response to pending litigation. Defendant offers no reason that its classification review of the records at issue in this case cannot be conducted in similar fashion.

---

[10] *Available at* http://www.uscourts.gov/uscourts/courts/fisc/105b-g-07-01-motion-130614.pdf
[11] *Available at* http://www.uscourts.gov/uscourts/courts/fisc/105b-g-07-01-motion-130625.pdf

Case No. 4:11-cv-05221-YGR
Joint Status Report                                                                                                           8

### The Public's Vital Interest in Disclosure of Responsive Records Warrants Proceeding Expeditiously in the Case

Over two years ago, Defendant acknowledged that an "urgency to inform the public" existed about the records at issue in this lawsuit. *See* First Amended Complaint ¶¶ 15, 17, 20, and 30. (ECF No. 9) (describing agency grants of expedited processing). Yet today — two years later — Defendant has failed to disclose even *a single record* shedding light on the ultimate focus of this suit: the secret legal analysis the government relies on to collect the telephone records of millions of innocent Americans. With legislation pending before Congress and an ongoing, national public debate, the "urgency to inform the public" about Section 215's secret interpretation remains as compelling today as it was two years ago.

Thus, further delay in this case is unwarranted and is in neither the public's nor EFF's interest. Defendant provides no valid justification for the lengthy and indefinite delay it requests. Accordingly, EFF respectfully requests the Court enter an order requiring Defendant, on or before August 12, 2013, to: (1) finalize its classification review of specific records; (2) release any non-exempt portions of those records; and (3) provide a schedule for the production of the remaining responsive records at issue in this case.

*****

Dated: July 12, 2013                     Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

MELINDA HAAG
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

  /s/ Steven Y. Bressler
STEVEN Y. BRESSLER D.C. Bar #482492
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone:     (202) 305-0167
Facsimile:      (202) 616-8470
Steven.Bressler@usdoj.gov

*Counsel for the U.S. Department of Justice*

    /s/ Mark Rumold
MARK RUMOLD
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
*Counsel for the Electronic Frontier Foundation*

### DECLARATION

    I, Steven Y. Bressler, hereby declare that I have obtained the concurrence in the filing of this document from the other signatory listed above.  I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of July, 2013, at Washington, D.C.

    /s/ Steven Y. Bressler
STEVEN Y. BRESSLER