STUART F. DELERY
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

 P.O. Box 883
 Washington, D.C.  20044
 Telephone:  (202) 305-0167
 Facsimile:  (202) 616-8470
 Email: Steven.Bressler@usdoj.gov

Attorneys for the United States Department of Justice

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, )<br>)<br>Plaintiff, )<br>     v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, )<br>)<br>Defendant. )<br>)<br>_____) | Case No. 4:11-cv-05221-YGR<br><br>**JOINT STATUS REPORT AND PROPOSED SCHEDULE FOR FURTHER PROCEEDINGS** |

Pursuant to this Court's Order, the parties, plaintiff Electronic Frontier Foundation and defendant the U.S. Department of Justice, provide the Court with this Joint Status Report and Proposed Schedule for Further Proceedings. The parties respectfully advise the Court of the following:

1. Since defendant completed reprocessing of documents responsive to plaintiff's Freedom of Information Act ("FOIA") request on November 18, 2013, the parties have engaged in productive discussions, including exchange of information.

2. In particular, defendant provided plaintiff with a draft index of documents processed pursuant to plaintiff's FOIA request.  The draft index identified the documents, generally including a description of the document, its date, and its length, and for documents withheld in part or in full, identified the FOIA exemptions under which defendant withheld information.

3. At plaintiff's request, defendant also provided plaintiff with a detailed additional description of the categories of information withheld from two sample documents identified by plaintiff.

4. In consideration of this information, plaintiff has determined and informed defendant that plaintiff intends to challenge the withholding of any document withheld in full. Plaintiff also continues to challenge the withholding of information from documents released in part.  However, plaintiff has agreed to withdraw its challenge to the withholding of the following categories of information, as described by defendant in the sample draft *Vaughn* description discussed in paragraph 3, above:

    a. The targets of FBI investigations;

    b. The identity of government declarants;

    c. Operational details about intelligence sources and the FISC's treatment of call detail records collected from such sources;

    d. Operational detail disclosing how the National Security Agency ("NSA") obtains metadata from a specified service provider or providers; and

      e. The identity of FISC employees, or other government employees withheld pursuant to FOIA Exemptions 6 and 7(C).

Plaintiff does not challenge the withholding of information described in (a)-(e) above from either documents withheld in full or from documents released in part. Further, the parties agree that, if/when additional categories of information -- not otherwise described in the draft sample *Vaughn* provided by defendant -- are identified, the parties may discuss the possibility of further narrowing the categories of withheld information plaintiff seeks to challenge.

    5. In the interests of judicial economy and to preserve the parties' resources, plaintiff suggested, and defendant has agreed, that renewed cross-motions for summary judgment should focus on a representative sample of withheld documents consisting of all responsive Orders and Opinions of the FISC.

    6. Therefore, the parties agree and respectfully propose to the Court that further summary judgment briefing will be limited to a representative sample of responsive documents.[1] *See Meeropol v. Meese*, 790 F.2d 942, 958 (D.C. Cir. 1986) (such sampling allows a reviewing court "to extrapolate its conclusions from the representative sample to the larger group of withheld material"). The representative sample will consist of opinions and orders of the FISC. The parties agree that the Court's determinations on the withholding of specific information from the representative sample will "count not simply for" the sample, but for similar information in "non-sample documents still withheld." *Bonner v. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991).

---

[1] The parties also agree summary judgment briefing should include the Office of Legal Counsel opinion previously identified as responsive and withheld under Exemption 5 of FOIA. Because of the *sui generis* nature of the document, the sampling proposed above would not apply.

Case No. 4:11-cv-05221-YGR
Joint Status Report     3

7. The parties have further agreed upon, and respectfully suggest to the Court, the following schedule for briefing renewed cross-motions for summary judgment:

| | |
|---|---|
| Defendant's motion and opening brief: | March 21, 2014 |
| Plaintiff's cross-motion and opening brief: | April 18, 2014 |
| Defendant's cross-opposition and reply: | May 2, 2014[2] |
| Plaintiff's reply: | May 16, 2014 |
| Hearing, if any: | At the Court's convenience |

8. The parties will file, with this Joint Status Report, a Stipulated Request that the Court enter the parties' proposed schedule.

9. Due to a conflict in the schedule of undersigned counsel for defendant with the status conference currently set in this matter for next Monday, February 10, 2014, the parties will also respectfully request, by stipulation, that the Court vacate that conference and reschedule it, should the Court deem rescheduling necessary, for a date on or after February 23, 2014.

//

//

//

//

//

//

---

[2] Defendant notes that preparation of its Vaughn index or other description of documents and supporting declarations in this matter will be a complex and labor-intensive task, involving considerable coordination with other U.S. Government agencies and officials in the Intelligence Community. Defendant joins plaintiff in suggesting this schedule on the assumption that such declarations will be necessary only for defendant's initial filing. Should further declarations be necessary for defendant's cross-opposition and reply, however, defendant respectfully reserves its right to move the Court for an enlargement of time after meeting and conferring with counsel for plaintiff.

Dated: February 3, 2014                          Respectfully submitted,

                                                 STUART F. DELERY
                                                 Assistant Attorney General

                                                 MELINDA HAAG
                                                 United States Attorney

                                                 ELIZABETH J. SHAPIRO
                                                 Deputy Director, Federal Programs Branch

                                                   /s/ Steven Y. Bressler_____
                                                 STEVEN Y. BRESSLER D.C. Bar #482492
                                                 Senior Counsel
                                                 U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 P.O. Box 883
                                                 Washington, D.C. 20044
                                                 Steven.Bressler@usdoj.gov

                                                 *Counsel for the U.S. Department of Justice*


                                                       /s/ Mark Rumold (by permission)
                                                 MARK RUMOLD
                                                    ELECTRONIC FRONTIER FOUNDATION
                                                    815 Eddy St.
                                                    San Francisco, CA  94110
                                                    mark@eff.org

                                                 *Counsel for the Electronic Frontier Foundation*

## CERTIFICATION

       I attest that I have obtained the concurrence of Mark Rumold, counsel for Defendant, in the filing of this document.
                             /s/ Steven Y. Bressler
                             STEVEN Y. BRESSLER

## CERTIFICATE OF SERVICE

       I hereby certify that on February 3, 2014, I caused a copy of the foregoing to be served on counsel for plaintiff via the Court's ECF system.

                             /s/ Steven Y. Bressler
                             STEVEN Y. BRESSLER