Mark Rumold (SBN 279060)
*mark@eff.org*
Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>         Plaintiff,<br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>         Defendant. | Case No. 4:11-cv-05221-YGR<br><br>**SEPARATE STATEMENT OF MATERIAL FACTS SUPPORTING PLAINTIFF'S SECOND CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br>Date:  June 3, 2014<br>Time:  2:00 p.m.<br>Place:  Oakland U.S. Courthouse<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Plaintiff, the Electronic Frontier Foundation, respectfully submits the following separate statement of material facts in support of Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment pursuant to the Court's Standing Order in Civil Cases.

| Issue No. | Cross-Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 1. Defendant previously misrepresented the quantity of classified or otherwise sensitive information in withheld records and the feasibility of segregating and releasing non-exempt material. | Fact 1. Defendant repeatedly asserted that previously withheld documents were exempt in full under Exemption 1.<br><br>Declaration of Mark Bradley ("Bradley Decl."), ¶ 9; Second Supplemental Declaration of Mark Bradley ("Second Suppl. Bradley Decl."), ¶ 9. | |
| | Fact 2. Defendant repeatedly asserted that previously withheld documents were exempt in full under Exemption 3.<br><br>Bradley Decl., ¶ 13; Defendant's Reply Memorandum in Further Response to the Court's Order at 4. | |
| | Fact 3. Defendant repeatedly asserted that no information in the withheld records could be segregated and released without revealing classified information.<br><br>Bradley Decl., ¶ 12; Second Suppl. Bradley Decl., ¶¶ 8-9, 12. | |
| | Fact 4. Subsequently-disclosed opinions of the Foreign Intelligence Surveillance Court contain direct recitations of statutes, non-revealing legal analysis, and descriptions of government misconduct that were reasonably segregable from the original content.<br><br>Order at 11, 12, 14, 17, *In Re Production of Tangible Things from [Redacted]*, BR 08-13 (FISC Mar. 2, 2009); Supplemental Opinion, *In Re Production of Tangible Things From [Redacted]*, BR 08-13 (FISC Dec. 12, 2008) (Second Rumold Decl., Ex. A); Supplemental Order, *In Re Application of the Federal* | |

| | | | |
|---|---|---|---|
| | | *Bureau of Investigation for an Order Requiring the Production of Tangible Things from [Redacted]*, BR 10-82 (FISC Nov. 23, 2010) (Second Rumold Decl., Ex. B). | |
| | 2. Defendant's misrepresentations rise to the level of bad faith and undermine the deference typically afforded agency affidavits. | Fact 1. Defendant's misrepresentations came in direct response to EFF's primary argument—that some non-sensitive information could be segregated and released.<br><br>Plaintiff's Motion for Summary Judgment at 1, 15; Plaintiff's Reply in Support of Cross-Motion at 6; Response to Further Submissions at 4; Bradley Decl., ¶ 12; Second Suppl. Bradley Decl., ¶¶ 8-9, 12. | |
| | | Fact 2. Defendant's misrepresentations came in direct response to an order of this Court.<br><br>Order re: Further Submissions on Cross-Motion for Summary Judgment (ECF No. 49); Second Suppl. Bradley Decl., ¶¶ 8-9. | |
| | | Fact 3. Defendant's misrepresentations were unambiguous and repeated.<br><br>Bradley Decl., ¶¶ 9, 12, 13; Second Suppl. Bradley Decl. ¶¶ 4, 8-9, 12. | |
| | 3. Defendant has failed to segregate and release non-exempt information. | Fact 1. Defendant's assertions concerning the feasibility of segregating and releasing non-exempt information are functionally identical to those asserted previously.<br><br>Second Suppl. Bradley Decl., ¶¶ 10-11; Hudson Decl., ¶¶ 117-118. | |
| | | Fact 2. Defendant's prior representations were untrue. | |

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | *See* Issue #1, Facts 1-4 *supra*. | |
| 1. Scope of issues before the Court | Fact 1:  Plaintiff made its initial FOIA requests to defendant in letters dated June 2, 2011.<br><br>First Am. Compl. ¶ 14, ECF No. 9, Answer to First Am. Compl. ¶ 14, ECF No. 14. | Undisputed. |
| 1. Scope of issues before the Court | Fact 2:  In 2011, plaintiff agreed to limit its request to OLC to legal opinions or memoranda prepared by OLC concerning Section 215.<br><br>Am. Compl. ¶ 18, Answer ¶ 18, Declaration of Paul Colborn ¶¶ 6, 8. | Undisputed. |
| 1. Scope of issues before the Court | Fact 3:  The parties agreed to further narrow the scope of plaintiff's FOIA request by stipulation filed on February 10, 2012, and endorsed by the Court on February 16, 2012.<br><br>ECF Nos. 21 & 22. | Undisputed. |
| 1. Scope of issues before the Court | Fact 4:  By stipulation, the parties agreed to exclude from processing of plaintiff's FOIA request:  (1) drafts of responsive documents for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full;(2) emails concerning such drafts of documents for which a final version is either identified and withheld, or partially released, pursuant to a valid FOIA exemption, or released in full; (3) records that are purely logistical, such as emails between officials attempting to schedule a meeting; (4) acquisition applications and supporting documentation submitted to the Foreign Intelligence Surveillance Court.<br><br>ECF No. 22. | Undisputed. |

