UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

ELECTRONIC FRONTIER FOUNDATION,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Case No. 4:11-cv-05221 (YGR)

**DECLARATION OF MARK W. EWING,**
**CHIEF MANAGEMENT OFFICER,**
**OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE**

Pursuant to 28 U.S.C. § 1746, I, Mark W. Ewing, declare the following to be true and correct:

1. I am the Chief Management Officer for the Office of the Director of National Intelligence ("ODNI"). I have held this position since August 2010. I am also the Chief Freedom of Information Act ("FOIA") Officer for the ODNI. Prior to my current position, within the ODNI, I served as Senior Advisor to the Director of the Intelligence Staff, as Assistant Deputy Director for Plans, Policy and Requirements, and as Assistant Deputy Director for Customer Outcomes. Before arriving at the ODNI, I served for five years as Deputy Director of the Defense Intelligence Agency ("DIA") and, prior to DIA, for five years as the Assistant Deputy Chief of Staff for Intelligence, Department of the Army.

2. Through the exercise of my official duties, I have become familiar with this civil action and the underlying FOIA request. I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

3. I am submitting this Declaration in further support of the U.S. Department of Justice's motion for summary judgment in this proceeding. The purpose of this Declaration is to address a statement allegedly made by Geoffrey Stone that was raised in plaintiff's cross-motion for summary judgment and opposition to defendant's motion for summary judgment.

4. Specifically, in plaintiff's papers, in support of an argument that U.S. Government officials have publicly confirmed the participation of certain telecommunications companies in the telephony metadata collection program authorized under Section 215 of the USA PATRIOT Act ("Section 215"), 50 U.S.C. § 1861, plaintiff cites a statement made by Geoffrey Stone, who was a member of the now-defunct President's Review Group on Intelligence and Communications Technologies, in a story titled *Understanding Obama's NSA Proposals,* published by *The Daily Beast* on March 27, 2014.[1] In that story, Mr. Stone wrote: *"Under the telephone metadata program, which was created in 2006, telephone companies like Sprint, Verizon, and AT&T are required to turn over to the NSA, on an ongoing daily basis, huge quantities of telephone metadata involving the phone records of millions of Americans, none of whom are themselves suspected of anything."*

5. Mr. Stone signed a contract with the ODNI to provide his services, without compensation, while on the President's Review Group. That contract was in effect from August

[1] *Available at* http://www.thedailybeast.com/articles/2014/03/27/president-obama-is-trying-to-tame-the-nsa.html.

26, 2013 through January 31, 2014. Mr. Stone also signed a Secrecy Agreement and a Sensitive Compartmented Information ("SCI") Non-Disclosure Agreement.

6. With respect to both the Secrecy and SCI agreements that Mr. Stone signed, as with all similar agreements signed by employees and contractors of various agencies in the Intelligence Community ("IC"), Mr. Stone agreed to submit for review in advance, either during the term of his contract or at any time thereafter, any writing or other preparation in any form that contains any information or material that might be based on information or material received or obtained during the term of his contract that he knows is classified or considered SCI, that is marked classified or SCI, or that is in the process of a classification determination. The purpose of this provision is to give the ODNI and the IC an opportunity to determine whether the relevant information or material that he sought to publicly disclose contains any information that he agreed not to disclose.

7. At no time did Mr. Stone submit this article or any of the statements in it to the ODNI for a pre-publication review. As such, no agency or component of the U.S. Government, including the ODNI, or any part of the IC, reviewed or approved of the statements made by Mr. Stone in that article.

8. I will not comment on the accuracy or inaccuracy of any of Mr. Stone's statements. However, at the time Mr. Stone's article was published he had no affiliation with the ODNI, his contract having expired. Moreover, even during the pendency of Mr. Stone's contract, ODNI Instruction 85.01 provides that no ODNI personnel are authorized to communicate with the media about matters relating to the IC without prior approval of the ODNI Public Affairs Office, which Mr. Stone did not obtain.

I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 1st day of May, 2014.

Mark W. Ewing
Chief Management Officer
Office of the Director of National Intelligence