Mark Rumold (SBN 279060)
*mark@eff.org*
Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
815 Eddy St.
San Francisco, CA 94109
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

Attorneys for Plaintiff
Electronic Frontier Foundation

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | CASE NO. 4:11-CV-05221-YGR <br><br> **THIRD DECLARATION OF MARK RUMOLD IN SUPPORT OF PLAINTIFF'S SECOND CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date:   June 3, 2014 <br> Time:   2:00 p.m. <br> Place:   Courtroom 1 – 4th Floor <br> Hon. Yvonne Gonzalez Rogers |

DECLARATION OF MARK RUMOLD

# DECLARATION OF MARK RUMOLD

1. I am an attorney of record for Plaintiff Electronic Frontier Foundation ("EFF") in this matter. I am a member in good standing of the California State Bar and am admitted to practice before this Court. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of a partially redacted version of: Order Regarding Preliminary Notice of Compliance Incident Dated January 15, 2009, *In Re Production of Tangible Things from [Redacted]*, Dkt. No. 08-13 (FISC Jan 28, 2009) (redactions by Plaintiff).

3. Attached hereto as Exhibit B is a true and correct copy of a partially redacted version of: Order Regarding Preliminary Notice of Compliance Incident Dated January 15, 2009, *In Re Production of Tangible Things from [Redacted]*, Dkt. No. 08-13 (FISC Jan 28, 2009) (redactions by government).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 16th day of May, 2014.

/s/ Mark Rumold
Mark Rumold

# Exhibit A

# Exhibit A

UNITED STATES

FOREIGN INTELLIGENCE SURVEILLANCE COURT

WASHINGTON, D.C.

| | |
|---|---|
| IN RE PRODUCTION OF TANGIBLE THINGS FROM ▮▮▮▮ | Docket Number: ▮▮▮▮ |

**ORDER REGARDING PRELIMINARY NOTICE OF COMPLIANCE INCIDENT** ▮▮▮▮

▮▮▮▮, the Court authorized the government to acquire the tangible things sought by the government in its application ▮▮▮▮ The Court specifically ordered, however, that

███████████████████████████████████████████████████████ solely on the basis of activities that are protected by the First Amendment to the Constitution.

█████████████████████████████

█████████████████, the Department of Justice notified the Court in writing that the government has been █████████████████████████████████████████ in a manner that appears to the Court to be directly contrary to the above-quoted Order and directly contrary to the sworn attestations of several Executive Branch officials. █████████

████████████████████████████████████████████████████████████████████████████████ the Court

HEREBY ORDERS the government to file a written brief with appropriate supporting documentation, █████████████████████████████████ the purpose of which is to help the Court assess whether ███████████████ should be modified or rescinded; whether other remedial steps should be directed; and whether the Court should take action regarding persons responsible for any misrepresentations to the Court or violation ██████████, either through its contempt powers or by referral to appropriate investigative offices.

In addition to any other information the government wishes to provide, the brief shall

---

1 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

specifically address the following issues:[2]

1. █████████████████, who, within the Executive Branch, knew that ████████████████████████████████████████████████████████████████████████████████████████████████████████ Identify each such individual by name, title, and specify when each individual learned this fact.

2. How long has the unauthorized ██████████████

3. How did the unauthorized ██████████████ Fully describe the circumstances surrounding the revelations.

4. The application signed by the Director of the Federal Bureau of Investigation, the Deputy Assistant Attorney General for National Security, United States Department of Justice ("DOJ"), and the Deputy Attorney General of the United States as ██████████████████████████████████████████████████████████████████████████████████████████████████████ each will conduct reviews of this program. ██████████████ ██████████████████ The Court's Order directed such review. ██

---

[2]The government reports in its ██████████████████████████████████████, that it expects to report to the Court ███████████████ "the actions it has taken to rectify this compliance incident." To the extent that report addresses the following questions, the government need not repeat the answers in response to this Order. Instead, the government may refer the Court to the appropriate page or pages of the ██████████████

▬▬▬▬▬▬ Why did none of these entities that were ordered to conduct oversight over this program identify the problem earlier? Fully describe the manner in which each entity has exercised its oversight responsibilities ▬▬▬▬▬▬

5. ▬▬▬▬▬▬

6. ▬▬▬▬▬▬

7. ▬▬▬▬▬▬

The Court is exceptionally concerned about what appears to be a flagrant violation of its Order in this matter and, while the Court will not direct that specific officials of the Executive



Branch provide sworn declarations in response to this Order, the Court expects that the declarants will be officials of sufficient stature that they have the authority to speak on behalf of the Executive Branch.

