# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**,<br><br>   Plaintiff,<br><br>vs.<br><br>**DEPARTMENT OF JUSTICE**,<br><br>   Defendant. | Case No.: 4:11-cv-05221-YGR<br><br>**ORDER RE: PRODUCTION OF DOCUMENTS FOR *IN CAMERA* REVIEW** |

Presently before the Court are the renewed cross-motions for summary judgment on Plaintiff's claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 522, that Defendant is withholding agency records without legitimate justification under any of the limited exemptions in the statute. (Dkt. Nos. 77 and 79.)  The Court has thoroughly reviewed the parties' submissions and heard oral argument on the motions.  The Court has also reviewed *in camera* the *ex parte*, classified version of the declaration of Jennifer L. Hudson, submitted in support of Defendant's summary judgment motion.  Based upon this review, the Court **ORDERS** that Defendant produce pertinent documents for *in camera* review.

In FOIA cases, a court reviews the government agency's decision to withhold records *de novo*, and the government bears the burden of proving records have been properly withheld.  5 U.S.C. § 552(a)(4)(B).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action.'" *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) *quoting* 5 U.S.C. § 552(a)(4)(B).  Thus, when claiming one of FOIA's

exemptions, the agency bears the burden of demonstrating to a reviewing court that withheld information is "clearly exempt." *Birch v. USPS,* 803 F.2d 1206, 1209 (D.C. Cir. 1986).

District courts have broad discretion to order *in camera* inspection of the actual documents the agency seeks to withhold. *See* 5 U.S.C. § 552(a)(4)(B). *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004); *Quinon v. F.B.I.*, 86 F.3d 1222, 1228 (D.C. Cir. 1996). Such *in camera* inspection is particularly necessary when the government agency has not sustained its burden based on its testimony or declarations alone. *Lion Raisins*, 354 F.3d at 1079. *In camera* review is also appropriate where there is evidence to suggest that the agency has not acted in good faith, either within the FOIA action itself or in the underlying activities that generated the records sought. *Quinon*, 86 F.3d at 1228; *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 543 (6th Cir. 2001), cert. denied, 534 U.S. 1334 (2002); *Allen v. Cent. Intelligence Agency*, 636 F.2d 1287, 1298 (D.C. Cir. 1980) overruled on other grounds in *Founding Church of Scientology of Washington, D.C., Inc. v. Smith*, 721 F.2d 828 (D.C. Cir. 1983). Further, in determining whether to undertake an *in camera* review, a court must take into account concerns of judicial economy and the strength of the public's interest in disclosure of the documents sought. *Rugiero,* 257 F.3d at 543; *Allen,* 636 F.2d at 1298.

Here, the Court finds that an *in camera* inspection of the subject documents is warranted. The evidence in the record shows that some documents, previously withheld in the course of this litigation and now declassified, had been withheld in their entirety when a disclosure of reasonably segregable portions of those documents would have been required. Further, the withholding followed an Order from this Court expressing concern that the agency had failed to explain sufficiently why the withheld documents "would be so replete with descriptions of intelligence activities, sources and methods that no portions thereof would contain" reasonably segregable and producible, non-exempt information. (Order Re: Further Submission on Cross-Motion for Summary Judgment, Dkt. No. 49, at 2-3.)

Further, the Court finds that the public's interest in the documents withheld is significant. The scope and legality of the government's current surveillance practices of broad swaths of its citizenry is a topic of intense public interest and concern. "The Freedom of Information Act was aimed at ending secret law and insuring that this country have 'an informed, intelligent electorate.'" *Allen v. Cent. Intelligence Agency*, 636 F.2d 1287, 1299 (D.C. Cir. 1980), citing H.R.Rep.No.1497,

89th Cong., 2d Sess. 12 (1966) U.S.Code Cong. & Admin.News 1966, p. 2419.  In light of this public interest, *in camera* review to assure that the agency is complying with its obligations to disclose non-exempt material is certainly merited.  Finally, as the parties have narrowed the range of documents for review, the burden on judicial resources is not significant.

Based upon the foregoing, Defendant is **ORDERED** to deliver to the Court the following documents for *in camera* inspection to assist the Court in making a responsible *de novo* determination whether the documents are clearly exempt from disclosure under the FOIA:

(1) FISC opinion dated 8/20/2008 (6 pages);

(2) FISC order dated 10/31/2006 (19 pages);

(3) FISC orders dated 2/17/2006 (17 pages);

(4) FISC orders dated 2/24/2006 (8 pages);

(5) FISC orders dated 12/16/2005 (16 pages).

(*See* Dkt. No. 77-2, *Vaughn* Index, at 1-3, Doc. No. 14A, 86J, 89D, 89K, 89S.)

**IT IS SO ORDERED.**

Date: June 13, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**