# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**,<br><br>Plaintiff,<br><br>vs.<br><br>**DEPARTMENT OF JUSTICE**,<br><br>Defendant. | Case No.: 4:11-cv-05221-YGR<br><br>**SECOND ORDER RE: PRODUCTION OF DOCUMENTS FOR *IN CAMERA* REVIEW** |

Presently before the Court are the renewed cross-motions for summary judgment on Plaintiff's claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 522.  (Dkt. Nos. 77 and 79.)  The cross-motions are under submission.

The Court has reviewed *in camera* the *ex parte*, classified Declaration by the Chief of Operations, Office of Intelligence, National Security Division, Department of Justice ("the NSD Declaration").  Defendant argues that it is properly withholding, under FOIA Exemption 5, a memorandum of the Office of Legal Counsel dated January 4, 2010, which provided advice to the Department of Commerce regarding the interaction between disclosure provisions in the Patriot Act, and prohibitions on disclosure in the Census Act ("the Census Memorandum").  (Declaration of Paul Colborn, Dkt. No. 77-5, ¶13.)  Defendants offered the NSD Declaration to explain why the withheld Census Memorandum was submitted to the FISC as part of an application by the Department of Justice, and why it should not be considered an adoption of the Census Memorandum as policy.  (Defendant's Consolidated Opposition/Reply, Dkt. No. 80, at 18.)

Based upon the Court's review of the NSD Declaration, Defendant is **ORDERED** to produce additional pertinent documents for *in camera* review: (1) the Census Memorandum; and (2) the

complete application of the Department of Justice in connection with which the Census Memorandum was submitted to the FISC.

A court has broad discretion to order *in camera* inspection of the actual documents the agency seeks to withhold. *See* 5 U.S.C. § 552(a)(4)(B). *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004); *Quinon v. F.B.I.*, 86 F.3d 1222, 1228 (D.C. Cir. 1996). Such *in camera* inspection is particularly necessary when the government agency has not sustained its burden based on its testimony or declarations alone. *Lion Raisins*, 354 F.3d at 1079.

Here, the NSD Declaration is not sufficient to explain how the Census Memorandum was used as part of the FISC application. The Court needs to see the unredacted Census Memorandum, and the context in which it was offered by Defendant to the FISC, in order to determine whether the Census Memorandum is properly withheld, in whole or in part.

Defendant is **ORDERED** to deliver to the Court for *in camera* inspection forthwith unredacted copies of: (1) the Census Memorandum; and (2) the complete application of the Department of Justice in connection with which the Census Memorandum was submitted to the FISC to assist the Court in making a responsible *de novo* determination whether the withheld documents are clearly exempt from disclosure under FOIA.

**IT IS SO ORDERED.**

Date: July 24, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**