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | | |
|---|---|---|---|
| 1. Scope of issues before the Court | Fact 5. In their summary judgment pre-filing letters, the parties memorialized their agreement to further narrow the scope of material that would be subject to summary judgment motions practice.<br><br>Letter from Steven Y. Bressler to the Court dated August 22, 2012, ECF No. 32; Letter from Mark Rumold to the Court dated August 24, 2012, ECF No. 33. | Undisputed. |
| 1. Scope of issues before the Court | Fact 6: The parties agreed that summary judgment motions will deal with the government's withholding of "the following categories of documents created from January 1, 2004 to June 2, 2011 and containing significant legal analysis or interpretation of Section 215: (1) legal opinions or memoranda concerning or interpreting Section 215 of the USA Patriot Act; (2) guidelines for government personnel regarding the use of Section 215; (3) reports provided to Congress by the FBI or DOJ concerning or memorializing the Executive Branch's interpretation or use of Section 215; (4) rulings, opinions or memoranda of the FISC concerning or interpreting Section 215; and (5) legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215. The parties [further] agreed that the following types of documents are excluded from further litigation at this time: (1) email responsive to Plaintiff's FOIA requests or the above categories from the files of NSD; (2) records that are purely logistical; (3) applications and supporting documentation submitted to the FISC; (4) the operational files of the NSD Office of Intelligence and its predecessor, the Office of Intelligence Policy and Review; and (5) records that were previously processed by the FBI in response to FOIA request numbers 1017326 (by the | Undisputed. |

-5-

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | | |
|---|---|---|---|
| | | Electronic Privacy Information Center in 2005) and 1138791 (by EFF in 2010)." ECF No. 32 at 1-2; ECF No. 33 at 2 & n.6. | |
| | 2. Classification of information | Fact 1. In response to unauthorized disclosure of classified information by a former NSA contractor, the Director of National Intelligence ("DNI") declassified certain information regarding the collection of bulk telephony metadata pursuant to Section 215.<br><br>Declaration of Jennifer L. Hudson ¶¶ 15, 21. | Undisputed. |
| | 2. Classification of information | Fact 2. In response to the unauthorized disclosures, the U.S. Government has "engaged in a large-scale, multi-agency review process" to "determine what further information concerning programs under Section 215 and other surveillance programs could be declassified and released consistent with the national security for the purpose of restoring public confidence and better explaining the legal rationale and protections surrounding the programs." The government reprocessed documents responsive to plaintiff's FOIA request as part of this broader review.<br><br>Hudson Decl. ¶¶ 23, 24. | Undisputed. |
| | 2. Classification of information | Fact 3. As a result of this initiative, the DNI exercised his discretion under Executive Order 13526 to declassify and publicly release a number of documents pertaining to telephony metadata collection under Section 215, including over 1,000 pages responsive to plaintiff's FOIA request as well as additional documents outside the scope of that request.<br><br>Hudson Decl. ¶ 26. | Disputed.<br><br>Whether information was validly classified (and, thus, subject to discretionary release) is not a "material fact" but rather a legal conclusion that Plaintiff disputes. Otherwise, undisputed. |