IT IS SO ORDERED, ▮

REGGIE B. WALTON
Judge, United States Foreign Intelligence
Surveillance Court

# Exhibit B

# Exhibit B

TOP SECRET//COMINT//NOFORN//MR

# UNITED STATES

## FOREIGN INTELLIGENCE SURVEILLANCE COURT

### WASHINGTON, D.C.

| | |
|---|---|
| IN RE PRODUCTION OF TANGIBLE THINGS FROM ▓▓▓▓▓▓▓▓▓▓ | Docket Number: BR 08-13 |

## ORDER REGARDING PRELIMINARY NOTICE OF COMPLIANCE INCIDENT DATED JANUARY 15, 2009

On December 11, 2008, the Court authorized the government to acquire the tangible things sought by the government in its application in Docket BR 08-13. The Court specifically ordered, however, that

> access to the archived data shall occur only when NSA has identified a known telephone identifier for which, based on the factual and practical considerations of everyday life on which reasonable and prudent persons act, there are facts giving rise to a reasonable, articulable suspicion that the telephone identifier is associated with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; provided, however, that a telephone identifier believed to be used by a U.S. person shall not be regarded as associated with ▓▓▓▓▓▓▓▓▓▓

TOP SECRET//COMINT//NOFORN//MR

TOP SECRET//COMINT//NOFORN//MR

██████████████████████████████████████ solely on the basis of activities that are protected by the First Amendment to the Constitution. Docket BR 08-13, Primary Order at 8.

On January 15, 2009, the Department of Justice notified the Court in writing that the government has been querying the business records acquired pursuant to Docket BR 08-13 in a manner that appears to the Court to be directly contrary to the above-quoted Order and directly contrary to the sworn attestations of several Executive Branch officials. See e.g., id., Application at 10-11, & 20-21; Declaration at 8; Exhibit B (NSA 120-Day Report) at 9 & 11-12. Given the massive production authorized by this Order,[1] coupled with the limited information provided thus far by the government, the Court

HEREBY ORDERS the government to file a written brief with appropriate supporting documentation, no later than 10:00 a.m., Tuesday, February 17, 2009, the purpose of which is to help the Court assess whether the Orders issued in this docket should be modified or rescinded; whether other remedial steps should be directed; and whether the Court should take action regarding persons responsible for any misrepresentations to the Court or violation of its Orders, either through its contempt powers or by referral to appropriate investigative offices.

In addition to any other information the government wishes to provide, the brief shall

---

[1] As the government noted in its application, "[i]f authorized, the requested order will result in the production of call detail records pertaining to ████████ telephone communications, including call detail records pertaining to communications of U.S. persons located within the United States who are not the subject of any FBI investigation." Id., Application at 12.

TOP SECRET//COMINT//NOFORN//MR

-2-

TOP SECRET//COMINT//NOFORN//MR

specifically address the following issues:[2]

1. Prior to January 15, 2009, who, within the Executive Branch, knew that the "alert list" that was being used to query the Business Record database included telephone identifiers that had not been individually reviewed and determined to meet the reasonable and articulable suspicion standard? Identify each such individual by name, title, and specify when each individual learned this fact.

2. How long has the unauthorized querying been conducted?

3. How did the unauthorized querying come to light? Fully describe the circumstances surrounding the revelations.

4. The application signed by the Director of the Federal Bureau of Investigation, the Deputy Assistant Attorney General for National Security, United States Department of Justice ("DOJ"), and the Deputy Attorney General of the United States as well as the Declaration of ▬▬▬▬▬, a Deputy Program Manager at the National Security Agency ("NSA"), represents that during the pendency of this order, the NSA Inspector General, the NSA General Counsel, and the NSA Signals Intelligence Directorate Oversight and Compliance Office each will conduct reviews of this program. Docket BR 08-13, Application at 27, Declaration at 11. The Court's Order directed such review. Id.,

---

[2]The government reports in its Forty-five Day Report in Docket BR 08-13, filed on January 26, 2009, that it expects to report to the Court by February 2, 2009, "the actions it has taken to rectify this compliance incident." To the extent that report addresses the following questions, the government need not repeat the answers in response to this Order. Instead, the government may refer the Court to the appropriate page or pages of the February 2nd report.

TOP SECRET//COMINT//NOFORN//MR

-3-

TOP SECRET//COMINT//NOFORN//MR

Primary Order at 12. Why did none of these entities that were ordered to conduct oversight over this program identify the problem earlier? Fully describe the manner in which each entity has exercised its oversight responsibilities pursuant to the Primary Order in this docket as well as pursuant to similar predecessor Orders authorizing the bulk production of telephone metadata.

5.  The preliminary notice from DOJ states that the alert list includes telephone identifiers that have been tasked for collection in accordance with NSA's SIGINT authority. What standard is applied for tasking telephone identifiers under NSA's SIGINT authority? Does NSA, pursuant to its SIGINT authority, task telephone identifiers associated with United States persons? If so, does NSA limit such identifiers to those that were not selected solely upon the basis of First Amendment protected activities?

6.  In what form does the government retain and disseminate information derived from queries run against the business records data archive?

7.  If ordered to do so, how would the government identify and purge information derived from queries run against the business records data archive using telephone identifiers that were not assessed in advance to meet the reasonable and articulable suspicion standard? The Court is exceptionally concerned about what appears to be a flagrant violation of its Order in this matter and, while the Court will not direct that specific officials of the Executive

TOP SECRET//COMINT//NOFORN//MR

TOP SECRET//COMINT//NOFORN//MR

Branch provide sworn declarations in response to this Order, the Court expects that the declarants will be officials of sufficient stature that they have the authority to speak on behalf of the Executive Branch.

IT IS SO ORDERED, this 28th day of January 2009.

REGGIE B. WALTON
Judge, United States Foreign Intelligence Surveillance Court

TOP SECRET//COMINT//NOFORN//MR