-6-

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 1. Defendant's declarant Jennifer L. Hudson is an Original Classification Authority<br><br>Hudson Decl. ¶ 3. | Undisputed. |
| 4<br>5<br>6<br>7<br>8<br>9 | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 2. Defendant has withheld classified information that relates to intelligence sources, methods, and activities that, if disclosed, could be expected to cause serious or exceptionally grave damage to national security.<br><br>Hudson Decl. ¶¶ 30-119; Classified Hudson Decl. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 3. Defendant has withheld information that would identify telecommunications service providers who were ordered by the FISC to produce to the government business records containing information about communications between telephone numbers. Disclosing whether particular telecommunications companies assisted with NSA intelligence activities could be expected to cause exceptionally grave damage to national security by, inter alia, revealing to foreign adversaries which channels of communication may or may not be secure and, thus, providing a roadmap to avoid U.S. government surveillance and find alternative means to communicate in the course of plotting activity such as terrorist attacks.<br><br>Hudson Decl. ¶ 58-65, 84. | Disputed.<br><br>Defendant has already "officially acknowledged" the telecommunications service providers participating in the NSA's call records program.<br><br>*Counterterrorism, National Security, and the Rule of Law*, at 13, Aspen Security Forum (July 18, 2013) (Remarks of Raj De) (Second Rumold Decl., Ex. C); Geoffrey Stone, *Understanding Obama's NSA Proposals*, Daily Beast (Mar. 27, 2014) (Second Rumold Decl., Ex. D) |
| 26<br>27<br>28 | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 4. Defendant has withheld specific and detailed statistical information that would reveal the scope of bulk telephony metadata collection under Section 215. Disclosing statistics such as the | EFF does not contest the withholding of this information. |

| | | | |
|---|---|---|---|
| | | aggregate number of call detail records collected by the NSA under the Section 215 bulk telephony metadata program would reveal the types of communications that are safe from collection, as well as the scope of the program; and this would allow for possible deduction of the service providers subject to the relevant FISC orders, which, like direct revelation of carriers' identities, could allow adversaries of the United States to devise ways to evade surveillance.<br><br>Hudson Decl. ¶¶ 46-47, 51. | |
| | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 5. Defendant has withheld details related to the bulk collection of signals intelligence with pen register/trap and trace devices pursuant FISA, including the dates and docket numbers of FISC orders or opinions, under a program that ended in 2011. Revealing FISC docket numbers and dates of opinions or orders regarding this program would permit adversaries of the United States to "deduce or infer the time period for which the program was not operational, thereby determining which of their communications (email metadata) may have escaped NSA collection and querying."<br>Hudson Decl. ¶ 71. | EFF does not contest the withholding of this information. |
| | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 6. Defendant has withheld certain information pertaining to an operational technique that the FISC authorized the government to use to query a database of telephony metadata, using certain approved telephone identifiers. Disclosure of this intelligence method would compromise NSA's ability to analyze bulk metadata which, in turn, would hamper the Intelligence Community's "identification of previously unknown persons of interest in support of anti-terrorism efforts" and may allow adversaries of the United | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |

-8-

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | | |
|---|---|---|---|
| | | States to take countermeasures and degrade the effectiveness of the NSA's surveillance and analysis.<br><br>Hudson Decl. ¶¶ 98-103. | |
| | 3. Defendant properly applied FOIA Exemption 1 to withhold classified material. | Fact 7. Defendant has withheld in full five FISC orders that discuss specific techniques authorized by the FISC, the details of the underlying investigations, and details concerning how the government operationally and technically implements the FISC-authorized techniques, which the government continues to employ. Revelation of the intelligence activities or methods described in the FISC orders would allow sophisticated targets of national security investigations to divine what information the United States was collecting at particular times, as well as gaps in surveillance, thus providing a roadmap for evading such surveillance. Details, such as docket numbers, would also allow targets to piece together a fuller picture of the FISC-authorized surveillance in question, and therefore better devise countermeasures. In combination with already-public information this would permit the targets of national security investigations to thwart those investigations, thereby risking serious damage to national security.<br><br>Hudson Decl. ¶¶ 107-108. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| | 4. Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | Fact 1. Defendant has withheld information that would reveal intelligence sources and methods including aggregate numbers of call detail records that would risk disclosure of the identities of service providers who are intelligence sources, the identities of service providers who are intelligence sources, an NSA operational technique, and an intelligence method used to query | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |

-9-

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | | |
|---|---|---|---|
| | | telephony metadata or call detail records.<br><br>Hudson Decl. ¶¶ 50, 65, 79, 83, 87, 111-112. | |
| | 4. Defendant properly applied FOIA Exemption 3 to withhold information exempt from disclosure by statute. | Fact 2. Defendant has withheld information would disclose the organization, activities, and/or functions of the NSA, including the aggregate number of call detail records collected by NSA, the identities of telecommunications providers ordered to produce call detail records to NSA, the dates and scope of NSA collection of data using PR/TT devices, an NSA operational technique, an intelligence method used by NSA to query telephony metadata or call detail records, the name of an internal NSA organization, the name of an NSA intelligence analytic tool, and the name of an NSA database that stores Section 215 metadata.<br><br>Hudson Decl. ¶¶ 49, 52, 54, 62, 71, 80-82, 87, 97, 101. | Disputed.<br><br>Defendant has already "officially acknowledged" the telecommunications service providers participating in the call records program.<br><br>*Counterterrorism, National Security, and the Rule of Law*, at 13, Aspen Security Forum (July 18, 2013) (Remarks of Raj De) (Second Rumold Decl., Ex. C); Geoffrey Stone, *Understanding Obama's NSA Proposals*, Daily Beast (Mar. 27, 2014) (Second Rumold Decl., Ex. D)<br><br>Otherwise, EFF does not contest the withholding of this information. |
| | 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 1. The document withheld pursuant to the deliberative process privilege contains discussion pertinent to pre-decisional matters before Executive Branch agencies.<br><br>Colborn Decl. **&&** 13-21. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| | 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the | Fact 2. OLC has withheld a legal memorandum dated January 4, 2010 prepared by OLC providing confidential legal advice to the Department of | Disputed.<br><br>Plaintiff submits that this is not a "material |

-10-

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | |
|---|---|---|
| deliberative process privilege. | Commerce regarding the interaction between disclosure provisions in the Patriot Act, as amended, and prohibitions on disclosure in the Census Act, 13 U.S.C. §§ 8, 9, 214 (2006).<br><br>Colborn Decl. ¶ 13. | fact" but rather a legal conclusion that Plaintiff disputes. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 3. OLC's withheld memorandum to the Department of Commerce "is pre-decisional because it was prepared by OLC to aid the Department of Commerce in considering what actions to take, consistent with the agency's legal obligations, with respect to the potential disclosure of census information to federal law enforcement or national security officers."<br><br>Colborn Decl. ¶ 15. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 4. OLC's withheld memorandum to the Department of Commerce is deliberative "because it constitutes legal advice from OLC to the Department of Commerce for use in the agency's deliberations regarding how to comply with its legal obligations regarding the confidentiality of census information."<br><br>Colborn Decl. ¶ 15. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 5. Defendant properly applied FOIA Exemption 5 to withhold material protected by the deliberative process privilege. | Fact 5. The OLC legal advice memorandum withheld pursuant to the deliberative process privilege is deliberative in nature, such that its disclosure would harm federal agencies' deliberative processes by chilling free and frank discussions on matters of significant public policy. It contains opinions, recommendations, and comments that were both predecisional and deliberative.<br><br>Colborn Decl. **&&** 13-21. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 6. Defendant properly applied FOIA Exemption 7(E) to | Fact 1. Plaintiff's FOIA request sought only information related to Section 215 of the USA PATRIOT ACT, a tool used | Disputed.<br><br>Plaintiff submits that |

-11-

Case No. 4:11-cv-05221-YGR
Separate Statement of Material Facts Supporting Pltff's Second Cross-Motion for Summary Judgment

| | | |
|---|---|---|
| withhold confidential law enforcement techniques and procedures. | by the FBI, a law enforcement agency, to obtain business record information pursuant to a court order and as part of authorized national security investigations.<br><br>Compl.; Answer | this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 6. Defendant properly applied FOIA Exemption 7(E) to withhold confidential law enforcement techniques and procedures. | Fact 2. The material withheld pursuant to FOIA Exemption 7(E) includes a confidential law enforcement technique used by the Intelligence Community in national security investigations, and details concerning that technique.<br><br>Hudson Decl. ¶¶ 115-117; Classified Hudson Decl. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |
| 7. Defendant properly applied FOIA Exemption 7(A) to withhold information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to interfere with enforcement proceedings. | Fact 1. Defendant has withheld information relating to a pending FBI national security investigation of a single subject that, if disclosed, could reasonably be expected to interfere with the FBI's investigation and/or any eventual prosecution by alerting the target of the investigation.<br><br>Hudson Decl. ¶¶ 93, 95; Classified Hudson Decl. | EFF does not contest the withholding of this information. |
| 8. Defendant has released all non-exempt, segregable material. | Fact 1. The defendant has reviewed the withheld material subject to this Motion and has disclosed all non-exempt information that reasonably could be disclosed.<br><br>Hudson Decl. ¶¶ 115-119; Colborn Decl. ¶ 15. | Disputed.<br><br>Plaintiff submits that this is not a "material fact" but rather a legal conclusion that Plaintiff disputes. |

DATED: April 18, 2014

Respectfully submitted,

By: /s/ Mark Rumold
    Mark Rumold
    Jennifer Lunch
    ELECTRONIC FRONTIER FOUNDATION

-12-

Not applicable

| | |
|---|---|
| 1 | |
| 2 | 815 Eddy Street |
| 3 | San Francisco, CA  94109 |
|   | Telephone: (415) 436-9333 |
|   | Facsimile: (415) 436-9993 |
| 4 | |
| 5 | Attorneys for Plaintiff |
|   | ELECTRONIC FRONTIER FOUNDATION |